1  OFFICE OF THE GENERAL COUNSEL
   SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
2  THOMAS C. LEE (SBN 104624)
   VICTORIA R. NUETZEL (SBN 115124)
3  300 Lakeside Drive, 23rd Floor West
   Oakland, CA 94612-3534
4  Tel: (510) 464-6034
   Fax: (510) 464-6049
5  EMAIL: TLEE@BART.GOV  **E-filing**

6  Attorneys for Defendant
   San Francisco Bay Area Rapid Transit District
7

8              IN THE UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11

12

13  PAUL MELKER,

              Plaintiff,               Case No.:

14

15       vs.                           NOTICE OF REMOVAL OF ACTION
                                        UNDER 28 U.S.C. SECTION 1441(b)
16  SAN FRANCISCO BAY AREA RAPID        (FEDERAL QUESTION)
    TRANSIT DISTRICT,
17
              Defendant.
18  _____

19       TO THE CLERK OF THE ABOVE ENTITLED COURT:

20       PLEASE TAKE NOTICE that defendant San Francisco Bay Area Rapid Transit District

21  ("BART"), hereby removes to the Oakland Division of this Court the state court action described

22  below.

23       1.      On May 17, 2007, plaintiff, Paul Melker filed an original complaint in the Superior

24  Court of the State of California, in and for the County of Alameda, entitled Paul Melker, Plaintiff, v.

25  San Francisco Bay Area Rapid Transit District, Defendant, Case No. RG07326472.  Attached hereto as

26  Exhibit 1 is a true and correct copy of plaintiff's original complaint.

27       2.      In his complaint, plaintiff alleges causes of action  for: violation of the Civil Rights Act

28  of 1964, as amended:  violation of state statutes prohibiting employment discrimination; wrongful

53086.1                              - 1 -

1  termination in violation of public policy; breach of the implied covenant of good faith and fair dealing;

2  and breach of contract.

3      3.    The first date that defendant BART received a copy of plaintiff's original complaint

4  was when it was served with the summons and complaint on June 21, 2007.

5      4.    Attached hereto as Exhibit 2 is a true and correct copy of Notice to Adverse Party of

6  Removal to Federal Court filed and served herewith.

7                              JURISDICTION

8      5.    This action is a civil action of which this Court has original subject matter jurisdiction

9  under 28 U.S.C. Section 1331 and is one which may be removed to this Court by defendant BART

10  pursuant to the provisions of 28 U.S.C. Section 1441(b) in that it arises under the statutes of the United

11  States.

12                        INTRADISTRICT ASSIGNMENT

13      6.    This action is properly removable to the San Francisco or Oakland Divisions of this

14  Court because it arises out of plaintiff's employment with BART in Oakland, California and plaintiff

15  brought this action in the Superior Court of Alameda County.

16      19.   BART is the only named defendant in this action and is unaware of any Doe defendant

17  that has been served with the summons and complaint.

18      Dated:  July 23, 2007

19                                    OFFICE OF THE GENERAL COUNSEL
                                      SAN FRANCISCO BAY AREA
20                                    RAPID TRANSIT DISTRICT

21

22
                                      By
23                                            Victoria R. Nuetzel
                                           Attorneys for Defendant
24                                    San Francisco Bay Area Rapid Transit District

25

26

27

28

53086.1                            - 2 -

1

DECLARATION OF SERVICE BY U.S. MAIL

2   1.    At the time of service I was 18 years of age and not a party to this action.

3   2.    My business address is 300 Lakeside Drive, 23rd Floor, Oakland, County of Alameda,

4         California.

5   3.    On July 23, 2007, I served the foregoing document on the person below, as follows:

6                        Michael C. Cohen
                        Law Offices of Michael C. Cohen
7                        1814 Franklin Street, Suite 900
                        Oakland, CA 94612
8
                        Attorney for Plaintiff, Paul Melker
9

10        The document was served by the following means:

11        ☒ **By United States mail.** I enclosed the document in a sealed envelope or package addressed

12   to the persons at the address in item 3 and placed the envelope for collection and mailing, following

13   our ordinary business practices. I am readily familiar with the business's practice for collecting and

14   processing correspondence for mailing. On the same day that correspondence is placed for collection

15   and mailing, it is deposited in the ordinary course of business with this United States Postal Service, in

16   a sealed envelope with postage fully prepaid. I am employed in the county where the mailing

17   occurred. The envelope or package was placed in the mail at Oakland, California.

18        I declare under penalty of perjury under the laws of the State of California that the foregoing is

19   true and correct.

