```
1  OFFICE OF THE GENERAL COUNSEL
   SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
2  THOMAS C. LEE (SBN 104624)
   VICTORIA R. NUETZEL (SBN 115124)
3  300 Lakeside Drive, 23rd Floor West
   Oakland, CA  94612-3534
4  Tel:  (510) 464-6034
   Fax: (510) 464-6049
5  EMAIL:  TLEE@BART.GOV

6  Attorneys for Defendant
   San Francisco Bay Area Rapid Transit District
7
```

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| PAUL MELKER, | Case No.: C07-03762 BZ |
| Plaintiff, | NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORTIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S THIRD, FOURTH, AND FIFTH CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(b)(6)) |
| vs. | |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, | DATE:  September 5, 2007 TIME:  10:00 a.m. |
| Defendant. | COURTROOM: G |

TO: Plaintiff, PAUL MELKER, and his attorney of record herein:

PLEASE TAKE NOTICE that on September 5, 2007 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom G, 15th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendant, SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT ("BART"), will and hereby does, move to dismiss the Third Cause of Action (Wrongful Termination in Violation of Public Policy); Fourth Cause of Action (Breach of the Implied Covenant of Good Faith and Fair Dealing); and Fifth Cause of Action (Breach of Contract) of Plaintiff's complaint.

- 1 -

53276v1

C07-03762 BZ, MOTION TO DISMISS THE 3RD, 4TH AND 5TH CAUSES OF ACTION OF PLAINTIFF'S COMPLAINT

Said motion is made pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) and is based on the grounds that each of these causes of action fails to state a claim upon which relief may be granted for the following reasons:

(1) Plaintiff's claim for wrongful termination in violation of public policy fails to state a claim upon which relief may be granted because BART is immune for liability pursuant to California Government Code Sections 821.6 and 815.2;

(2) Plaintiff's claims for breach of the covenant of good faith and fair dealing and breach of contract fail to state claims upon which relief may be granted because, in California, public employment is held not by contract but by statute and, accordingly, a public employee cannot assert claims predicated upon breach of the implied covenant of good faith and fair dealing or breach of contract.

(3) Plaintiff's claim for breach of contract also fails because plaintiff failed to exhaust his remedies under the collective bargaining agreement between his union and BART, which provides his exclusive remedy for such claims.

This motion is based upon this Notice, the attached Memorandum of Points and Authorities in Support thereof, all pleadings and papers on file herein and such oral and documentary evidence that may be presented at the time of the hearing.

## STATEMENT OF RELIEF REQUESTED

For the reasons set forth herein, defendant BART respectfully requests that this Court enter an order dismissing the third, fourth, and fifth causes of action of Plaintiff's complaint based upon the failure of each to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

Plaintiff is a current employee of BART. He initially commenced his employment on or about March 2001 as a system service worker. He was terminated as a result of a reduction in work force and recalled to work in July 2003 as a system service worker. He was then "bumped" to a position as a utility worker as a result of another reduction in work force in November 2004. Plaintiff's Complaint ("Comp.") ¶¶ 9, 10. In May 2005 Plaintiff was terminated. (Comp. ¶11) Plaintiff filed a grievance

with his union, Service Workers International Union ("SEIU"), Local 790 and, following arbitration, was returned to his position as a utility worker. Comp. ¶¶ 25, 26.

Plaintiff contends, generally, that the actions associated with his May, 2005 termination and certain actions following his return (the rate of pay and the position to which he was returned) constitute discrimination against Plaintiff as a result of his race and /or disability and otherwise created a hostile work environment contrary to Cal. Gov. Code §12940 et. seq. and a violation of Title VII of the Civil Rights Act of 1964.[1]

In addition to the state and federal claims of discrimination, Plaintiff attempts to allege three additional claims: (1) wrongful termination in violation of public policy (third cause of action); (2) breach of the implied covenant of good faith and fair dealing (fourth cause of action); and (3) breach of contract (fifth cause of action).

Plaintiff's third cause of action should be dismissed. Plaintiff cannot, as a matter of law, state a claim for termination in violation of public policy because BART is immune from such claims pursuant to California Government Code §§821.6 and 815.2. *Shoemaker v. Myers* 2 Cal. App.4th 1407, 1422-1423 (1992); *Ross v. San Francisco Bay Area Rapid Transit District* 146 Cal. App. 4th 1507 (2007).

Plaintiff's fourth and fifth causes of actions are also fatally defective because, in California, public employment is held not by contract but by statute and, as a result, public employees cannot state a claim for a breach of the implied covenant of good faith and fair dealing or one for breach of contract. *Kim v. The Regents of the University of California* 80 Cal. App. 4th 160 (2000).

