Michael C. Cohen, Esq., Bar No. 65487
LAW OFFICES OF MICHAEL C. COHEN
1814 Franklin Street, Suite 900
Oakland, CA 94612
(510) 832-6436

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO

PAUL MELKER,

    Plaintiff,

vs.

SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, aka BART, DOES 1 to 10,

    Defendants.
_____/

Case No. C07-03762 MMC

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S THIRD, FOURTH, AND FIFTH CAUSES OF ACTIONS FOR FAILURE TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED

Date: September 21, 2007
Time: 9:00 a.m.
Courtroom: 7

**INTRODUCTION**

    Plaintiff hereby opposes defendant's motion to dismiss plaintiff's fourth and fifth causes of actions for failure to state a cause of action upon which relief can be granted.

    Plaintiff, an employee of BART and member of SEIU Local 790 is seeking to recover damages from BART for BART's alleged discrimination in violation of Title VII of the 1964 Civil Rights Act, as amended and violation of California Government Code section 12940 et seq. Plaintiff is also alleging a cause of action for breach of the contract between BART and the union.

Plaintiff has alleged in his complaint that he took all reasonable action to pursue his internal administrative remedy, but he was prevented from pursuing his internal administrative remedy because of his unions unreasonable refusal to process his grievance.  Plaintiff attempted to allege that he requested his union to file a grievance concerning the facts for which he is seeking relief in his complaint herein, but he was prevented from exhausting his internal administrative remedy by his union's arbitrary refusal to pursue his grievance.  If the Court determines that his allegations in the complaint do not sufficiently put BART on notice of plaintiff's claim that his union arbitrarily refused to allow him to exhaust his internal administrative remedy then plaintiff respectfully request leave of court to amend his complaint to cure any defects in that regard.

**ARGUMENT:**

1.  Plaintiff's Fifth Cause of Action states a claim for breach of the contract between BART and plaintiff's union, SEIU, Local 790.  Plaintiff allegedly requested his union to file a grievance on his behalf because of some of BART's actions complained about in plaintiff's complaint.  He took all reasonable action to exhaust his internal administrative remedy and SEIU Local 790 unreasonably refused to process his grievance.  Plaintiff has no alternative but to pursue his claim for breach of contract in the courts because his union refused to assist with his grievance.  Plaintiff has been prevented from exhausting his internal administrative remedy by his union's arbitrary

failure to prosecute his grievance.

Exhaustion of grievance procedures is not required where employees allege the union has arbitrarily refused to take their grievances with the employer to arbitration. "The wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance". <u>Vaca v. Sipes</u>, (1967 386 US 171, 186, 87 S.Ct. 903, 914. <u>Johnson v. Hydraulic Research and Manufacturing Company</u>, 70 Cal. App. 3d 675, the case cited by defendant supports plaintiff's right to resort to the courts for relief when facts excuse his exhausting the internal administrative remedy. Plaintiff's complaint alleges at para. 57, 58, that he complained to the union about BART's violation of the union contract and that the union failed to take reasonable action to enforce the union contract with BART.

2. Plaintiff's Fourth Cause of Action states a claim for breach of the covenant of good faith and fair dealing implied in the contract between BART and plaintiff's union. A covenant of good faith and fair dealing is implied by law in all contracts. Broadly stated, the covenant requires that neither party do anything to deprive the other of the benefits of the agreement. <u>Foley v. Interactive Data Corp.</u>, (1988) 47 C3d 654, 683-684, 254 CR 211, 227-228; Rest. 2d Contracts §205.

3. Plaintiff's Third Cause of Action states a claim for wrongful termination in violation of public policy. Plaintiff concedes that California governmental immunity bars his recovery against BART for this cause of action. See <u>Shoemaker v. Myers</u>, 2 Cal. App. 4th 1407, 1422-1423 (1992); <u>Ross v. San Francisco Bay Area Rapid Transit District</u>, 146 Cal. App. 4th 1507 (2007).

Dated: August 29, 2007            LAW OFFICES OF MICHAEL C. COHEN


                                  By:_____/s/_____
                                        MICHAEL C. COHEN,
                                        Attorney for Plaintiff