1  OFFICE OF THE GENERAL COUNSEL
SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
2  THOMAS C. LEE (SBN 104624)
VICTORIA R. NUETZEL (SBN 115124)
3  300 Lakeside Drive, 23rd Floor West
Oakland, CA  94612-3534
4  Tel:  (510) 464-6034
Fax:  (510) 464-6049
5  EMAIL:  TLEE@BART.GOV

6  Attorneys for Defendant
San Francisco Bay Area Rapid Transit District

7

8

9                        IN THE UNITED STATES DISTRICT COURT

10

11                 NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

12

13                                          Case No.:  C07-03762 MMC
PAUL MELKER,
14
              Plaintiff,                    REPLY TO OPPOSITION TO MOTION TO
15                                          DISMISS PLAINTIFF'S THIRD, FOURTH,
                                            AND FIFTH CAUSES OF ACTION FOR
16       vs.                                FAILURE TO STATE A CLAIM UPON
                                            WHICH RELIEF CAN BE GRANTED
17                                          (FRCP 12(b)(6)) OF DEFENDANT, SAN
                                            FRANCISCO BAY AREA RAPID TRANSIT
18  SAN FRANCISCO BAY AREA RAPID            DISTRICT
TRANSIT DISTRICT,
19                                          DATE:   September 21, 2007
              Defendant.                    TIME:    9:00 a.m.
20                                          COURTROOM:  7

21

22       Defendant, San Francisco Bay Area Rapid Transit District ("BART") submits the following

23  memorandum of points and authorities in reply to Plaintiff's opposition to BART's motion to dismiss

24  Plaintiff's Third Fourth and Fifth Causes of Action:

25                          **STATEMENT OF RELIEF REQUESTED**

26       In response to BART's motion pursuant to FRCP Rule 12(b)(6) seeking dismissal of the third,

27  fourth, and fifth causes of action, Plaintiff concedes that he cannot state a claim for wrongful

28  termination in violation of public policy and agrees to dismissal of that cause of action.  Plaintiff

                                         - 1 -

53605v1

1   opposes the dismissal of the fourth and fifth causes of action asserting that he has stated viable claims

2   for breach of the implied covenant of good faith and fair dealing and breach of contract.  Plaintiff's

3   opposition disregards the operative law.  Plaintiff is a public employee and, as such, his employment is

4   by statute and not by contract.  To the extent that Plaintiff attempts to assert that his claim is predicated

5   upon the Union's failure to act on his behalf, then his claims are more properly addressed to the union,

6   and not to BART.  BART's motion to dismiss the fourth and fifth causes of action should be granted.

7                              **PRELIMINARY STATEMENT AND FACTUAL BACKGROUND**

8          As noted, Plaintiff concedes that governmental immunity bars his right to recovery to claim

9   termination in violation of public policy and therefore the third cause of action should be dismissed.

10  Plaintiff 's fourth and fifth causes of actions are also fatally defective because, in California, public

11  employment is held not by contract but by statute and, as a result, public employees cannot state claims

12  for either breach of the implied covenant of good faith and fair dealing or breach of contract.  *Kim v.*

13  *The Regents of the University of California* 80 Cal.App.4th 160 (2000).

14         Plaintiff in opposition to BART's motion contends that he is entitled to pursue a claim for

15  breach of contract because his union allegedly failed and refuses to pursue his grievance and therefore

16  his action is one to enforce the terms of the collective bargaining agreement.  If that is, in fact, correct,

17  then Plaintiff's claim for breach of contract is against his union and not against BART.  Plaintiff does

18  not dispute that he is a public employee.  It is well settled that a public employee cannot state a claim

19  for breach of the implied covenant of good faith and fair dealing.  *Shoemaker v. Myers* 52 Cal.3d 1, 23-

20  24 (1990).  Moreover, a public employee has no right to proceed against his employer for breach of

21  contract.  *Miller v State of California* 18 Cal.3d 808, 813 (1977).

