United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    PAUL MELKER,                              No. C-07-3762 MMC

12              Plaintiff,                      **ORDER GRANTING DEFENDANT'S**
                                                **MOTION TO DISMISS; VACATING**
13        v.                                    **HEARING**

14    SAN FRANCISCO BAY AREA RAPID
      TRANSIT DISTRICT,
15
                 Defendant
16    _____/

17

18        Before the Court is defendant San Francisco Bay Area Rapid Transit District's

19    ("BART") "Motion to Dismiss Plaintiff's Third, Fourth, and Fifth Causes of Action for Failure

20    to State a  Claim Upon Which Relief Can Be Granted (FRCP 12(b)(6))," filed July 30, 2007,

21    as amended August 17, 2007.  Plaintiff Paul Melker has filed opposition, to which BART

22    has replied.  Having considered the parties' submissions in support of and in opposition to

23    the motion, the Court deems the matter suitable for decision thereon, VACATES the

24    hearing scheduled for September 21, 2007, and rules as follows:

25        1.  The Third Cause of Action, alleging a claim for wrongful termination under state

26    law, is subject to dismissal; plaintiff "concedes" such claim is "bar[red]" by "governmental

27    immunity."  (See Pl.'s Opp., filed August 30, 2007, at 4:2-4.)

28        2.  The Fourth Cause of Action, alleging a claim for breach of the implied covenant

1    of good faith and fair dealing, is subject to dismissal.  Although plaintiff alleges the terms of

2    his employment are governed by a collective bargaining agreement ("CBA"), any claim he

3    has for violation of the terms of said contract is governed by state law, because BART is

4    not subject to the Labor Management Relations Act ("LMRA").  See 29 U.S.C. § 152(2)

5    (holding "employer" for purposes of LMRA does not include political subdivisions of state);

6    San Francisco Bay Area Rapid Transit Dist. v. Superior Court, 97 Cal. App. 3d 153, 161

7    (1979) (holding BART, as political subdivision of State of California, is exempt from LMRA).

8    Under state law, "public employment is held not by contract, but by statute," even where

9    the terms of employment are governed by a CBA, and, consequently, a state employee is

10   limited to those remedies available under "statute or ordinance."  See Kim v. Regents of the

11   University of California, 80 Cal. App. 4th 160, 163-65 (2000) (holding's public employee's

12   claim for breach of implied covenant of good faith and fair dealing, predicated on theory she

13   was entitled to overtime in light of provisions in CBA, properly dismissed; observing

14   employee's remedies limited to those "provided by statute or ordinance").

15          3.  The Fifth Cause of Action, alleging a claim for breach of contract, is subject to

16   dismissal.  As noted, plaintiff cannot seek a remedy for breach of the CBA, but, rather, is

17   limited to remedies available under statute or ordinance.  See id.

18                                          **CONCLUSION**

19          For the reasons stated, BART's motion to dismiss is hereby GRANTED, and the

20   Third, Fourth, and Fifth Causes of Action are DISMISSED without leave to amend.

21          **IT IS SO ORDERED.**

22

23   Dated:  September 10, 2007                    _____

24                                                 MAXINE M. CHESNEY
                                                   United States District Judge

25

26

27

28

                                                2