OFFICE OF THE GENERAL COUNSEL
SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
THOMAS C. LEE (SBN 104624)
VICTORIA R. NUETZEL (SBN 115124)
300 Lakeside Drive, 23rd Floor West
Oakland, CA  94612-3534
(510) 464-6023
(510) 464-6049 (Fax)
vnuetze@BART.gov

Attorneys for Defendant
San Francisco Bay Area Rapid Transit District


Michael C. Cohen
Law Offices of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA  94612
510/832-6436
510/832-6439 (Fax)
mcohen@cohenlegalfirm.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| PAUL MELKER,<br><br>            Plaintiff,<br><br>     vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>            Defendant. | Case No.:  C07-03762 MMC<br><br>CASE MANAGEMENT STATEMENT (JOINT)<br><br>DATE:  November 30, 2007<br>TIME:   10:30 a.m.<br>COURTROOM:  7 |

Pursuant to the Standing Order of the United States District Court, Northern District of California, Plaintiff, Paul Melker ("Melker") and Defendant, San Francisco Bay Area Rapid Transit District ("BART") submit the following Joint Case Management Conference Statement:

**1.     JURISDICTION AND SERVICE:**

This matter was removed from state court.  Jurisdiction is predicated upon 28 U.S.C. §1441(b). All parties have been served and have appeared.

- 1 -

**2.    FACTS:**

**DEFENDANT'S STATEMENT OF FACT:**

Plaintiff is a current employee of BART.  He initially commenced his employment on or about March 2001 as a system service worker.  He was terminated as a result of a reduction in work force and recalled to work in July 2003 as a system service worker.  He was then "bumped" to a position as a utility worker as a result of another reduction in work force in November 2004.  Plaintiff self-referred to a substance abuse program and was terminated in May 2005 based upon his failure to return to work in accordance with the program requirements.  Plaintiff filed a grievance related to that termination with his union, Service Workers International Union (Local 790) and, following arbitration, was returned to his position as a utility worker.  Plaintiff contends that the actions associated with his May 2005 termination and certain actions following his return (the rate of pay and the position to which he was returned) constitute discrimination as a result of his race and /or disability and otherwise created a hostile work environment contrary to Cal. Gov. Code §12940 et. seq. and a violation of Title VII of the Civil Rights Act of 1964.  Defendant denies these allegations.

**PLAINTIFF'S STATEMENT OF FACT:**

In April 2005, BART caused a photograph of plaintiff to be placed plain eye view in BART stations, with a statement saying this man is on administrative leave and has violated BART's drug and alcohol policy and should be approached with caution.  If you see this man call BART police.

Plaintiff voluntarily participated in a drug rehabilitation program with BART and BART failed and refused to reasonably accommodate plaintiff's disability.  On May 27, 2005, BART terminated plaintiff's employment because of plaintiff's disability.  Plaintiff was disabled at that time because of a mental and substance addiction.  At the time BART terminated plaintiff's employment, plaintiff was able to perform the essential duties of his job with or without a reasonable accommodation.

BART, when it terminated plaintiff's employment treated plaintiff differently than it had treated non African American employees, and or female employees, who were suffering from chemical dependency and who had voluntarily submitted to BART's drug rehabilitation program.

Plaintiff filed a grievance with his union after BART terminated his employment.  Following an arbitration hearing, the arbitrator ordered BART to reinstate plaintiff to his former position with

BART, with unbroken seniority.

On or about August 15, 2006, when BART reinstated plaintiff's employment, BART reinstated plaintiff to work as a "Utility Worker." At that time there were BART positions open in System Service."

When plaintiff first requested BART to transfer him to "System Service", based on his seniority on the job. BART refused to do so. BART refused to allow plaintiff to work in "System Service" in retaliation against plaintiff because plaintiff filed a complaint of discrimination against BART. Plaintiff had been .employed by BART for five years when BART reinstated him. However, BART reinstated him at a fourth year pay rate instead of a fifth year pay rate. BART placed plaintiff in job assignments that caused plaintiff's work schedule, his home schedule and his drug recovery schedule to be unstable. BART did these acts in retaliation against plaintiff because plaintiff filed his complaint of discrimination against BART.

