OFFICE OF THE GENERAL COUNSEL
SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
THOMAS C. LEE (SBN 104624)
VICTORIA R. NUETZEL (SBN 115124)
300 Lakeside Drive, 23rd Floor West
Oakland, CA  94612-3534
Tel:  (510) 464-6023
Fax: (510) 464-6049
EMAIL:  VNUETZE@BART.GOV

Attorneys for Defendant
San Francisco Bay Area Rapid Transit District

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| PAUL MELKER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>　　　　Defendant. | Case No.: C07-03762 MMC<br><br>DECLARATION OF WILBUR WONG IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (FRCP Rule 56)<br><br>DATE: June 27, 2008<br>TIME:    9:00 a.m.<br>COURTROOM: 7 |

　　　I, WILBUR WONG, state:

　　　1.　　I am currently employed by the San Francisco Bay Area Rapid Transit District (BART) as a Senior Labor Relations Representative.  I have held that position since approximately 1995.  In that capacity, I am responsible for administration of the collective bargaining agreements including administering and working with the various unions within BART in the event of a reduction in force, recall of employees, and in determining employee classifications and salary.

2.     BART has entered into collective bargaining agreements ("CBA") with each of the unions representing its work force.  Each CBA sets forth strict contractual requirements regarding employee terminations or lay-offs, employee classifications and salaries.  System Service Workers and Utility Workers are members of Service Employees International Union ("SEIU") Local 1021.

3.     In 2002, as a result of economic necessity, BART instituted a reduction in force.  As a Senior Labor Relations Representative, I was responsible for working with SEIU in evaluating seniority rights of its members and administering the lay-offs in accordance with the terms of the CBA. As a result of the reduction in force, a number of Utility Workers were laid off including Mr. Melker. All these lay-offs were confirmed by SEIU.

4.     In 2003, BART was in a position to hire System Service Workers but not Utility Workers.  System Service Workers and Utility Workers are very similar jobs.  System Service Workers are responsible for cleaning and maintaining BART stations.  Utility Workers are responsible for cleaning the BART cars.  These jobs are different classifications but have the same qualifications and salary.  BART and SEIU agreed that Utility Workers who had been laid off as a result of the 2002 reduction in force could be recalled as System Service Workers.  In accordance with the terms of the CBA, those individuals who were recalled received a new classification and seniority as a System Service Worker if they accepted the recall.  In 2003, Melker was recalled as a System Service Worker. He, and all others similarly situated, was reclassified as a System Service Worker.

5.     In 2004, BART instituted another reduction in force.  I administered that reduction in force.  BART and SEIU agreed that System Service Workers could be "bumped" to open positions as Utility Workers.  Any System Service Worker who accepted that "bump" would be reclassified, in accordance with the terms of the CBA as a Utility Worker.  Because these two classifications had the same pay grades, there would be no change in salary.  Mr. Melker was one of the System Service Workers who bumped to a position as a Utility Worker.

6.     All employees who are bumped from one position to another in a different classification still retain recall rights to that original position.  System Service Workers who were bumped to Utility Worker retained recall rights to their prior System Service Worker classification.

7. In 2006, in my capacity as Senior Labor Relations Representative I was advised that Mr. Melker, who had been terminated from his position as a Utility Worker, was to be reinstated. He was reinstated in August 2006 as a Utility Worker and remained at the same seniority he had prior to this termination.

8. In October 2006, I was informed that there was an open System Service Worker position. I advised Mr. Melker of his recall right and he accepted that position. He was then reclassified as a System Service Worker at his prior System Service Worker Seniority in accordance with the CBA. Mr. Melker was treated identically as all other individuals who had been bumped from System Service Worker to Utility Worker.

9. When Melker returned to work following the arbitration he was placed in the same pay step he was receiving when he was terminated. When he had actually worked for a full year at that salary, he received a salary step increase. I calculated the number of days he had worked before his termination and calculated when that step increase would occur. He received that increase automatically. Mr. Melker's salary was determined and calculated in the same manner as an individual who is laid off and then recalled to work.

10. Since his return to work Melker has been paid in strict accordance with the terms of the CBA and received all required increases. Utility Workers and System Service Workers receive the same salary and are classified in the same manner. His salary is identical to the salary of all similarly situated employees.

I declare under penalty of perjury under the laws of the United Stated that the forgoing is true and correct, is within my personal knowledge and if called upon to testify I could testify competently thereto.

Executed this ___ day of May, 2008 at Oakland, California

_____
Wilbur Wong