1  Michael C. Cohen, Esq., Bar No. 65487
2  **LAW OFFICES OF MICHAEL C. COHEN**
3  1814 Franklin Street, Suite 900
4  Oakland, CA 94612
5  (510) 832-6436
6  Attorneys for Plaintiff

7

8              IN THE UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

10

11

12  PAUL MELKER,                **Case No. C07-03762 MMC**

13      Plaintiff,              **MEMORANDUM OF POINTS AND**

14  vs.                         **AUTHORITIES IN OPPOSITION TO**

15  SAN FRANCISCO BAY AREA       **MOTION FOR SUMMARY JUDGMENT**

16  RAPID TRANSIT DISTRICT,

17  Et al.,

18      Defendants.

19

20  _____/

21              **I.    STATEMENT OF THE CASE**

22      Plaintiff Paul Melker opposes defendant San Francisco

23  Bay Area Rapid Transit District's (hereinafter referred to

24  as BART) motion for summary judgment.

25      Defendant's motion for summary judgment should be

26  denied for the following reasons:

MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT MOTION FOR SUMMARY
JUDGMENT

1      First, defendant has not met its evidentiary burden.
2   Defendant does not dispute that plaintiff has made-out his
3   prima facie case.

4      In most cases, a prima facie case and evidence of
5   pretext entitles the plaintiff to have a jury consider the
6   ultimate issue of discrimination.  Zimmerman v. Associates
7   First Capital Corp. (2nd Cir. 2001) 251 F.3d 376, 381.

8      Defendant contends that the arbitrator's decision
9   establishes that BART had a legitimate business reason for
10  its actions. [Brief at P. 2] However, the arbitrator's
11  decision is limited to issues arising under the collective
12  bargaining agreement [hereinafter  BA . It does not, and
13  cannot bind either party as to Mr. Melker's  discrimination
14  claims. The mere fact that a CBA will be consulted in the
15  course of state-law litigation plainly does not require the
16  claim to be extinguished. Livadas v. Bradshaw (1994) 512 US
17  107, 124, 114 S.Ct. 2068, 2078; Lingle v. Norge 2Div. of
18  Magic Chef, Inc. (1988) 486 US 399, 410, 412, 108 S.Ct.
19  1877, 1883, 1885.

20     Claims  arising  under  state  law  prohibiting
21  discrimination based on protected classifications such as
22  race, age, sex, disability, etc. are not pre-empted by LMRA
23  7 301. Humble v. Boeing Co. (9th Cir. 2002) 305 F.3d 1004,
24  1010; Miller v. AT & T Network Systems Inc. (9th Cir.
25  1988)850 F.2d 543, 546.

1    Second, disputed issues of facts exist as to the
2  grounds proffered by defendant for terminating plaintiff.
3  Mr. Melker, who was disabled by drug addiction,
4  participated in a rehabilitation program, as agreed with
5  his employer.  The arbitrator found that the deadline for
6  completing the program was ambiguous.  Despite this fact,
7  defendant arbitrarily terminated plaintiff, and has refused
8  to fully reinstate his seniority, or provide him with back
9  pay.

10    Third, disputed issues of fact exist as to plaintiff's
11  claim that defendant retaliated against him by refusing to
12  allow Mr. Melker to exercise his right to bump into a
13  service system job, based on his seniority, when he was
14  reinstated to his job on August 15, 2006.

15

16          **A. Suit Arises From Federal and State**
17                **Discrimination Claims**

18    BART is a public transit district, operating in
19  Alameda County and adjoining areas.

20    In this action, Plaintiff, an African American man,
21  contends that defendant is liable to him under Title VII of
22  the 1964 Civil Rights act, as amended, and under California
23  Government Code 7 12940, et seq., because the facts support
24  an inference that: (a) BART terminated his employment
25  because of his disability; (b) BART failed to reasonably

1  accommodate plaintiff disability;(c) BART terminated his
2  employment in violation of public policy; (d) BART
3  retaliated against plaintiff for complaining about
4  discrimination and/or harassment on the job.