20        Nancy C. Raut
          (Type or Print Name of Declarant)                    (Signature of Declarant)

21

22

23

24

25

26

27

28

53086.1

- 3 -

**EXHIBIT 1**


*5690492*

1 | Michael C. Cohen, Esq., Bar No. 65487
**LAW OFFICES OF MICHAEL C. COHEN**
2 | 1814 Franklin Street, Suite 900
Oakland, CA 94612
3 | (510) 832-6436

4 | Attorneys for Plaintiff

FILED
ALAMEDA COUNTY

MAY 17 2007

CLERK OF THE SUPERIOR COURT

BY

DEPUTY

6

7                SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA

8                          UNLIMITED JURISDICTION

9

10 | PAUL MELKER,                          Case No.    RG07326472

11 |            Plaintiff,

COMPLAINT FOR VIOLATION OF
12 | vs.                                   STATE STATUTES PROHIBITING
EMPLOYMENT DISCRIMINATION,
13 | SAN FRANCISCO BAY AREA RAPID          VIOLATION OF TITLE VII OF THE
TRANSIT DISTRICT, aka BART,            CIVIL RIGHTS ACT OF 1964, AS
14 | DOES 1 to 10,                         AMENDED, WRONGFUL TERMINATION
IN VIOLATION OF PUBLIC POLICY,
15 |            Defendants.                BREACH OF IMPLIED COVENANT OF
GOOD FAITH AND FAIR DEALING,
16 | _____/           BREACH OF CONTRACT

17 |                          **DEMAND FOR JURY TRIAL**

18
                              **GENERAL ALLEGATIONS**
19
             Plaintiff, Paul Melker, alleges:
20
             1.   Plaintiff Paul Melker (hereinafter referred to as
21
     "plaintiff") is an African American adult man, who at all
22
     relevant times lived and worked in the county of Alameda, state
23
     of California.
24
             2.   Defendant San Francisco Bay Area Rapid Transit District,
25
     aka BART (hereinafter referred to as "BART")is a Transit
26
     District, situated in Alameda county, State of California, and
27

28 |                                    -1-

1   operating in Alameda County.  Said entity is subject to suit

2   under the California Fair Employment and Housing Act, Government

3   Code §12900 et seq., in that defendant is an employer who at all

4   relevant times regularly employed more than fifty (50) people.

5        3.   BART is subject suit under Title VII of the Civil

6   Rights Act of 1964, as amended.

7        4.   Plaintiff is ignorant of the true names and capacities

8   of the defendants sued herein as DOES 1 to 10, inclusive and

9   therefore sues these defendants by such fictitious names.

10  Plaintiff will amend this complaint to allege their true names

11  and capacities when ascertained.  Plaintiff is informed and

12  believes and thereon alleges that each of the fictitiously named

13  defendants is responsible as hereinafter shown for the

14  occurrences and injuries alleged in this complaint.

15       5.   Plaintiff is informed and believes, and thereon alleges,

16  that at all times herein mentioned, each DOE, defendant named

17  herein was the agent and/or employee of the remaining DOE

18  defendants, and in doing the things hereinafter alleged, was

19  acting within the course and scope of such agency and/or

20  employment.

21       6.   The unlawful employment practices complained of herein

22  occurred in Alameda County, state of California.

23       7.   Plaintiff is a person protected by the California Fair

24  Employment and Housing Act, Government Code §§ 12926, 12940 et

25  seq., in that he is an African American man, and or a disabled

26  employee.

27       8.   Plaintiff is a person protected by Title VII of the

28                                -2-

1 | Civil Rights Act of 1964, as amended.

2 |       9.   Plaintiff began working for defendant on or about March
3 | 12, 2001.  He worked as a Systems Service Worker for BART and he
4 | has performed all of his duties, and the conditions of said
5 | employment, with reasonable competence, consistent with the
6 | practices and policies of BART, from that time until he was laid
7 | off work because of reduction in BART's work force.

8 |       10.  BART recalled plaintiff to return to work on or about
9 | July 15, 2003.  From July 2003 until November 2004, plaintiff
10 | worked for BART, in a permanent position in "System Service".
11 | In November 2004, BART had another reduction in its work force.
12 | At that time, BART allowed plaintiff an election to have his
13 | employment terminated with recall rights for eighteen (18)
14 | months; or to stay employed with BART and "bump" to another job
15 | classification, with indefinite recall rights to his job as a
16 | Systems Service Worker.  Plaintiff elected to stay employed with
17 | BART and "bump" into to a position as a "Utility Worker".

18 |       11.  On May 27, 2005, BART terminated plaintiff's employment
19 | because of plaintiff's disability.  Plaintiff was disabled at
20 | that time because of a mental and substance addiction.  At the
21 | time BART terminated plaintiff's employment, plaintiff was able
22 | to perform the essential duties of his job with or without a
23 | reasonable accommodation.

24 |       12.  Plaintiff developed a chemical dependency in 2004.
25 | He notified BART of his chemical dependency and requested BART to
26 | reasonably accommodate him by allowing him to participate in
27 | BART's employee assistance chemical dependency program.

28 |                              -3-

1    13.   At the time of plaintiff's request, BART had a practice

2  and a policy of reasonably accommodating its employees who were

3  chemically dependent by allowing the employee(s) to participate

4  in a chemical dependency program.

5    14.   BART accommodated plaintiff by allowing plaintiff to

6  participate in a chemical dependency program, aka drug

7  rehabilitation program.