Plaintiff's fifth cause of action is additionally defective because Plaintiff failed to exhaust his remedies under the collective bargaining agreement between SEIU Local 790 and BART, which provides his exclusive remedy for such claims. *Johnson v. Hydraulic Research and Manufacturing Company* 70 Cal.App.3d 675(1977).

---

[1] BART does not, by this motion, address the validity and/or viability of either of these claims. BART contends that each of these claims fails to state facts sufficient to state a claim upon which relief may be granted. The defenses to these claims are based, in part, upon facts not set forth on the face of the complaint and, accordingly, are not the subject of this motion. BART does not intend and cannot be inferred as having waived any potential defense to these claims by proceeding only herein with respect to the 3rd, 4th, and 5th causes of action.

# ARGUMENT

A. <u>Plaintiff cannot assert a viable claim for termination in violation of public policy.</u>

Plaintiff's third cause of action is entitled "Wrongful Termination in violation of public policy." The claim incorporates all prior charging allegations and asserts, simply, that BART's conduct violated Government Code Section 1290 &12921. Comp. ¶48.

Cal. Gov. Code §§12920 and 12921 codifies the public policy that employment within the state of California shall be free of discrimination. The graveman of Plaintiff's claim is that he was wrongfully terminated in May 2005 based on his disability (substance addiction). Comp. ¶11. Thus, he contends that his termination was a violation of the public policy that employment shall be free of discrimination.

A claim for wrongful termination in violation of public policy was first recognized in California in *Tameny v. Atlantic Richfield* 27 Cal. 3d 167 (1980). In *Tameny* the California Supreme Court held that when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action, and recover damages traditionally available in such actions. Although California law recognizes the claim alleged by Plaintiff, nevertheless plaintiff, as a public employee, may not under the circumstances alleged in the complaint pursue such a claim because BART is immune from potential liability where, as here the termination and subsequent reinstatement were subject to an administrative hearing and ruling. Cal. Gov. Code §§821.6, 815.2; *Shoemaker v. Myers* 2 Cal. App. 4th 1407, 1422-23 (1992); *Ross v. San Francisco Bay Area Rapid Transit District* 146 Cal. App. 4th 1507 (2007).[2]

---

[2] Government Code Section 821.6 provides:

"A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause".

And where, as here, the public employee is immune from liability, so is the public entity (Gov. Code § 815.2). Section 815.2 provides:

"Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability".

- 4 -

1    In *Shoemaker,* the plaintiff, an investigator for the Department of Health Services, brought an
2    action against the Department of Health Services, its Director and other officials, claiming that he had
3    been wrongfully discharged in retaliation for his whistle-blowing activities.  Plaintiff alleged that he
4    had been assigned to investigate allegations that certain family planning health centers were using
5    unlicensed personnel to provide services that must be provided by licensed medical professionals.  In
6    his report, plaintiff concluded that the health centers had not only allowed unlicensed personnel to
7    provide medical services, but that the Director of the Department of Health Services, as well as other
8    high-ranking officials, had approved funding for those centers with knowledge of such illegal
9    activities.  Plaintiff Shoemaker further alleged that he was discharged for insubordination when he
10   insisted on his right to representation under the Public Safety Officers Procedural Bill of Rights Act
11   during investigation of a charge of misconduct.  He added that senior officials had stated in effect that
12   they knew that the termination was improper, but that they had wanted to cause plaintiff as much
13   trouble as possible.

14    On remand by the California Supreme Court, the Third District Court of Appeal addressed the
15   issue, among others, whether plaintiff had stated a viable *Tameny* claim, i.e., a claim for wrongful
16   discharge in violation of public policy.  The Court of Appeal concluded that plaintiff had stated a
17   viable *Tameny* claim, but that the public entity defendants were immune from liability under Section
18   821.6:

> "Although we shall conclude plaintiff has stated a *Tameny* claim based on allegations of wrongful discharge in retaliation for activity protected by the whistle-blower statute and exercise of rights afforded by the Public Safety Officers Procedural Bill of Rights [citation] we shall further conclude that as to plaintiff's *Tameny* claim, defendants are entitled to immunity under *Government Code sections 815.2 and 821.6.*"  *Shoemaker* 2 Cal.App.4th at 1413.

The Court explained its conclusion as follows:

> "More recently in *Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426 [2546 Cal. Rptr. 609], the plaintiff, an employee of the Fresno County Social Services Department, was terminated based on allegations he used his position to coerce payment on personal debts.  After a hearing, the civil service commission ordered his reinstatement.  Thereafter, the plaintiff sued the county and two of his superiors alleging, inter alia, breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and inducing breach of contract. [citations omitted].  The court of appeal concluded, insofar as the complaint alleged tort theories of liability, it stated a cause of action within the scope of section 821.6 as to which the defendants were immune from suit.  As described by the court, '[t]he

- 5 -

investigation, the preliminary notice and the proceedings before the civil service commission come within the scope of an "administrative proceeding" as that term is used in Government Code Section 821.6.  <u>It follows that pursuant to section 821.6, [the defendants] are immune from tort liability for any acts done to institute and prosecute the disciplinary proceeding</u>'" Id. at 1422-23 (emphasis added).