22                                              **ARGUMENT**

23         A.      <u>Plaintiff cannot state a claim for breach of the implied covenant of good</u>
                    <u>faith and fair dealing.</u>
24

25         Plaintiff's fourth cause of action alleges that there is a duty of good faith and fair dealing in

26  every employment contract and that BART breached that duty by acting, or failing to act, as alleged

27  therein.  Comp. ¶¶50, 51.  The allegations of the complaint clearly indicate that the claim is predicated

28  upon the alleged employment contract between Plaintiff and BART.  Comp. ¶51.

- 2 -

C07-03762 MMC, REPLY TO OPPOSITION TO MOTION TO DISMISS

53605v1

1    Plaintiff does not dispute that he is a public employee.  As such it cannot be disputed that his

2    employment is governed not by contract but by statute.  *Kim v. The Regents of the University of*

3    *California* 80 Cal.App.4th 160, 164 (2000).  In *Kim,* the Court of Appeal, citing *Miller v. State of*

4    *California* 18 Cal.3d 808 (1977), reiterated:  "Our Supreme Court has made it clear that civil service

5    employees cannot state a cause of action for breach of contract or breach of the implied covenant of

6    good faith and fair dealing."  *Kim* at 164 (emphasis added).

7    Plaintiff contends that pursuant to *Foley v Interactive Data Corp.* 47 Cal.3d 654 (1988) all

8    contracts contain a duty of good faith and fair dealing and therefore he is entitled to pursue that claim

9    based upon the contract between BART and his union.  This reliance upon *Foley* is misplaced.  *Foley*

10   dealt with private, not public, employment, and therefore, does not provide public employees with a

11   right to pursue a claim for breach of the implied covenant.

12   In *Kim,* Plaintiff had argued that she was entitled to pursue claims for breach of the implied

13   covenant of good faith and fair dealing pursuant to *Foley*.  The court evaluated that claim and

14   specifically held that that *Foley* did not apply to public employees.  See *Shoemaker v Myers* 52 Cal.3d

15   1, 23-24 (Public employees have no right to assert a claim for breach of contract or breach of the

16   implied covenant of good faith and fair dealing); see also *Scott v. Solano County Health and Social*

17   *Services Department* 459 F. Supp. 959, 967 (E.D CA, 2006) ("Given that plaintiff was a public

18   employee whose term of employment is governed by statute she cannot state a cause of action for

19   breach of the implied covenant of good faith and fair dealing."); *Barefield v California State*

20   *University* U. S. Dist. Lexis 21677 (E.D. CA, 20006) (Order granting motion to dismiss, without leave

21   to amend, claims for breach of contract and breach of the implied covenant of good faith and fair

22   dealing alleged by a public employee).

23   The plaintiff in *Kim,* just as the Plaintiff in this action, was subject to the terms of a collective

24   bargaining agreement.  Therefore, the ruling in *Kim* is dispositive.  A public employee, regardless of

25   whether that employment is governed by the terms of a collective bargaining agreement, cannot, as a

26   matter of law, assert a claim for breach of the implied covenant of good faith and fair dealing arising

27   out of his employment.  Plaintiff's fourth cause of action should be dismissed.

28

- 3 -

C07-03762 MMC, REPLY TO OPPOSITION TO MOTION TO DISMISS

1        B.     <u>Plaintiff cannot state a claim for breach of contract.</u>

2   Plaintiff's fifth cause of action alleges breach of contract.  In essence, Plaintiff alleges that the

3   union contract between his union and BART requires him to be paid at a certain level and that BART,

4   in breach of that contract refused to provide the appropriate rate of pay.  As previously discussed,

5   Plaintiff, as a public employee, cannot, as a matter of law, state a claim for breach of contract.  *Kim v.*

6   *The Regents of the University of California, supra* 80 Cal.App.4th at 164.  This is true even if the terms

7   of that employment are governed by a collective bargaining agreement. *Id.* at 162.  See also *Miller v.*

8   *State of California* 18 Cal.3d 808 (1977); *Shoemaker v Myers* 52 Cal.3d 1 (1990).