BART failed to take all reasonable action to stop the discrimination against plaintiff and or the retaliation against plaintiff from occurring.

**3.    LEGAL ISSUES:**

BART contends that, as a matter of law, Plaintiff is precluded from pursuing these claims because the terms and conditions under which he was to return to work are governed by the arbitration award and the grievance procedures which constitute his exclusive remedy. BART further contends that as a matter of law, plaintiff has not and cannot allege an adverse employment action sufficient to constitute a claim under §12940 et. seq.

**4.    MOTIONS:**

BART filed a Motion to Dismiss pursuant to FRCP, Rule 12(b) (6) which resulted in the dismissal of the third, fourth and fifth causes of action. BART additionally anticipates bringing a motion for summary judgment related to plaintiff's remaining claims.

**5.    AMENDMENT OF PLEADINGS:**

No amendment of the pleadings is currently anticipated.

**6.    EVIDENCE PRESERVATION:**

BART has taken all steps to ensure that relevant documents are not lost or destroyed through its

ordinary business practice.

**7. DISCLOSURES:**

The parties have exchanged FRCP, Rule 26, initial disclosures.

**8. DISCOVERY:**

Other than the exchange of initial disclosures no discovery has been conducted to date. Defendant BART anticipates that it will take plaintiff's and perhaps one other deposition and the deposition of any experts that may be disclosed by plaintiff in the future.

Plaintiff anticipates serving BART with a request for production of documents; serving BART with a set of interrogatories and taking depositions of PMK witnesses to establish BART's discrimination against plaintiff; BART's failure to reasonably accommodate plaintiff; BART's retaliation against plaintiff; BART's failure to take all reasonable action to stop the discrimination against plaintiff.

**9. CLASS ACTIONS:**

This is not a class action case.

**10. RELATED CASES:**

There are no related cases.

**11. RELIEF:**

Plaintiff seeks the following relief:  Plaintiff is seeking emotional distress damages in the amount of $1,000,000; lost income past and future in the amount of $200,000.00; punitive damages in the amount of $3,000,000; and reasonable attorney fees.

BART does not seek affirmative relief.

**12. SETTLEMENT AND ADR:**

The parties have not engaged in any settlement discussions.  The parties have agreed to participate in mediation

**13. CONSENT TO MAGISTRATE:**

Plaintiff has previously declined to proceed before a Magistrate Judge.

**14. OTHER REFERENCES:**

As noted the parties have agreed to participate in mediation. In the event that mediation is not

successful the parties are willing to consider other alternative ADR.

15. **NARROWING OF ISSUES:**

It is anticipated that he parties may reach stipulations regarding certain factual issues, specifically dates related to plaintiff's employment, plaintiff's job classifications and salary levels. The parties do not anticipate that significant issues can be resolved through stipulation.

16. **EXPEDITED SCHEDULE:**

This is not a case suitable for an expedited schedule.

17. **SCHEDULING:**

The parties propose the following dates:

    Trial: June 23, 2008

    Pre-trial Conference: June 2, 2008

    Hearing of Dispositive Motions: May 9, 2006

    Discovery Cut-off: April 21, 2008

    Expert Disclosure: March 17, 2008

18. **TRIAL:**

Plaintiff has demanded a jury trial. It is anticipated the trial will require 5-7 court days.

19. **DISCLOSURE OF NON-INDENTIFIED PARTIES:**

There are no non-party interested entities or persons disclosed by either party.

DATED: November 15, 2007

    OFFICE OF THE GENERAL COUNSEL
    SAN FRANCISCO BAY AREA RAPID TRANSIT
    DISTRICT

    By _____
    Victoria R. Nuetzel, Attorneys for Defendant
    San Francisco Bay Area Rapid Transit District

DATED: November 14, 2007

    LAW OFFICES OF MICHAEL C. COHEN

    _____
    Michael C. Cohen, Attorney for Plaintiff