5

6  **1. State and Federal Administrative Discrimination Claims**

7      Plaintiff filed a complaint with the California
8  Department of Fair Employment and Housing on February 10,
9  2006. In this administrative complaint, he charged that his
10 May 27, 2005 termination by BART was the result of
11 disability discrimination.

12     On January 25, 2007, Mr. Melker filed an
13 administrative complaint with the Equal Employment
14 Opportunity Commission.  In this federal complaint, he
15 contended that he had been subjected to employment
16 discrimination, harassment based on disability, gender,
17 retaliation, and failure to reasonably accommodate.

18

19  **B. Discrimination Complaint Removed From State Court**

20     Mr. Melker was issued right-to-sue letters by both
21 agencies, and filed this civil suit. Plaintiff complaint
22 was originally filed on May 17, 2007 in the Alameda County
23 Superior Court.  He stated five causes of action.

24     The First Cause of Action alleges violation of
25 California Government Code 7 12940, et seq. by BART based

MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT MOTION FOR SUMMARY
JUDGMENT

1   on: (a)discrimination because of race or disability and/or

2   retaliation; (b) harassment; (c)denying plaintiff

3   employment opportunities; (d) failure to take immediate or

4   appropriate corrective action; (e)failing to take all

5   reasonable steps to prevent discrimination; (f) failure to

6   reasonably accommodate plaintiff; (g) terminating

7   employment; (h) retaliation for prior complaints.

8       His Second Cause of Action states a claim under Title

9   VII of the 1964 Civil Rights act, as amended, based on the

10   same facts.

11       The complaint was removed to this court by defendant.

12   Plaintiff Third, Fourth, and Fifth Causes of Action were

13   dismissed. As discussed above, only these claims were

14   affected by LMRA ₇ 301.

15

16      **C. Plaintiff's Prima Facie Case Not Disputed in**

17             **This Motion For Summary Judgment**

18       A prima facie case of discrimination is shown by

19   evidence that: (1) plaintiff belongs to a protected class;

20   (2) plaintiff sought reinstatement for, and was qualified

21   for, a job for which the employer was seeking applicants;

22   and (3) the position remained open and the employer

23   continued to seek applicants from persons of plaintiff

24   qualifications. *See* McDonnell Douglas v. Green, 441 US at

25   802, 93 S.Ct. at 1824.

1     It is not disputed, for the purposes of this motion,

2    that plaintiff has established a prima facie case for

3    employment discrimination. [Defendant  Brief at Page 7]

4

5                **II.STATEMENT OF FACTS**

6            **A.Employment History With BART**

7     Mr. Melker, an African-American man, forty-two years

8    of age, is currently a BART employee. Plaintiff began

9    working for defendant as a part-time Utility Worker on or

10   about March 12, 2001. Mr. Melker became a full-time utility

11   worker on September 24, 2001.

12     Plaintiff was laid off as a utility worker on July 1,

13   2002, and was recalled as a Systems Service Worker for BART

14   on August 4, 2003.  He was bumped to a utility worker

15   position on November 15, 2004. [Deposition of Wilbur Wong,

16   p. 24: 2-9]

17

18            **B.History of Disability**

19      Plaintiff is a disabled employee because of an

20   alcohol and drug addiction. In December 2004, Melker

21   voluntarily participated n a supervised New Bridge Drug

22   Rehabilitation Program.  The program was scheduled for

23   approximately three to four months.

24     BART has an alcohol and drug policy, called the

25   Substance Abuse Program. [ AP

1       On December 3 2004, plaintiff voluntarily participated
2   in a supervised drug rehabilitation program.  The program
3   was scheduled for approximately three to four months.

4       A three-party Rehabilitation Agreement was drafted by
5   BART.  On or about December 13, 2005, plaintiff and BART
6   Drug and Alcohol Manager, Margaret Saget, executed this
7   agreement.  The agreement provided for a 4-week period of
8   rehabilitation, which could be extended for up to 90 days.