8    15.   After plaintiff started participating in the drug

9  rehabilitation program, he relapsed by resuming his use of the

10  chemical to which he had become dependent.  The nature of

11  chemical dependency is such that it is reasonably anticipated

12  that person(s) suffering from chemical dependency might relapse,

13  and that a relapse is reasonably anticipated to affect the

14  employees participation in the program.  BART's practice and

15  policy, at that time, was to allow its employees who were

16  chemically dependent,"second chance", if the employee(s) relapsed

17  after starting the drug rehabilitation program.

18    16.   Plaintiff, notified BART in or about February 2005,

19  that he had relapsed and he requested BART to give him a second

20  chance to complete the drug rehabilitation program.

21    17.   BART denied plaintiff a "second chance", in violation

22  of its own policies and or past practices.

23    18.   BART failed and refused to reasonably accommodate

24  plaintiff by refusing to give plaintiff a "second chance".

25    20.   In April 2005, BART put a photograph of plaintiff in

26  plain eye view in BART stations, with a statement saying this man

27  is on administrative leave and has violated BART's drug and

28                               -4-



1  alcohol policy and should be approached with caution.  If you see
2  this man call BART police.

3      21.  On or about May 27, 2005, BART unlawfully terminated
4  plaintiff's employment.

5      22.  BART, when it terminated plaintiff's employment treated
6  plaintiff differently than it had treated non African American
7  employees, and or female employees, who were suffering from
8  chemical dependency.

9      23.  BART discriminated against plaintiff because of
10 plaintiff's disability, (mental and substance addiction) when it
11 terminated plaintiff's employment.

12     24.  Plaintiff filed a complaint with the Department of Fair
13 Employment & Housing Department, (hereinafter referred to as
14 "DFEH"), after BART terminated his employment.  A copy of
15 plaintiff's DFEH complaint is marked Exhibit A, attached hereto
16 and incorporated herein by this reference.

17     25.  Plaintiff filed a grievance with his union after BART
18 terminated his employment.  Following an arbitration hearing, the
19 arbitrator ordered BART to reinstate plaintiff to plaintiff's
20 former position with BART, with unbroken seniority.

21     26.  On or about August 15, 2006, when BART reinstated
22 plaintiff's employment, BART reinstated plaintiff to work as a
23 "Utility Worker".  At that time there were positions open in
24 "System Service".

25     27.  Plaintiff had been employed by BART for five years when
26 BART reinstated him.  However, BART reinstated him at a fourth
27 year pay rate instead of a fifth year pay rate.  When plaintiff

28                                  -5-

1  first requested BART to transfer him to "System Service", because
2  of his seniority on the job.  BART refused to do so.  BART placed
3  plaintiff in job assignments that have caused plaintiff's work
4  schedule, his home schedule and his drug recovery schedule to be
5  unstable.

6      28.  Plaintiff filed a complaint with Equal Employment
7  Opportunity Commission, (hereinafter referred to as EEOC; and
8  with DFEH, against BART, because of BART's conduct toward him.  A
9  copy of said complaints are marked Exhibit B, attached hereto and
10  incorporated herein by this reference.

11     29.  Plaintiff is informed and believed and thereon alleges
12  that the actions and failure to act alleged herein was carried
13  out by managerial employees of BART acting in the course and
14  scope of such agency and/or employment.

15     30.  At all relevant times, BART, knew or should have known
16  that its employees and or managerial employee(s), were
17  discriminating against plaintiff because of plaintiff's race,
18  disability, and or retaliating against plaintiff because of
19  plaintiff's prior complaints and that said conduct was unlawful
20  discrimination and or harassing.

21     31.  The actions and failures to act of BART and or DOES
22  1 to 5, inclusive, and each of them, were severe and pervasive
23  such that it created a hostile work environment for plaintiff.

24     32.  BART and DOES 1 to 5, inclusive, and each of them,
25  despite knowledge and or adequate opportunity to learn of the
26  misconduct of its agents and or employees, retained said
27  defendants, agents and or employees in its service, and

28                              -6-

1  thereafter adopted, approved and ratified the acts, omissions and
2  misconduct of said defendants.

3      33.  As a proximate cause of the alleged acts of BART and
4  or DOES 1 to 5, inclusive's, and each of them, plaintiff has
5  suffered emotional distress, loss of income and will continue to
6  suffer emotional distress in the future and lose income in the
7  future income loss, wage loss, incur medical and hospital
8  expenses, and other incidental and out-of pocket expenses, all to
9  plaintiff's damage in an amount to be shown according to proof.

10      34.  Plaintiff hereby demands a jury trial.

11  **FIRST CAUSE OF ACTION**
     **VIOLATION OF GOVERNMENT CODE §12940 et seq.**

12

13      35.  Plaintiff realleges and incorporates by reference
     Paragraphs 1 through 32 of the Complaint as though fully set
14  forth at length herein.