The Court of Appeal reiterated:

> "[W]e believe plaintiff's *Tameny* claim is barred by section 821.6 immunity. As a claim for wrongful discharge, it falls squarely within section 821.6 as interpreted by *Hardy, supra,* 48 Cal.2d 577, and *Kemmerer, supra,* 200 Cal.App.3d 1426. Id. at 1425, citing *Kemmerer v. County of Fresno* 200 Cal.App.3d 1426-37 (1988) and *Hardy v. Vial* 48 Cal.2d 577 (1957).

BART's immunity from tort liability was directly addressed in *Ross v. San Francisco Bay Area Rapid Transit District, supra* 146 Cal. App. 4th 1507.  In that action the Court held that BART was immune from tort liability pursuant to Cal. Gov. Code §§ 821.6 and 815.2.  In *Ross* the graveman of Plaintiff's complaint was that that out of discriminatory and retaliatory motives BART employees instituted an investigation, disciplined and terminated a BART employee.  The only distinction between the claims asserted by Ross and by this Plaintiff is that in *Ross* the initial termination resulted from an internal investigation.

Here, Plaintiff was terminated and thereafter filed a grievance.  Following that grievance an arbitration was conducted pursuant to which Plaintiff and BART each presented evidence and submitted the determination to an impartial arbitrator who ordered the Plaintiff reinstated, under certain conditions. Comp. ¶25.  These proceedings are similar to the investigation and disciplinary procedures followed in *Ross v. San Francisco Bay Area Rapid Transit District, supra* 146 Cal. App. 4th 1507; the Civil Service Commission review as discussed in *Kemmerer v. County of Fresno*, *supra* 200 Cal.App.3d 1426, the hearing by the State Personnel Board in *Shoemaker v. Myers, supra* 2 Cal. App. 4th 1407 and clearly constitutes a hearing and administrative process.

Under the circumstances alleged by Plaintiff, BART is immune from liability for a *Tameny* claim and, accordingly, the third cause of action should be dismissed.

//
//
//

    B.    <u>Plaintiff cannot state a claim for breach of the implied covenant of good faith and fair dealing</u>

Plaintiff, in his fourth cause of action, contends that there is a duty of good faith and fair dealing in every employment contract and that BART breached that duty by acting, or failing to act as alleged therein. Comp. ¶¶50, 51. Plaintiff's claim is, however, improperly predicated upon the, incorrect, assumption that his employment with BART, a public employer is governed by contract. It is not.

"In California, public employment is held not by contract, but by statute." *Kim v. The Regents of the University of California* 80 Cal.App.4th 160, 164 (2000). In *Kim,* the Court of Appeal, citing *Miller v. State of California* 18 Cal.3d 808 (1977), reiterated: "Our Supreme Court has made it clear that civil service employees cannot state a cause of action for breach of contract or breach of the implied covenant of good faith and fair dealing." *Kim* at 164. Moreover, "the same general principle of law applies to civil service and non-civil service public employees alike." *Id*., citing *Hill v. City of Long Beach* 33 Cal.App.4th 1684, 1690 (1995). Nor does it make any difference that as here, the terms and conditions of public employment are established by a collective bargaining agreement. Indeed, in *Kim,* plaintiff alleged that she began her employment with the Regents in November 1970, but that from 1981 the terms of her employment were subject to a collective bargaining agreement between the Regents and her union. *Id*. at 162.

There can be no serious question that BART employees are "public employees" within the meaning of *Miller*. Like the Regents of the University of California, BART is a creation of the California legislature. Cal. Pub. Utilities Code §§28500 et. seq. A nine member Board of Directors governs BART. *Id*., §28745. The BART Board of Directors is empowered, among other things, to determine the compensation of all officers and employees (*Id*., §28812); to enter into collective bargaining agreements (*Id*., §28850); and to establish a retirement system for its employees (*Id*., §§28870 et seq.).

Plaintiff is a public employee and, therefore cannot state a cause of action for breach of the implied covenant of good faith and fair dealing arising out of his employment. Plaintiff's fourth cause of action should be dismissed.

### C. Plaintiff cannot state a claim for breach of contract

Plaintiff's fifth cause of action alleges breach of contract. In essence, Plaintiff alleges that the union contract between his union and BART requires him to be paid at a certain level and that BART, in breach of that contract refuses to provide the appropriate rate of pay. As previously discussed, Plaintiff, as a public employee, cannot, as a matter of law, state a claim for breach of contract. *Kim v. The Regents of the University of California, supra* 80 Cal.App.4th at164. This is true even where, as alleged by Plaintiff the terms of that employment are governed by a collective bargaining agreement. *Id.* at 162. Therefore, Plaintiff cannot state a claim for breach of contract and the fifth cause of action should be dismissed.