9   BART's motion to dismiss this claim is predicated upon the well-established principle that a

10  public employee cannot state a claim for breach of contract and alternatively, based upon Plaintiff's

11  failure to exhaust his administrative remedies pursuant to the collective bargaining agreement.

12  Plaintiff's opposition assumes, without support, that Plaintiff may assert a claim for breach of the

13  collective bargaining agreement between BART and his Union and that he should not be required to

14  exhaust his administrative remedies because the Union has failed and refused to pursue a grievance on

15  his behalf.

16  Plaintiff relies upon *Vaca v Sipes* 386 U.S. 171 (1967) for the proposition that an employee

17  may sue his employer directly without exhausting his administrative remedies if the union has refused

18  to pursue those remedies on his behalf.  In *Vaca*, the plaintiff brought an action against his <u>union</u> for

19  the alleged failure to enforce the terms of a collective bargaining agreement.  The court below entered

20  judgment for the union on the ground that the suit involved an unfair labor practice and was therefore

21  within the exclusive jurisdiction of the National Labor Relations Board.  The state Supreme Court then

22  reversed, holding that Plaintiff could recover from the union, and the U.S. Supreme Court reversed the

23  state Supreme Court holding that the union could not be liable because the plaintiff had failed to

24  present evidence that the union acted arbitrarily or in bad faith.  While the Court in *Vaca* did indicate

25  that, under some circumstances, the failure to exhaust administrative remedies could be excused, the

26  employer was not a party to the action and, more importantly, the plaintiff was not a public employee.

27  Therefore the underlying question, whether a public employee could bring a direct cause of action for

28  breach of contract, was not addressed.

- 4 -

53605v1

1    In this action, Plaintiff is a public employee.  He has no right to proceed against BART for

2  breach of contract.  *Miller v State of California* 18 Cal.3d 808, 813 (1977); *Shoemaker v Myers* 52

3  Cal.3d 1, 23-24 (1990).  This same principle applies to civil service and non-civil service employees

4  alike.  *Hill v City of Long Beach* 33 Cal.App.4th 1684, 1690 (1995).  More importantly, the same

5  principle applies where the plaintiff is subject to a collective bargaining agreement. *Kim v Regents of*

6  *the University of California, supra* 80 Cal.App.4th at 162.  Plaintiff's claim, to the extent that he

7  asserts the union refused to pursue a grievance on his behalf, is one more properly addressed to the

8  union and not to BART.

9    Plaintiff's employment and the terms of that employment are governed by statute.  As a matter

10  of law, Plaintiff cannot state a claim against BART for breach of contract and, accordingly the fifth

11  cause of action should be dismissed.

12  **CONCLUSION**

13    Plaintiff has conceded that the third cause of action fails to state facts sufficient to state a claim

14  upon which relief may be granted and therefore that cause of action should be dismissed.  In addition,

15  Plaintiff has failed to demonstrate his ability to assert claims for breach of the implied covenant or

16  breach of contract.  For the reasons set forth herein, it is evident that Plaintiff, as a public employee,

17  cannot state claims for breach of contract or for breach of the duty of good faith and fair dealing and

18  therefore the fourth and fifth causes of action should be dismissed and stricken from Plaintiff's

19  complaint.

20

21  DATED:  September 6, 2007                    Respectfully submitted,

22                                              OFFICE OF THE GENERAL COUNSEL
                                                SAN FRANCISCO BAY AREA RAPID TRANSIT
23                                              DISTRICT

24

25                                              By _____ /s/ Victoria R. Nuetzel _____

26                                                      Victoria R. Nuetzel
                                                        Attorneys for Defendant
27                                              San Francisco Bay Area Rapid Transit District

28

- 5 -

53605v1