9       In January 2005, plaintiff was transferred to the
10  Kaiser Permanente rehabilitation program.

11      Plaintiff completed the 28-day residential New Bridge
12  program, and a 17-day outpatient program at New Bridge, for
13  a total of 45 days.

14      Therefore, plaintiff complied with the written
15  agreement.

16      On February 16, 2005, a telephone conference was held
17  between Ms. Saget, and Roxanne Sanchez, an official of
18  plaintiff  union with plaintiff on the line. Ms. Saget
19  agreed that plaintiff could stay off work for 90 days if he
20  was in treatment. Ms. Saget further advised plaintiff that
21  he could participate in a program run by either New Bridge
22  or by Kaiser.

23      It was unclear to either plaintiff or the union
24  representative as to the beginning and ending of plaintiff
25  leave of absence, nor was plaintiff ever provided such

1  information. The verbal extension was unclear as to what
2  plaintiff was expected to do other than to stay in
3  treatment. Also, it was unclear what information plaintiff
4  was to supply Ms. Saget, as opposed to the information
5  Kaiser was to supply her.

6      His understanding was that he was on administrative
7  leave for 120 days.

8      On March 27, 2005, plaintiff sustained a temporary
9  medical condition and received emergency medical services.
10 On March 28, 2005, plaintiff notified his Rehabilitation
11 Counselor, Jeffrey Blair, that he received medical
12 treatment which required time off from the program for
13 seven days. Plaintiff called Mr. Blair regularly to report
14 the status of his medical condition.

15     However, during March 2005, prior to the completion of
16 plaintiff  rehabilitation program, Ms. Saget notified him
17 that it was time to take the Return to Work test and a
18 return to work.

19     On April 12, 2005, plaintiff successfully passed the
20 Return to Work test. Despite plaintiff  good-faith efforts
21 to complete the rehabilitation program, he was terminated
22 by BART on May 27, 2005.

23
24              **C. BART Terminates Employment**

1     On May 27, 2005, BART terminated plaintiff

2  employment. [Deposition of Wilbur Wong, p. 24: 8-9]

3     Plaintiff filed a grievance, which was submitted to

4  binding arbitration.

5     The arbitrator found that there was at least confusion

6  as to the end date of the additional 90 days to be used for

7  [plaintiff ] rehabilitation, and that BART did not have

8  just cause to terminate him under the CBA. [Arbitrator

9  decision at p. 17: 11-13; decision at 18: 25-26]

10     Therefore, on July 24, 2006 the arbitrator ordered

11  BART to reinstate plaintiff to his job, without back pay,

12  but with unbroken seniority.

13     Plaintiff returned to work on August 15, 2006.

14

15       **D. BART Discriminated Against Plaintiff Even**

16            **After His Reinstatement**

17     BART reinstated plaintiff to work as a utility Worker

18  on August 15, 2006, after the arbitrator's decision.

19  However, BART did not reinstate plaintiff in system

20  Service, although it had posted a job bulletin for system

21  Service workers. Although plaintiff had been employed by

22  BART for five years, BART reinstated him at a fourth-year

23  pay rate, instead of a fifth-year pay rate.

24     When plaintiff first requested BART to transfer him to

25  ystem Service, because of his seniority, BART refused to do

MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT MOTION FOR SUMMARY
JUDGMENT

1  so. Instead, BART placed plaintiff in job assignments which
2  caused his work, home, and recovery schedule to be
3  unstable.

4      Wilbur Wong, BART Senior Labor Relations
5  Representative, testified that BART posted for applications
6  for the System Service Worker position beginning August 14,
7  2006, through September 1, 2006. [Deposition of Wilbur
8  Wong, p. 15: 4-15; Job Posting, Exhibit 2 to Wong
9  deposition]

10

11  **III.MEMORANDUM OF LAW IN OPPOSITION TO SUMMARY JUDGMENT**
12     **A.Standard of Review on a Motion for Summary Judgment**
13              **1.Burden Under Federal Law**

14      As the moving party, the employer has the burden of
15  establishing that either: (a) one or more elements of the
16  employee cause of action cannot be established, or (b)
17  that a complete defense exists. FRCP 56 (c).