15
16      36.  BART and or Does 1 to 10, and each of them, violated
     plaintiff's legal rights by doing the acts complained of herein;
17  said acts included but are not limited to:

18
19      a. Discriminating against plaintiff on the job because of
     plaintiff's race and or disability and or in retaliation for
20  plaintiff's prior complaints of discrimination;

21
22      b. Harassing plaintiff on the job by creating a hostile work
     environment for plaintiff, because of plaintiff's race, and or
23  gender and or disability and or in retaliation for plaintiff's
24  prior complaints of discrimination;

25
26      c. Denying plaintiff employment opportunities because of his
     race, and or gender and or disability and or in retaliation for
27

28                                -7-

1 | plaintiff's prior complaints of discrimination;

2 |     d. Failing to take all reasonable immediate and appropriate
3 | corrective action to remedy the unlawful employment harassment
4 | and/or discrimination and or retaliation;

5 |     e. Failing to take all reasonable steps necessary to prevent
6 | unlawful discrimination and or harassment and or retaliation from
7 | occurring on the job;

8 |     f. Failing to reasonably accommodate plaintiff for
9 | plaintiff's disability;

10 |     g. Terminating plaintiff's employment, because of
11 | plaintiff's disability, and or race and or gender.

12 |     h. Retaliating against plaintiff for plaintiff's prior
13 | complaints of discrimination.

14 |     37.  In doing each and all of the acts alleged herein, said
15 | BART and or its agents and or employees, acted intentionally,
16 | willfully, and without justification, attempted to and did
17 | deprive Plaintiff of his rights, privileges and immunities
18 | secured to her by the Constitution and laws of the State of
19 | California, particularly his right to be free from discrimination
20 | and/or harassment in employment on the grounds of race as
21 | provided by Government Code §§ 12920, 12921, 12940, et seq., and
22 | Title VII of the Civil Rights Act of 1964, as amended.

23 |     38.  Plaintiff exhausted his administrative remedy prior to
24 | filing his lawsuit herein.

25 |     39.  Plaintiff received a Right To Sue Letter from DFEH, and
26 | then filed his lawsuit herein within one year from the date of
27 | his Right To Sue Letter.  A copy of the Right To Sue Letter is

28 |

1  marked as Exhibit C and Exhibit C-1 and incorporated herein by
2  this reference.

3      40.   BART's conduct proximately caused plaintiff to retain
4  an attorney to represent him and incur attorney fees.  The amount
5  of attorney fees has not been fully determined at this time; the
6  amount of attorney fees will be shown according to proof at the
7  time of trial.

8      41.   BART's conduct and or the conduct of each defendant,
9  alleged herein proximately cause plaintiff to lose income, and
10 employment benefits, and suffer emotional distress, mental
11 anguish, anxiety and worry, and incur attorney fees, and is
12 reasonably certain to proximately cause plaintiff to lose income
13 and suffer emotional distress, mental anguish, anxiety and worry,
14 and incur attorney fees, in the future all to plaintiff's damage
15 in an amount to be shown according to proof.

16     42.   The conduct of BART, and or each defendant, alleged
17 herein was willful, wanton, malicious, and oppressive, in that
18 defendant knew or should have known that its conduct was
19 unreasonable and or illegal.  Furthermore, defendant's acts were
20 carried out in willful and conscious disregard of plaintiff's
21 rights and well-being such as to constitute malicious, despicable
22 conduct within the meaning of California Civil Code §3294,
23 entitling plaintiff to punitive damages in an amount appropriate
24 to punish or make an example of BART.

25                    **SECOND CAUSE OF ACTION**
                   **VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF**
26                 **1964, AS AMENDED**

27     43.   Plaintiff realleges, and incorporates by reference,

28                              -9-

1  Paragraphs 1 through 42 of the Complaint as though fully set

2  forth at length herein.

3      44.  Plaintiff in doing the acts and failing to act as

4  alleged herein violated Title VII of the Civil Rights Act of

5  1964, as amended.

6      45.  Plaintiff filed a timely complaint with EEOC against

7  BART.  A copy of his EEOC complaint is marked Exhibit B, and

8  incorporated herein by this reference.

9      46.  Plaintiff filed his complaint within ninety days of

10  receipt of his Right To Sue Letter from EEOC.  A copy of his

11  Right To Sue Letter I marked as Exhibit D attached hereto and

12  incorporated herein by this reference.

13              **THIRD CAUSE OF ACTION**
            **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
14              **GOVERNMENT CODE §§ 12920, 12921**

15      47.  Plaintiff realleges, and incorporates by reference,

16  Paragraphs 1 through 44 of the Complaint as though fully set

17  forth at length herein.

18      48.  BART's conduct alleged herein violated Government Code

19  section 12920 & 12921.

20              **FOURTH CAUSE OF ACTION**
            **BREACH OF THE IMPLIED COVENANT OF GOOD**
21              **FAITH AND FAIR DEALING**

22      49.  Plaintiff realleges, and incorporates by reference,

23  Paragraphs 1 through 46 of the Complaint as though fully set

24  forth at length herein.