Plaintiff appears to contend that this claim is not a claim for breach of the employment contract, which is expressly prohibited in *Kim*, but rather constitutes a claim predicated upon a breach of the collective bargaining agreement between SEIU Local 790 and BART, the terms of which he alleges his union has failed to enforce. Comp. ¶58. However, even if Plaintiff could potentially allege a breach of contract claim predicated upon the breach of the collective bargaining agreement, nevertheless, plaintiff is precluded from pursing any such claim because he has failed to file a grievance or otherwise pursue his remedies under the terms of that collective bargaining agreement. *Johnson v. Hydraulic Research and Manufacturing Company* 70 Cal.App.3d 675 (1977).

In *Johnson,* plaintiff was discharged after he was found to have abnormally high levels of secobarbital and amobarbital in his blood. Pursuant to his collective bargaining agreement, plaintiff filed a grievance, which was resolved against him. Thereafter, he requested arbitration but subsequently abandoned it and pursued an action in superior court. The trial court granted summary judgment on the ground that the action was barred by plaintiff's failure to exhaust the grievance and arbitration remedies provided in the collective bargaining agreement. Plaintiff appealed and the Court of Appeal affirmed reasoning:

> "… [T]he collective bargaining agreement governing the employees provided specific, exclusive grievance and arbitration procedures to resolve disputes of this nature. Plaintiff put into motion the grievance and arbitration procedures, but did not pursue them to a final conclusion. Because the procedures established in the collective bargaining agreement were intended to be exclusive, we conclude that plaintiff's failure to exhaust those procedures precludes the present attempt to resort to the courts instead." 70 Cal.App.3d at 679.

The Court of Appeal recognized: "it is well established that a party to a collective bargaining contract which provides grievance and arbitration machinery for the settlement of disputes within the scope of such contract must exhaust the internal remedies before resorting to the courts in the absence of facts excusing such exhaustion." "[T]his rule, which is analogous to the rule requiring the exhaustion of administrative remedies as a condition precedent to resorting to the courts, is based on a practical approach to the myriad problems, complaints and grievances that arise under a collective bargaining agreement. It makes possible the settlement of such matters by a simple, expeditious and inexpensive procedure, and by persons who, generally, are intimately familiar therewith. [citation] The use of these internal remedies for the adjustment of grievances is designed not only to promote settlement thereof, but also to foster more harmonious employee-employer relations. [citation] Such procedures, which had been worked out and adopted by the parties themselves, must be pursued to their conclusion before judicial action may be instituted unless circumstances exist which would excuse the failure to follow through with the contract remedies."

The Court of Appeal further reasoned:

> " [T]he subject matter of the dispute is such that the collective bargaining agreement provided a method of resolving it. Plaintiff should have followed through with those procedures. 'A contrary rule which would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it. It would deprive employer and union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances. If a grievance procedure cannot be made exclusive, it loses much of its desirability as a method of settlement.'" 70 Cal.App.3d at 680.

Plaintiff confirms that the collective bargaining agreement provides for a grievance and arbitration process, noting that this process was followed with respect to his termination in 2005. Comp. ¶25. Apparently in an attempt to excuse his failure to follow that procedure, Plaintiff alleges that he complained to the union and that the union failed to take reasonable action. Comp. ¶¶57, 58. At best, such allegations could potentially give rise to claims against the union; however, they do not excuse Plaintiff's failure to pursue his administrative remedies. Plaintiff should not be permitted to maintain this action after failing to follow the mechanism that could have resolved the problem. *Johnson v. Hydraulic Research and Manufacturing Company, supra* 70 Cal.App.3d at 684.

Plaintiff is, as a matter of law, precluded from pursuing breach of contract claims. Further he has failed to exhaust his remedies under the terms of the collective bargaining agreement. Plaintiff's fifth cause of action should be dismissed.

## CONCLUSION

Plaintiff's third, fourth and fifth causes of action fail to state facts sufficient to state a claim upon which relief may be granted. For the reasons set forth herein it is respectfully requested that this court grant BART's motion to dismiss and order that Plaintiff's third, fourth and fifth causes of action be dismissed and stricken from Plaintiff's complaint.

DATED:  July 30, 2007                    Respectfully submitted,

OFFICE OF THE GENERAL COUNSEL
SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT


By _____
Victoria R. Nuetzel
Attorneys for Defendant
San Francisco Bay Area Rapid Transit District

- 10 -

53276v1

C07-03762 BZ, MOTION TO DISMISS THE 3RD, 4TH AND 5TH CAUSES OF ACTION OF PLAINTIFF'S COMPLAINT