18      An employment discrimination plaintiff bears the
19  initial burden of stating his prima facie case. As
20  discussed above, it is not disputed for the purpose of this
21  motion that plaintiff has met this burden. Therefore, the
22  burden shifts to the employer to provide proof of a
23  legitimate nondiscriminatory reason for the adverse action.
24  If the employer meets its evidentiary burden by providing a
25  legitimate nondiscriminatory reason for its action, the

1  burden of persuading the trier of fact shifts to plaintiff.

2  Reeves v. Sanderson Plumbing Products, Inc. (2000) 530 US

3  133, 142-143, 120 S.Ct. 2097, 2106.

4      Summary judgment in an employment discrimination case

5  is improper if the evidence, taken as a whole, (1) creates

6  a factual issue as to whether each of the employer stated

7  reasons for the adverse action was what actually motivated

8  the employer, and (2) creates a reasonable inference of

9  discrimination.   Pratt v. City of Houston (5th Cir. 2001)

10  247 F.3d 601, 606-607.

11      There is a split of authority as to the plaintiff

12  evidentiary burden in a Title VII action. Although the

13  court in Stegall v. Citadel Broadcasting Co. (9th Cir. 2003)

14  350 F.3d 1061, 1066-1067, stated that to establish pretext,

15  the circumstantial evidence must be  oth specific and

16  substantial, the court in the subsequent case of Cornwell

17  v. Electra Central Credit Union (9th Cir. 2006) 439 F.3d

18  1018, 1030, states that  n the context of summary judgment,

19  Title VII does not require a disparate treatment plaintiff

20  relying on circumstantial evidence to produce more, or

21  better, evidence than a plaintiff who relies on direct

22  evidence.

23      As the court explains in Hersant v. Department of

24  Social Services (1997) 57 Cal.App.4th 997, 1004, 67

25  Cal.Rptr.2d 483, there are different lines of

1  interpretation of the Supreme Court decision in <u>St. Mary</u>
2  <u>Honor Center v. Hicks</u> (1993) 509 US 502, 113 S.Ct. 2742.
3  One line interprets <u>Hicks</u> as holding that an employee
4  prima facie case, even in the face of an employer showing
5  of a nondiscriminatory reason for the adverse action, is
6  alone sufficient to avoid summary judgment.  Others have
7  concluded <u>Hicks</u> requires the employee, once the employer
8  has offered its nondiscriminatory reason, show both that
9  the reason is false and that the true reason for the
10  adverse action was a discriminatory animus.  However, what
11  has been described as the predominant view requires the
12  employee to rebut the employer stated nondiscriminatory
13  reason with substantial evidence of its falsity or present
14  other evidence suggesting a discriminatory basis, or some
15  combination of the two such that a reasonable trier of fact
16  could conclude the employer engaged in intentional
17  discrimination.

18

19            **2. Parties Burdens Under State Law**

20      California follows the predominant view discussed in
21  <u>Hersant</u>. To avoid summary judgment, an employee claiming
22  discrimination must offer substantial evidence that the
23  employer stated nondiscriminatory reason was untrue or
24  pretextual, or evidence that the employer acted with a
25  discriminatory animus, or a combination of the two, such

1  that a reasonable trier of fact could conclude the employer

2  engaged in intentional discrimination. <u>Horn v. Cashman &</u>

3  <u>Wakefield Western, Inc.</u> (1999) 72 Cal.App.4th 798, 806-807,

4  85 Cal.Rptr.2d 459.

5       In the context of a summary judgment motion in an

6  employment discrimination case, the defendant employer

7  bears the initial burden to show that the action has no

8  merit, and the plaintiff will not be required to respond

9  unless the defendant has shown a legitimate, lawful reason

10 for its action.