25      50.  Into every employment contract there is an implied

26  covenant of good faith and fair dealing requiring each party to

27  the agreement to refrain from acting in a manner which will

28                              -10-

1 | unfairly deprive the other party from the benefit of the bargain.

2 | 51. BART breached the implied covenant of good faith and

3 | fair dealing by doing the acts and failing to act, as alleged in

4 | this complaint.

5 | 52. As a direct proximate cause of defendants' breach of

6 | said implied contract, plaintiff has lost income and sustained

7 | damages in an amount to be shown at the time of trial. It is

8 | reasonably certain that plaintiff will lose additional income in

9 | the future.

10 |

**FIFTH CAUSE OF ACTION
BREACH OF CONTRACT**

11 |

12 | 53. Plaintiff realleges and incorporates by reference

13 | Paragraphs 1 through 52 of the Complaint as though fully set

forth at length herein.

14 |

15 | 54. Plaintiff, at all times alleged herein this cause of

action was a member of a union. The union to which plaintiff was

16 | a member had entered into a written agreement with BART for the

17 | benefit of its members and BART employees.

18 |

19 | 55. The essential terms the written agreement required BART

to pay plaintiff based on plaintiff's seniority with BART.

20 |

21 | 56. BART has breached the union agreement as set

forth my EEOC complaint dated January 25, 2007. Said complaint

22 | is marked exhibit D, attached hereto and incorporated herein by

23 | this reference.

24 |

25 | 57. Plaintiff complained to the union that BART was

breaching the union agreement regarding its conduct toward

26 | plaintiff's rights to be paid at the rate for 5 year employees

27 |

28 |                                    -11-

1  instead of at the rate for 4 year employees.

2      58.   Plaintiff's union failed to take all reasonable action

3  to enforce the union agreement on behalf of plaintiff.

4      59.   Plaintiff has been forced to file this action for

5  breach of the union contract because his union has failed to take

6  all reasonable action to enforce the union agreement on his

7  behalf.

8                              **PRAYER**

9      **WHEREFORE**, Plaintiff prays for judgement against all

10  Defendants, and each of them as follows:

11      1.   Compensatory and special damages, including damages for

12  mental and emotional distress, in an amount to be determined at

13  the time of trial;

14      2.   Lost income, past and future;

15      3.   Punitive and exemplary damages in an amount appropriate

16  to punish and/or make an example of the Defendants sued

17  individually herein to be determined at trial;

18      4.   Reasonable attorney fees;

19      5.   Costs of suit incurred herein;

20      6.   Prejudgment interest at the legal rate on the amount of

21  Plaintiff's lost wages and employment benefits; and

22      7.   Such other and further relief as the Court deems just

23  and proper.

24  Dated: May 17, 2005            LAW OFFICES OF MICHAEL C. COHEN

25

26                          By: _____
27                              MICHAEL C. COHEN,
                                Attorney for Plaintiff

28                              -12-

 **\* \* \* EMPLOYMENT \* \***

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # _____ |
|---|---|
| | EEOC # _____ |

If dual-filed with EEOC, this form may be affected by the Privacy Act of 1974.

**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC**

COMPLAINANT'S NAME (indicate Mr. or Ms.)
**MELKER, PAUL LAMONT**

| ADDRESS | | | | TELEPHONE NUMBER (INCLUDE AREA C |
|---|---|---|---|---|
| 255 MacArthur Bl #205 | | | | (510) 302-7826 |

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| Oakland | CA | 94610 | Alameda | 001 |

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESI COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

| NAME | | | | |
|---|---|---|---|---|
| B. A. R. T. | | | | |

| ADDRESS | | | | TELEPHONE NUMBER (INCLUDE AREA CC |
|---|---|---|---|---|
| 300 Lakeside Dr | | | | (510) 464-6000 |

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| Oakland | CA | 94612 | Alameda | 001 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])
☐ RACE  ☐ SEX  ☑ DISABILITY  ☐ RELIGION  ☐ NATIONAL ORIGIN/ANCESTRY  ☐ DENIAL OF FAMILY/MEDICAL LEAVE  ☐ SEXUAL ORIENTATION
☐ COLOR  ☐ AGE  ☐ MARITAL STATUS  ☐ MEDICAL CONDITION (cancer or genetic characteristics) ☐ OTHER  (SPECIFY) _____

| NO. OF EMPLOYEES/MEMBERS | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT |
|---|---|---|
| CODE   1000 | TOOK PLACE (month, day, and year) May 27, 2005 | 73 |

THE PARTICULARS ARE:

I.  On May 27, 2005, I was terminated. On March 12, 2001, I was hired as a Utility Worker. At the time of the termination, I was earning $2,400 per month.

II.  Mr. Michael Settles, Human Resource Manager, told me, "I was terminated after I failed to complete a substance abuse rehabilitation program."

III.  I believe I was terminated on the basis of my disability (mental and substance addiction). My belief is based on the following:

A.  In or about December, 2004, I voluntarily participated in a supervised New Bridge Drug Rehabilitation program. The program was scheduled for approximately three (3) to four (4) months.