11      The burden then shifts to the employee to show that

12 the defendant showing is insufficient or to prove that the

13 proffered justification is mere pretext. Because

14 discrimination cases often depend on inferences rather than

15 on direct evidence, summary judgment should not be granted

16 unless the evidence could not support any reasonable

17 inference for the nonmovant. <u>Spitzer v. The Good Guys, Inc.</u>

18 (2000) 80 Cal.App.4th 1376, 1385-1386, 96 Cal.Rptr.2d 236;

19 <u>Martin v. Lockheed Missiles & Space Co.</u> (1994) 29

20 Cal.App.4th 1718, 1730-1731, 1735, 35 Cal.Rptr.2d 181.

21

22 **B. Summary Judgment Should Be Denied, as Disputed Issues of**

23     **Fact Exist as to First Cause of Action for**

24  **Violation of California Government Code 7 12940, et seq.**

25     **1.   Plaintiff Was a Disabled Person Entitled to**

## Reasonable Accommodation Under State Law

It is unlawful for an employer to discriminate against a person in compensation or in terms, conditions, or privileges of employment because of the employee race, physical disability, mental disability, or medical condition. [California Government Code ₇ 12940 et seq.; <u>City of Moorpark v. Superior Court</u> (1998) 18 Cal.4th 1143, 1147, 1156-58, 77 Cal.Rptr.2d 445, 959 P.2d 752]

The California Fair Employment and Housing Act [hereinafter referred to EHA] declares as public policy that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination on the basis of physical or mental disability or other factors enumerated in the statute. [California Government Code ₇ 12920]

Applicants and employees are protected from discrimination due to actual or perceived physical impairment that is disabling, potentially disabling, or perceived as disabling or potentially disabling. These protections are independent of those provided under federal law by the ADA, and are intended to provide broader coverage than that under the federal act. Under the FEHA, working is a major life activity. [California Government Code ₇ 12926.1]

1    Because the FEHA requires only that a condition limits
2 a major life activity, the statute has no durational
3 requirement for evaluation of whether a person condition
4 constitutes disability. [*See* California Government Code [7]
5 12926(k)(1)B); Diaz v. Federal Express Corp. (2005) 373
6 F.Supp.2d 1034, 1051-1052]

7    As defendant concedes, for the purposes of this motion
8 plaintiff has stated his prima facie case under this
9 statute.

10

11    **2.   BART Had an Affirmative Duty Under State Law to**
12        **Accommodate Plaintiff in His Participation in a**
13                **Rehabilitation Program**

14    It is not disputed that Mr. Melker voluntarily
15 participated in a drug rehabilitation program. California
16 employers must reasonably accommodate any employee who
17 wishes voluntarily to enter and participate in an alcohol
18 or drug rehabilitation program. [California Labor Code [77]
19 1025-1028]

20    Reasonable accommodation under California law means
21 that employers have an affirmative duty to accommodate
22 disabled workers. [*See* Sargent v. Litton Systems, Inc. (ND
23 Cal. 1994) 841 F.Supp. 956, 962; Prilliman v. United Air
24 Lines, Inc. (1997) 53 Cal.App.4th 935, 949-950, 62
25 Cal.Rptr.2d 142, 149-150]

1    In <u>Prilliman</u>, the California Court of Appeal held that
2    the employer had an affirmative duty to make known to the
3    disabled employee other job opportunities within the
4    company and to determine whether the employee was qualified
5    for these positions.

6    The FEHA entitles the disabled employee to
7    preferential consideration in reassignment of existing
8    employees. [<u>Jensen v. Wells Fargo Bank</u> (2000) 85 Cal.App.4th
9    245, 265, 102 Cal.Rptr.2d 55, 69]

10   Telling the disabled employee to check available job
11   postings does not satisfy the employer duty to reassign or
12   transfer a disabled employee to a vacant position. The
13   employer is in a better position to know what jobs are
14   vacant or may become vacant, to which the person with the
15   disability can be assigned. [*See* <u>Spitzer v. The Good Guys,</u>
16   <u>Inc.</u> (2000) 80 Cal.App.4th 1376, 1389-1390, 96 Cal.Rptr.2d
17   236]