B.  In or about January, 2005, I was transferred to Kaiser Permanente rehabilitation program.

C.  On or about March 27, 2005, I sustained a temporary medical condition and received emergency medical services.

D.  On or about March 28, 2005, I notified my Rehabilitation Counselor Jeffrey Blair that I received medical treatment which required time off from the program for seven (7) days. Apparently, there was miscommunication between my rehabilitation counselor and my employer. However, I called Mr. Blair on a daily basis to report the status of my medical condition.

Exhibit A

 **\* \* \* EMPLOYMEN**T **\* \***

## COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

DFEH # _____

EEOC # _____

COMPLAINANT'S NAME(S) (indicate Mr. or Ms.)
MELKER, PAUL LAMONT

RESPONDENT'S NAME
B A R T

THE PARTICULARS ARE:

E. In or about March, 2005, Drug and Alcohol Manager, Margaret Saget, notified me prior to the completion of my rehabilitation program that it was time to take the Return to Work te and a return to work.

F. On April 12, 2005, I successfully passed the Return to Work test.

G. On May 27, 2005, I was terminated.



RECEIVED
FEB 10 2006

Department of Fair
Employment and Housing
Oakland District Office

Page 2 of 2

TYPED AND MAILED December 7, 2005

☐ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated    2 / 10 / 06

At    OAKLAND

           City

COMPLAINANT'S SIGNATURE

DFEH-300-01 (12/99)        O:TS:ss
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

DATE FILED:

STATE OF CALIFORNIA



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION COMPLAINT AGAINST SAN
FRANCISCO BAY AREA RAPID TRANSIT DISTRICT

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING COMPLAINT AGAINST SAN
FRANCISCO BAY AREA RAPID TRANSIT DISTRICT

COMPLAINANT:
Paul Melker
2105 McGee Avenue
Berkeley, CA 94703
tele. No. 510-302-7836
SS# 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

CHARGING PARTY: Melker, Paul
EEOC CHARGE # 555-2007-00303
RESPONDENT: Paul Melker .v. Bay Area Rapid Transit District

**RECEIVED**

**JAN 2 5 2007**

**EEOC-OLO**

ADDRESS WHERE NOTICES ARE TO BE SENT:
Michael C. Cohen
Law Offices of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA 94612
tele. NO. 510-832-6436

SUBJECT: Employment discrimination, harassment based on disability, gender, retaliation, failure to
reasonably accommodate

EMPLOYER:
San Francisco Bay Area Rapid Transit District, aka BART.
300 Lakeside Drive
Oakland, CA 94604-2688

JOB TITLE: System Services

San Francisco Bay Area Rapid Transit District, (hereinafter referred to as "BART")
discriminated against me and harassed me on the job because of my race, and or gender and or my
disability. My disability is my chemical dependency to drugs and alcohol. I am one year into recovery
from my chemical dependency. BART has also been retaliating against me because of the prior disability
discrimination claim I filed against BART when BART terminated my employment because of my
disability on May 27, 2005.

After BART terminated my employment on May 27, 2005, I filed a grievance with my union and
a complaint with DFEH for discrimination. Following the union arbitration hearing, the arbitrator
ordered BART to reinstate me to my former position with BART, with unbroken seniority. Prior to
BART terminating my employment, from July 2003 until July 2004, I worked for BART, in a permanent
position in "System Service". In July 2004, because of a reduction in force at BART, I was reassigned to
work in "Utility", with recall rights. On or about August 15, 2006, when BART reinstated my
employment, BART reinstated me to work as a "Utility Worker". At that time there were positions open
in "System Service". I have been employed by BART for five years. However, BART reinstated me at a
fourth year pay rate instead of a fifth year pay rate. When I first requested BART to transfer me to
"System Service", because of my seniority, BART refused to do so. BART has placed me in job
assignments that have caused my work, home and recovery schedule to be unstable.

Exhibit B

 

EEOC CHARGE # 555-2007-00303
CHARGING PARTY: MELKER, Paul
RESPONDENT: Bay Area Rapid Transist District

Paul Melker
Complaint against BART with EEOC & DFEH
Page 2

**Complaints Against BART For BART Conduct Occurring After The Date I Filed My Prior EEOC & DFEH Complaints Against BART:**

The following conduct was done BART to discriminate/harass me because of my disability, and or prior complaints and or gender, and or retaliation for prior complaints of discrimination:

1.  BART has discriminated against me when in interpreting and applying its "return to work seniority policy". In the past, when other BART employees were laid off by BART because of a reduction in force and subsequently reinstated, BART did not change their seniority date to the date they were reinstated to the job. BART interpreted its policy to mean that their seniority continued unbroken as though the employee had never been laid off. When I was laid off by BART because of a reduction in force and subsequently reinstated to the job, BART changed my seniority date to start from the date of my reinstatement to the job. BART interpreted its policy to mean that my seniority was broken as of the date I was laid off, and then started as of the date I was reinstated to the job. BART's differential treatment is based on race, and or retaliation for filing prior complaints of discrimination, and or discrimination based on my disability and or gender;