18

19   **3. BART Breached the Duty of Accommodation Owed Plaintiff**

20   As stated in Plaintiff complaint, BART failed and
21   refused to reasonably accommodate plaintiff in his efforts
22   to rehabilitate himself. [Complaint at Paragraphs ¶¶ 16-
23   18]

24   The duty of an employer to provide reasonable
25   accommodation for an employee with a disability is broader

1  under the FEHA than under the ADA. [<u>Bagatti v. Department</u>
2  <u>of Rehabilitation</u> (2002) 97 Cal.App.4th 344, 361, 118
3  Cal.Rptr.2d 443, 455]

4      On failure reasonably to accommodate claims,
5  California courts place the burden on the employer seeking
6  summary judgment to show no triable factual issue as to
7  whether it engaged in the mandatory interactive process in
8  good faith. [<u>Jensen v. Wells Fargo Bank</u> (2000) 85
9  Cal.App.4th 245, 260, 102 Cal.Rptr.2d 55, 66]

10     BART terminated plaintiff for failure to meet an
11 ambiguous rehabilitation deadline, and refused to restore
12 his full pay and seniority even after he prevailed at
13 arbitration.

14     Clearly, there is a triable issue of fact as to
15 whether BART made reasonable efforts to accommodate
16 plaintiff. Summary judgment should be denied.

17

18          **4.Evidence Supports Inference of Retaliation**

19     Further, this adverse action was prohibited
20 retaliation. To establish retaliation under Government Code
21 7 12940(f), the plaintiff must prove that he was engaged in
22 protected activity, that the employer subjected him to an
23 adverse employment action, that there was a causal link
24 between the protected activity and the employer  action,
25 and that the defendant proffered nonretaliatory explanation

1    was a pretext for the illegal consequence. <u>Soldinger v.</u>
2    <u>Northwest Airlines</u> (1996) 51 Cal.App.4[th] 345,367,58
3    Cal.Rptr.2d 747; <u>Flait v. North American Watch Corp.</u> (1992)
4    3 Cal.App.4[th] 467, 476, 4 Cal.Rptr.2d 522.

5    As discussed above, plaintiff's participation in a
6    rehabilitation program was protected activity under state
7    law. It is not disputed that BART subjected him to an
8    adverse employment action, purportedly based on his failure
9    to timely complete the program.

10   BART retaliated against plaintiff in August 2006, and
11   continuing through mid-October 2006, because of plaintiff
12   complaints of discrimination and his complaint of failure
13   to reasonably accommodate his disability, by failing and
14   refusing to allow plaintiff to exercise his seniority
15   rights to ump employees working in ystem Services who had
16   less seniority than plaintiff.

17

18          **5. Evidence Supports Inference of That**
19             **Stated Reason Was Pretextual**

20   Proof that the employer's criticism of plaintiff
21   performance was unfounded raises a question of fact as to
22   the credibility of the employer's explanation for the
23   adverse action taken against plaintiff. This evidence,
24   coupled with the evidence supporting plaintiff's prima
25   facie case, may support a finding that the employer stated

MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT MOTION FOR SUMMARY
JUDGMENT

1  reasons were pretextual. <u>Reeves v. Sanderson Plumbing</u>
2  <u>Products, Inc.</u> (2000) 530 US 133, 148, 120 S.Ct. 2097,
3  2109.

4      BART Human Resource Manager, Michael Settles, told
5  plaintiff that he was terminated after he failed to
6  complete a substance abuse program.

7      In fact, plaintiff voluntarily entered the program,
8  participated in supervised activity, regularly called his
9  Rehabilitation Counselor to report his status, and
10 successfully passed the Return to Work test.

11     The arbitrator's decision finds that the test on
12 April 12 was negative.

13     These facts, coupled with plaintiff's prima facie
14 case, support an inference that BART's stated reason for
15 terminating plaintiff was pretextual.