2.  BART's differential treatment regarding my "seniority" and the way BART is applying its policy about "seniority" when employee is laid off and recalled to work is discrimination based on race, and or retaliation for filing prior complaints of discrimination, and or discrimination based on his disability;

3.  I recently discovered that back in 2002, I was laid off from work out of seniority order;

4.  Steve Duff, M line supervisor, is discriminating/harassing me because of gender, and or retaliation for my prior complaints of discrimination and or my disability. He required me to do 90% of the work and assigned a female co-worker who was worked in my same classification and job designation, and job assignment to do only 10% of the work designated for both of us to do. He gave me an unfair "write up". He waited until the last week I was scheduled to work at the Powell street station and then gave me a "wright up". He did not complain about my work performance for 3 months prior;

5.  Failure to reasonably accommodate and or retaliation : After the arbitrator issued a finding that I was fired from my job without just cause, the arbitrator required BART to reinstate me to my job, and required me to meet with Margaret Saget, BART's Employee Services Representative, and to participate in a substance abuse program. When I met with Ms. Saget after I was reinstated to the job, she gave me a consent to test form to sign. At that time she did not inform me that I needed to sign a written agreement to abide by all its terms and conditions in order to avail myself of its benefits, while I was continuing to participate in New Bridge after care program.
At the time BART unlawfully terminated my employment I had been participating in BART's substance abuse program and attending New Bridge after care program. Ms. Saget should have informed me that I

RECEIVED

JAN 2 6 2007

EEOC - OLO



EEOC CHARGE # 555-2007-00303
CHARGING PARTY: MELKER, Paul
RESPONDENT: Bay Area Rapid Transit District

Paul Melker
Complaint against BART with EEOC and DFEH
Page 3

needed to sign a new agreement to abide by the terms and conditions in order to avail myself of its benefits given but she only gave him a consent to test form to sign. Ms Saget and or BART treated me differently than it treated other similarly situated BART employees, because of my disability, and in retaliation for my prior complaints of discrimination, and retaliation, and failed and refused to reasonably accommodate me for my disability. BART failed to reasonably participate in and or engage with me in an interactive process to reasonably accommodate me for my disability;

6.     · BART has altered my seniority date and pay on several occasions to discriminate against me because of my disability and in retaliation for my prior complaints of discrimination;

7.     BART has been paying me less than I am entitled to be paid based on my seniority in relation to other employees reasonably similarly situated, and performing similar work.;

8.     As of October 2006, I have been working in System Services. However, I am still being paid approximately $21.00, per hr., which is what a "utility worker" earns and I should be paid approximately $26.00 per hr., which is MW1, (Maintenance Worker 1 pay)Utility ;

9.     BART has been under paying me since 2003;

10.    BART has been altering my classification seniority date & district hire date.

11.    BART laid me off work out of order.

I declare under penalty of perjury, pursuant to the laws of the State of California and laws of the United States of America, that the statements herein are true and correct and that this declaration was executed in Oakland, California on January 25, 2007.

Paul Melker

RECEIVED

JAN 2 6 2007

EEOC - OLO



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov

ARNOLD SCHWARZENEGGER, Governor



January 16, 2007

PAUL LAMONT MELKER
2105 Mckee Avenue
Berkeley, CA 94703

RE: E200506M1158+00-p
MELKER/SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT

Dear PAUL LAMONT MELKER:

## NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Complainant Elected Court Action.

Please be advised that this recommendation has been accepted and the case has been closed effective January 16, 2007.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

Exhibit C

ji

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator

cc:    Case File

Sharon C. Moore
Principal Administrative Analyst
SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
300 Lakeside Dr POB 12688
Oakland, CA 94604-2688

DFEH-200-08 (06/06)
MLONGINS

STATE OF CALIFORNIA - State and Consumer Services Agency

ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

| | |
|---|---|
| **H** | 1001 Tower Way, Suite 250<br>Bakersfield, CA 93309<br>(661) 395-2729 |
| **C** | 1320 E. Shaw Avenue, Suite 150<br>Fresno, CA 93710<br>(559) 244-4760 |
| **S/T** | 611 West Sixth Street, Suite 1500<br>Los Angeles, CA 90017<br>(213) 439-6799 |
| **M** | 1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2941 |
| **E** | 2000 "O" Street, Suite 120<br>Sacramento, CA 95814<br>(916) 445-5523 |
| **D** | 1350 Front Street, Suite 3005<br>San Diego, CA 92101<br>(619) 645-2681 |
| **A** | San Francisco District Office<br>1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2973 |
| **G** | 111 North Market Street, Suite 810<br>San Jose, CA 95113<br>(408) 277-1277 |
| **K** | 2101 East Fourth Street, Suite 255-B<br>Santa Ana, CA 92705<br>(714) 558-4266 |

**EEOC Number:**    **555-2007-00303**
**Case Name:**    **Paul Melker v. Bay Area Rapid Transit District**
**Date:**    **January 26, 2007**