16     Summary judgment should be denied.

17

18         **6. Employee May Bring FEHA Claim for Disability**
19                        **Discrimination**

20     As discussed above, Defendant harassment of plaintiff
21 increased after he returned to work. This supports an
22 inference of disability discrimination, which is an element
23 of his FEHA claim. <u>City of Moorpark v. Superior Court</u>
24 (1998) 18 Cal.4th at 1156-58.

25

**C. Summary Judgment Should Be Denied, as Disputed Issues of Fact Exist as to Second Cause of Action**

Plaintiff Second Cause of Action is based on his claim that BART violated Title VII of the Civil Rights Act of 1964, as amended.

Title VII of the Civil Rights Act protects both employees and applicants for employment from unlawful employment practices. 42 USC 7 2000e 2(a)(1)(2). It is unlawful to discriminate with respect to compensation, terms, conditions, or privileges of employment. 42 USC 7 2000e (2)(a)(1). In his administrative complaint, filed January 25, 2007, plaintiff contends that BART discriminated against and harassed him on the job because of his race, and/or gender, and/or his disability.

An employee alleged discriminatory downgrading may be the basis for action on a continuing violation theory. Moorer v. Grumman Aerospace Corp. (EDNY 1997) 964 F.Supp. 665, affirmed 162 F.3d 1148.

**1. Plaintiff Has Submitted Evidence of Pretext**

As stated above, circumstantial evidence supports plaintiff's claim that the reasons given for his termination were pretextual. Circumstantial and direct evidence are to be given the same weight and value. Desert Palace Inc. v. Costa (2003) 539 US 90, 99, 123 S.Ct. 2148,

1   2154. [The recent case of <u>Poppell v. City of San Diego</u> (9th

2   Cir. 1998) 149 F.3d 951, 953-954, usefully reviews the

3   application of circumstantial evidence.]

4       Evidence of BART's earlier discrimination against

5   plaintiff is relevant to the issue of BART  motive.  Rule

6   401 of the Federal Rules of Evidence.

7

8       **2. Plaintiff May Offer Circumstantial Evidence to**

9          **Show That Proffered Justification is Mere Pretext**

10      Pretext may be inferred from the timing of the

11  employer  action, the identity of the decision-maker, or by

12  the employee  job performance before the disputed action.

13  Pretext may also be demonstrated by showing that the

14  proffered reason did not actually motivate the employer

15  action, or that the proffered reason was insufficient to

16  motivate it. <u>Gantt v. Wilson Sporting Goods Co.</u> (6th Cir.

17  1998) 143 F.3d 1042, 1049; <u>Flait v. North American Watch</u>

18  <u>Corp.</u>(1992)3 Cal.App.4[th] 467, 476, 479, 4 Cal.Rptr.2d 522.

19      The facts discussed above demonstrate that the

20  proffered reasons for BART  actions were pretextual.

21

22      **c. Evidence Supports Inference of Disparate Treatment**

23      To establish employment discrimination by disparate

24  treatment, the employee must show that the employer treated

25  the employee less favorably than others because of the

1  employee's race, color, religious creed, sex, national

2  origin, physical disability, mental disability or medical

3  condition. Government Code 7 12940; <u>Clark v. Claremont</u>

4  <u>University Center</u> (1992) 6 Cal.App.4th 639,658,8 Cal.Rptr.2d

5  151 at footnote 3.

6      Disparate treatment may be inferred from BART

7  treating plaintiff differently than it treated other

8  similarly situated BART employees.

9

10                      **CONCLUSION**

11      Plaintiff has demonstrated that defendant violated its

12  own policies, supporting his claims for violation of Title

13  VII of the Civil Rights Act, and violation of the FEHA.

14  Summary judgment should be denied.

15

16  Dated:<u>6/12/08</u>      _____/S/_____

17                          Law Office of Michael C. Cohen

18                          By Michael C. Cohen, Esq.

19                          Attorney for Plaintiff

20

21

22

23

24

25

MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT MOTION FOR SUMMARY
JUDGMENT