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

Exhibit C-1        DFEH-200-03 (07/05)





**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5068 2200

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

March 7, 2007

Mr. Paul Melker
c/o Michael C. Cohen, Esquire
Law Offices of Michael C. Cohen
Attorney at Law
1814 Franklin St., Ste. 900
Oakland, CA 94612

Re:  EEOC Charge Against San Francisco Bay Area Rapid Transit District
     No. 555200700303

Dear Mr. Melker:

Because you filed the above charge with the Equal Employment
Opportunity Commission, and the Commission has determined that it
will not be able to investigate and conciliate that charge within
180 days of the date the Commission assumed jurisdiction over the
charge and the Department has determined that it will not file any
lawsuit(s) based thereon within that time, and because you through
your attorney have specifically requested this Notice, you are
hereby notified that you have the right to institute a civil action
under Title VII of the Civil Rights Act of 1964, as amended, 42
U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be
filed in the appropriate Court within 90 days of your receipt of
this Notice.

This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is
meritorious.

                          Sincerely,

                          Wan J. Kim
                          Assistant Attorney General
                          Civil Rights Division

by        Karen J. Ferguson

                          Karen L. Ferguson
                          Supervisory Civil Rights Analyst
                          Employment Litigation Section

cc:  Oakland Local Office, EEOC
     San Francisco Bay Area Rapid Transit District

                          Exhibit D

**EXHIBIT 2**

1   OFFICE OF THE GENERAL COUNSEL
    SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
2   THOMAS C. LEE (SBN 104624)
    VICTORIA R. NUETZEL (SBN 115124)
3   300 Lakeside Drive, 23rd Floor West
    Oakland, CA 94612-3534
4   Tel: (510) 464-6034
    Fax: (510) 464-6049
5   EMAIL: TLEE@BART.GOV

6   Attorneys for Defendant
    San Francisco Bay Area Rapid Transit District
7

8            IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF ALAMEDA

10                     NORTHERN DIVISION

11

12   PAUL MELKER,

13         Plaintiff,

14                         Case No.: RG07326472

15     vs.

16   SAN FRANCISCO BAY AREA RAPID       NOTICE TO ADVERSE PARTY OF
    TRANSIT DISTRICT,                  REMOVAL OF ACTION

17         Defendant.

18

19         TO PLAINTIFF PAUL MELKER AND HIS ATTORNEY OF RECORD:

20         PLEASE TAKE NOTICE that San Francisco Bay Area Rapid Transit District ("BART"), the

21   defendant in this action, has filed a Notice of Removal of this Action to the United States District

22   Court for the Northern District of California.

23         A copy of the Notice of Removal filed in the Office of the Clerk of the United States District

24   Court for the Northern District of California dated July 23, 2007 is attached hereto as Exhibit A.

25         A copy of this Notice is also being provided to the Superior Court Clerk for the County of

26   Alameda, State of California.

27   //

28   //

- 1 -

                          NOTICE OF REMOVAL TO ADVERSE PARTY

1    Removal of this action is authorized by 28 U. S. C. §1441(b) and pursuant to 28 U.S.C.

2    §1446(d).

3

4    Dated: July 23, 2007.

5                                    OFFICE OF THE GENERAL COUNSEL
                                     SAN FRANCISCO BAY AREA
6                                    RAPID TRANSIT DISTRICT

7

8                                    By:

9                                             Victoria R. Nuetzel
                                              Attorneys for Defendant
10                                   San Francisco Bay Area Rapid Transit District

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

NOTICE OF REMOVAL TO ADVERSE PARTY

1    DECLARATION OF SERVICE BY U.S. MAIL

2    1.    At the time of service I was 18 years of age and not a party to this action.

3    2.    My business address is 300 Lakeside Drive, 23rd Floor, Oakland, County of Alameda,

4    California.

5    3.    On July 23, 2007, I served the foregoing document on the person below, as follows:

6                        Michael C. Cohen
                         Law Offices of Michael C. Cohen
7                        1814 Franklin Street, Suite 900
                         Oakland, CA  94612
8
                         Attorney for Plaintiff, Paul Melker
9

10    The document was served by the following means:

11    ☒ **By United States mail.** I enclosed the document in a sealed envelope or package addressed

12    to the persons at the address in item 3 and placed the envelope for collection and mailing, following

13    our ordinary business practices. I am readily familiar with the business's practice for collecting and

14    processing correspondence for mailing. On the same day that correspondence is placed for collection

15    and mailing, it is deposited in the ordinary course of business with this United States Postal Service, in

16    a sealed envelope with postage fully prepaid. I am employed in the county where the mailing

17    occurred. The envelope or package was placed in the mail at Oakland, California.

18    I declare under penalty of perjury under the laws of the State of California that the foregoing is

19    true and correct.

20        Nancy C. Raut                                    _____
          (Type or Print Name of Declarant)                       (Signature of Declarant)
21

22

23

24

25

26

27

28

- 3 -

NOTICE OF REMOVAL TO ADVERSE PARTY