1   Michael C. Cohen, Esq., Bar No. 65487
    **LAW OFFICES OF MICHAEL C. COHEN**
2   1814 Franklin Street, Suite 900
    Oakland, CA 94612
3   (510) 832-6436

4   Attorneys for Plaintiff
    Paul Melker

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9          NORTHER DISTRICT OF CALIFORNIA, SAN FRANCISCO

10

11

12

13

14  PAUL MELKER,                    Case No. C07-03762 MMC

                Plaintiff,
15
                                    DECLARATION OF PAUL MELKER
16  vs.                             IN OPPOSITION TO SUMMARY
                                    JUDGMENT MOTION
17  SAN FRANCISCO BAY AREA RAPID
    TRANSIT DISTRICT, aka BART,     Date: July 18, 2008
18  DOES 1 to 10,                   Time: 9:30 a.m.
                                    Courtroom: 7
19              Defendants.
    _____/

20

21

22       I, Paul Melker declare:

23       1.   I am the plaintiff in this action.

24       2.   I am employed by San Francisco Bay Area Rapid Transit
    District (hereinafter referred to as "BART").
25
         3.   I am currently employed as a Systems Service employee
26  for BART.

27

28  Declaration of Paul Melker            -1-

1        4.  I began working for BART on or about March 12, 2001.

2        5.  At all times while I worked for BART I performed my job

3    duties satisfactorily, and with reasonable competence consistent

4    with BART's employment practices and policies.

5        6.  I am an African American male over 40 years of age.

6        7.  While I was employed by BART I became a disabled

7    employee.  I developed an addiction to a drug known as cocaine.

8        8.  At all times while I was employed by BART I was able to

9    perform the essential duties of my job, with or without a

10   reasonable accommodation.

11       9.  At all times while I was employed by BART, BART

12   regularly employed more than 50 employees.

13       10.  At all times while I was employed by BART, BART had an

14   alcohol and drug policy, called the "Substance Abuse Program"

15   ["SAP"].

16       11.  On or about December 2004, I self referred myself to

17   participate in BART's drug rehabilitation program because of my

18   addiction to cocaine

19       12.  At the time I self referred myself to BART's drug

20   rehabilitation program I was not under suspension or subject to

21   any pending disciplinary action.

22       13.  Beginning on December 3, 2004, I voluntarily

23   participated in a supervised drug rehabilitation program.  The

24   program was scheduled for approximately three to four months.

25       14.  A three-party Rehabilitation Agreement was drafted by

26   BART.

27       15.  On or about December 13, 2005, Margaret Saget brought

28   Declaration of Paul Melker        -2-

1  the contract to me at New Bridge Treatment facility, which is

2  classified as mental health facility and requested me to sign the

3  agreement outside of the presence of my union representative.

4      16.  On or about December 13, 2005, me and BART's Drug and

5  Alcohol Manager, Margaret Saget, executed this agreement outside

6  of the presence of my union representative.  My union

7  representative never signed the agreement.  The agreement

8  provided for a 4-week period of rehabilitation, which could be

9  extended for up to 90 days.

10      17.  My union representative never signed the three-party

11  Rehabilitation Agreement drafted by BART.  BART never offered my

12  union representative an opportunity to sign the agreement.

13      18.  I complied with the written agreement that I executed

14  on or about December 13, 2005.

15      19.  I completed the 28-day residential New Bridge program,

16  and a 17 day outpatient program at New Bridge, for a total of 45

17  days.

18      20.  In January 2005, I was transferred to the Kaiser

19  Permanente rehabilitation program.

20      21. I went to a screening appointment on November 23, 2004

21  and attended Phase 1 of the Day Treatment program through

22  November 30, 2004, at Kaiser Permanente Chemical Dependency

23  Recovery Program.

24      22.  I did not enter Phase 2 of the Day Treatment program at

25  Kaiser, but I left a message with Dr. Jody A. Binkoff, Ph.D, my

26  treating doctor at Kaiser that I planned to enter a residential

27  treatment program offered through BART.

28  Declaration of Paul Melker         -3-

1      23.  On January 25, 2005 I went for another screening

2  appointment with Kaiser and I began Phase 1 of Day Treatment on

3  January 26, 2005.

4      24.  I terminated my treatment with Kaiser Oakland on

5  February 9, 2005 because I expected my health care coverage to

6  change.

7      25.  On February 16, 2005, a telephone conference was held

8  between Ms. Saget, Roxanne Sanchez, an official of my union.  I

9  was also on the telephone line.  During the telephone

10  conversation Ms. Saget agreed that I could stay off work for 90

11  days if I was in treatment.  Ms. Saget further advised me that I

12  could participate in a program run by either New Bridge or by

13  Kaiser.

14      26.  Also, in February 2005, I suffered a relapse and

15  notified Margaret Saget that I suffered and relapse and I asked

16  her for more time off work and more time to recover from my drug

17  addiction.

18      27.  At that time Ms. Saget insisted that my time to return

19  to work was almost and she refused to grant me any more time to

20  be off work and to recover from my drug addiction.

21      28.  On February 23, 2005, I reported to Dr. Jody A.

22  Binkoff, my treating doctor that EAP advised me to return to

23  treatment.

24      29.  I agreed to meet with Margaret Saget regarding

25  referrals because my returning to Oakland CDRP at that point was

26  not clinically indicated.

27      30.  Due to a conflict of interest with another client at

28  Declaration of Paul Melker      -4-

1  Kaiser, the Kaiser staff advised me not to return to treatment.

2      31.  On March 16, 2005, I requested Kaiser to allow me to

3  restart Phase I of Kaiser's drug rehabilitation program.

4      32.  On March 17, 2005, Kaiser's drug rehabilitation program

5  director advised me that it would be possible for me to restart

6  Phase I of the drug rehabilitation program at Kaiser if the

7  client with whom I had the conflict of interest was no longer in

8  treatment at Kaiser.  Otherwise, Kaiser advised me to continue at

9  Kaiser Richmond, where I had been in treatment for 3 weeks.

10      33.  On March 18, 2005, I was invited by Kaiser Oakland to

11  start Phase 1 the next day.  I did not attend on March 19, but I

12  did call in sick and then I restarted at the Oakland facility on

13  March 21, 2005 in Phase 1 of Day Treatment.

14      34.  On March 20, 2005, Margaret Saget sent me a letter

15  requesting me to take the return to duty test.

16      35.  I took the return to do test on April 12, 2005.  The

17  results of my return to duty test was negative.

18      36.  On March 22, 2005, I called in sick to Kaiser's drug

19  treatment program and stated that I planned to return on March

20  23.  I did not return to Kaiser's drug treatment program after

21  that.  My last attendance at Kaiser's drug treatment program was

22  March 21, 2005, in Phase 1 of Day Treatment.

23      37.  With my consent, Dr. Jody A. Binkoff, Ph.D. spoke with

24  my EAP, Margaret Saget on April 14 to provide her with the above

25  information about me.  Ms. Saget stated to Dr. Binkoff at that

26  time, that she planned to meet with me to advise referral to a

27  6-month residential treatment program.

28  Declaration of Paul Melker            -5-

1     38.   After Dr. Binkoff informed Margaret Saget of my drug

2    addiction condition and the stage of drug rehabilitation Ms.

3    Saget did not refer me to a 6-month residential treatment

4    program, as she had informed my doctor she intended to do.

5     39.   After Dr. Binkoff informed Margaret Saget that I was

6    not able to return to work because of my drug addiction and the

7    stage of my rehabilitation for drug addiction, Ms. Saget ordered

8    me to report for a return to work fitness for duty exam

9    immediately.

10     40.   I took a urine drug test as required by Margaret Sanji

11    and the test results were negative.

12     41.   BART's policy and past practice at the time I self

13    referred myself to BART's drug rehabilitation program was to

14    reasonably accommodate employees who were disabled with drug

15    addiction, who self referred themselves to participate in BART's

16    drug rehabilitation program.

17     42.   BART's policy and past practice at the time I self

18    referred myself to BART's drug rehabilitation program was to give

19    the drug addicted employee a second chance if he/she relapsed

20    after they began the drug rehabilitation program.

21     43.   BART knew of my disability (drug addiction) at all

22    times after I self referred myself to participate in BART's drug

23    and alcohol program.

24     44.   I had fully participated in BART's drug rehabilitation

25    program at all times after I agreed to participate in the drug

26    rehabilitation program.

27     45.   I voluntarily entered the program, participated in

28    Declaration of Paul Melker          -6-

1  supervised activity, regularly called my Rehabilitation Counselor

2  to report my status, and successfully passed the Return To Work

3  test.

4      46. I substantially complied with all of the terms and

5  conditions of BART's drug rehabilitation program.

6      47.  BART recalled me to return to work on or about

7  July 15, 2003.

8      48.  From July 2003 until November 2004, I worked for BART,

9  in "System Service" in a permanent position.

10     49.  During the entire time that I worked as a Systems

11 Service Worker for BART I performed all of my job duties, and the

12 conditions of employment, with reasonable competence, consistent

13 with BART's past practices and policies.

14     50.  In November 2004, BART had another reduction in its

15 work force.  At that time, BART offered me the following

16 election: BART would terminate my employment, with recall rights

17 for eighteen (18) months; or my employment with BART would

18 continue and I would have the right to "bump" to another job

19 classification, and have indefinite recall rights to my job as a

20 Systems Service Worker.  I elected to continue to be employed

21 with BART with the right to "bump" into to a position as a

22 "Utility Worker".

23     51.  On May 27, 2005, BART terminated my employment, without

24 just cause, because of my drug addiction disability for which I

25 had self referred myself to participate in BART's drug

26 rehabilitation program.

27     52.  On May 27, 2005, BART terminated my employment without

28 Declaration of Paul Melker          -7-

1  just cause and terminated my medical coverage also.

2      53.  On May 27, 2005, when BART terminated my employment I

3  was able to perform the essential duties of my job with or

4  without a reasonable accommodation.

5      54.  When BART terminated my employment on May 27, 2005, I

6  requested BART to reasonably accommodate me by allowing me to

7  continue to participate in its drug rehabilitation program.

8      55.  When BART terminated my employment on May 27, 2005, I

9  requested BART to reasonably accommodate me by allowing me to

10  take off work so that I could recover from my drug addiction.

11      56.  When BART terminated my employment on May 27, 2005, I

12  was under my doctor's care and my doctor had not released me to

13  return to work.

14      57.  At the time of my request for a second chance to

15  continue participating in BART's drug rehabilitation program and

16  to take off work to continue my recovery for drug addiction BART

17  had a practice of allowing non African American employees a

18  second chance to recover from drug addiction if they relapse

19  after participating in BART's drug rehabilitation program.

20      58.  In May 2005, BART's Human Resource Manager, Michael

21  Settles, told me that I was terminated after he failed to

22  complete a substance abuse program.

23      59.  After I started participating in the drug

24  rehabilitation program, I relapsed by resuming use of the

25  chemical to which I had become dependent.

26      60.  The nature of my chemical dependency is such that it is

27  was reasonably anticipated by BART and or a reasonable person

28  Declaration of Paul Melker          -8-

1 that I might relapse, and use the drug again.

2    61.   It was reasonably anticipated by BART and or a

3 reasonable person when I started participating in their drug

4 rehabilitation program that if I relapsed and used the drug to

5 which I was dependent, it would affect the my participation in

6 the drug rehabilitation program.

7    62.   BART's practice and policy, at that time, was to allow

8 its employees who were chemically dependent, a "second chance",

9 if the employee relapsed after starting the drug rehabilitation

10 program.

11    63.   I notified BART in February 2005, that I had relapsed

12 and I requested BART to give me a second chance to complete the

13 drug rehabilitation program.

14    64.   BART denied me a "second chance", in violation of its

15 own policies and or past practices.

16    65.   BART's denial of my request for a second chance was a

17 deviation for BART's policy and practice.

18    66.   BART's denial of my request for a second chance denied

19 me of a reasonable accommodation for my disability.

20    67.   In April 2005, BART put a photograph of me in plain eye

21 view in BART stations, with a statement under my photograph

22 stating, this man is on administrative leave and has violated

23 BART's drug and alcohol policy and should be approached with

24 caution.  If you see this man call BART police.

25    68.   BART's conduct was unreasonable and unjustified and it

26 was motivated by my disability.  BART's conduct violated my

27 medical confidentiality and right to privacy.

28 Declaration of Paul Melker            -9-

69.   On or about May 27, 2005, BART terminated my employment because of my disability, (drug dependency).

70.   When BART terminated my employment BART treated me differently than it had treated non African American employees, and or female employees, who were suffering from chemical dependency, because of my race.

71.   When BART terminated my employment BART violated its policy on giving a second chance to employees who self referred themselves for BART's drug rehabilitation program because of a drug addiction.

72.   I filed an employment discrimination complaint with the Department of Fair Employment and Housing, (hereinafter referred to as "DFEH") alleging that BART terminated my employment because of my disability and that BART and failed to reasonably accommodate me for my disability, within one year from the date BART terminated my employment.  A copy of my DFEH complaint is marked **Exhibit 1,** attached hereto and incorporated herein by this reference.

73.   DFEH issued a right to sue letter to me regarding my Exhibit A employment discrimination, failure to reasonably accommodate complaint.  A copy of the DFEH right to sue letter is marked **Exhibit 2,** attached hereto and incorporated herein by this reference.

74.   I filed a complaint (grievance) with my union alleging that BART terminated my employment without just cause in violation of the union agreement between BART and my union terminated my employment.

Declaration of Paul Melker          -10-

1    75.  An arbitration was held pursuant to my complaint to my

2    union about BART.  The arbitrator found that BART terminated my

3    employment in May 2005, without just cause and ordered BART to

4    reinstate me to my job, without back pay, with un-broken

5    seniority.

6    76.  On or about August 15, 2006, BART reinstated

7    my employment as a "Utility Worker".

8    77.  At the time BART reinstated me to work at BART in

9    August 2006, there was a job opening in "System Service" that I

10   was qualified and able to perform.

11   78.  Attached hereto and incorporated herein, and marked as

12   **Exhibit 3**, is a true and correct copy of a job announcement for a

13   vacant position in "System Service" posted by BART as of August

14   15, 2006.

15   79.  I obtained Exhibit 3, job posting from BART on or about

16   August 15, 2006.

17   80.  At the time BART reinstated me to work at BART in

18   August 2006, there were job positions in "System Service" for

19   which I was qualified and able to perform that were held by

20   BART employees with less seniority that me.

21   81.  I requested BART to allow me to work in the "System

22   Service" position advertised in Exhibit 3, August 2006.

23   82.  In August 2006, after I was reinstated to my job with

24   BART, BART refused to allow me to work in the "System Service"

25   position advertised in Exhibit 3.

26   83.  In August 2006, after I was reinstated to my job on

27   August 15, 2006, I requested BART to allow me to exercise my

28   Declaration of Paul Melker            -11-

1  seniority rights to "bump" any employee with less seniority than

2  me working in "System Service".

3      84.  In August 2006, after I was reinstated to my job, BART

4  denied my request to allow me to exercise my seniority rights to

5  "bump" any employee with less seniority than me who was working

6  in System Service.

7      85.  In August 2006, after I was reinstated to my job with

8  BART, I was entitled to be "bump" into a System Service position

9  with BART based on my seniority on the job, pursuant to BART's

10 contract with my union, pursuant to BART past practice and

11 pursuant to BART policy.

12     86.  In August 2006, when I was reinstated to my job with

13 BART, there were BART employees with less seniority than me who

14 were working in "System Service" jobs for which I was qualified

15 and able to perform.

16     87.  BART denied my request to work as a System Service

17 Worker in August 2006, in retaliation for my prior employment

18 discrimination and or failure to accommodate complaint against

19 BART.

20     88.  In August 2006, BART had a past practice and policy of

21 allowing employees to bump into jobs from Utility Worker to

22 Systems Service worker based on seniority.

23     89.  In August 2006, BART had a past practice and policy of

24 allowing employees, who did not have disabilities based on drug

25 addiction to bump into jobs from Utility Worker to Systems

26 Service worker, based on seniority.

27     90.  In August 2006, BART had a past practice and policy of

28 Declaration of Paul Melker          -12-

1  allowing employees, who were non African American, to bump into

2  jobs from Utility Worker to Systems Service worker, based on

3  seniority.

4      91.  I had been employed by BART for five years when

5  BART reinstated me to the job in August 2005.

6      92.  When BART reinstated me to the job in August 2005, BART

7  reinstated me to the job at a pay rate of an employee with four

8  years employment with BART instead of at a pay rate of an

9  employee with five years of employment with BART.

10     93.  When I first requested BART to transfer me to "System

11  Service", because of my seniority on the job, after I was

12  reinstated to my job in August 2006, BART refused to do so.

13     94.  When I was reinstated to the job as a utility worker

14  with BART, BART placed me in job assignments that caused my work

15  schedule, my home schedule and my drug recovery schedule to be

16  unstable.

17     95.  I filed a discrimination complaint, based on race,

18  disability and retaliation complaint against BART with Equal

19  Employment Opportunity Commission, (hereinafter referred to as

20  "EEOC") within ninety (90) days of BART's unlawful conduct toward

21  me.  A copy of the EEOC complaint is marked **Exhibit 4**, attached

22  hereto and incorporated herein by this reference.

23     96.  I filed a discrimination, retaliation complaint against

24  BART with Department of Fair Employment and Housing, (herein

25  after referred to as "DFEH") within six months of BART's unlawful

26  conduct toward me.  A copy of my DFEH complaint is marked **Exhibit**

27  **5**, attached hereto and incorporated herein by this reference.

28  Declaration of Paul Melker            -13-

1     97.  On or about March 7, 2007, EEOC issued a right to sue

2  letter.  A copy of the EEOC right to sue letter is marked

3  **Exhibit 6**, attached hereto and incorporated herein.

4     98.  On or about January 26, 2007, DFEH issued a right to

5  sue letter.  A copy of the DFEH right to sue letter is marked

6  **Exhibit 7**, attached hereto and incorporated herein.

7     99.  BART's unlawful conduct toward me was carried out by

8  managerial employees' of BART acting in the course and scope of

9  such agency and/or employment.

10     100.  BART, knew or should have known that its employees and

11  or managerial employee(s), were discriminating against me because

12  of my race, and or disability, and or retaliating against me

13  because of my prior complaints of discrimination and that said

14  conduct was unlawful discrimination and or harassment.

15     101.  The actions and failures to act of BART were severe

16  and pervasive such that it created a hostile work environment for

17  me and for a reasonable person.

18     102.  BART, despite knowledge and or adequate opportunity to

19  learn of the discrimination, harassment, retaliation of its

20  agents and or employees, retained its employees, agents and or

21  employees in its service, and thereafter adopted, approved and

22  ratified the acts, omissions and misconduct of said defendants.

23     103.  As a proximate cause of BART's unlawful conduct toward

24  me I have suffered emotional distress and I have lost income.

25     104.  BART discriminated against me on the job because of my

26  race and or disability and or in retaliation for my prior

27  complaints of discrimination by doing acts stated herein, and

28  Declaration of Paul Melker          -14-

1   including but not limited to the following:

2       b. harassment of me by creating a hostile work environment

3   for plaintiff, because of my race, and or gender and or

4   disability and or in retaliation for my prior complaints of

5   discrimination;

6       c. denying me employment opportunities because of my race,

7   and or gender and or disability and or in retaliation for my

8   prior complaints of discrimination;

9       d. failing to take all reasonable immediate and appropriate

10  corrective action to remedy the unlawful employment harassment

11  and/or discrimination and or retaliation;

12      e. failing to take all reasonable steps necessary to prevent

13  unlawful discrimination and or harassment and or retaliation from

14  occurring on the job;

15      f. failing to reasonably accommodate me for my disability;

16      g. terminating my employment, because of my disability, and

17  or race and or gender.

18      h. retaliating against me for my prior complaints of

19  discrimination.

20      105.  In doing each and all of the acts alleged herein, said

21  BART and or its agents and or employees, acted intentionally,

22  willfully, and without justification, attempted to and did

23  deprive me of my rights, privileges and immunities secured to me

24  by the Constitution and laws of the State of California,

25  particularly my right to be free from discrimination and/or

26  harassment in employment on the grounds of race as provided by

27  Government Code §§ 12920, 12921, 12940, et seq., and Title VII of

28  Declaration of Paul Melker          -15-

1  the Civil Rights Act of 1964, as amended.

2      106.  I exhausted my administrative remedy prior to filing

3  my lawsuit herein.

4      107.  BART's conduct caused me to retain an attorney to

5  represent me in this lawsuit and to incur attorney fees.  The

6  amount of attorney fees has not been fully determined at this

7  time.  The amount of attorney fees will be shown according to

8  proof at the time of trial.

9      108.  BART's conduct stated herein cause me to suffer

10  emotional distress, mental anguish, anxiety and worry, to lose

11  income, and employment benefits, and incur attorney fees.

12      109.  It is reasonably certain that BART's unlawful conduct

13  as stated herein will cause me to suffer emotional distress,

14  mental anguish, anxiety and worry, to lose income, and incur

15  attorney fees, in the future all to my damage in an amount to be

16  shown according to proof.

17      110.  The conduct of BART, stated herein was willful,

18  wanton, malicious, and oppressive, in that defendant knew or

19  should have known that its conduct was unreasonable and or

20  illegal.  Furthermore, BART's acts were carried out in willful

21  and conscious disregard of plaintiff's rights and well-being such

22  as to constitute malicious, despicable conduct within the meaning

23  of California Civil Code §3294, entitling me to punitive damages

24  in an amount appropriate to punish or make an example of BART.

25      I declare under penalty of perjury under the laws of the

26  United States of America that the forgoing is true and correct,

27  this declaration was executed in Oakland, California, is within

28  Declaration of Paul Melker          -16-

1   my personal knowledge, and if called upon to testify I could and

2   would testify competently thereto.

3   Date: June 12, 2008                _____/s/_____
                                             Paul Melker

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Declaration of Paul Melker            -17-

EXHIBIT   1

## * * * EMPLOYMENT * *

**COMPLAINT OF DISCRIMINATION UNDER**
**THE PROVISIONS OF THE CALIFORNIA**
**FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # _____

EEOC # _____

If dual-filed with EEOC, this form may be affected by the Privacy Act of 1974.

**CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING and EEOC**

COMPLAINANT'S NAME (indicate Mr. or Ms.)
MELKER, PAUL LAMONT

| ADDRESS | | | TELEPHONE NUMBER (INCLUDE AREA C |
|---|---|---|---|
| 255 MacArthur Bl #205 | | | (510) 302-7826 |

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| Oakland | CA | 94610 | Alameda | 001 |

**NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESI COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:**

NAME
B. A. R. T.

| ADDRESS | | | TELEPHONE NUMBER (INCLUDE AREA CC |
|---|---|---|---|
| 300 Lakeside Dr | | | (510) 464-6000 |

| CITY | STATE | ZIP | COUNTY | COUNTY CODE |
|---|---|---|---|---|
| Oakland | CA | 94612 | Alameda | 001 |

CAUSE OF DISCRIMINATION BASED ON (CHECK APPROPRIATE BOX[ES])
☐ RACE   ☐ SEX   ☑ DISABILITY   ☐ RELIGION   ☐ NATIONAL ORIGIN/ANCESTRY   ☐ DENIAL OF FAMILY/MEDICAL LEAVE   ☐ SEXUAL ORIENTATION
☐ COLOR   ☐ AGE   ☑ MARITAL STATUS   ☐ MEDICAL CONDITION (cancer or genetic characteristics) ☐ OTHER (SPECIFY) _____

| NO. OF EMPLOYEES/MEMBERS | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT |
|---|---|---|
| CODE   1000 | TOOK PLACE (month, day, and year) May 27, 2005 | 73 |

THE PARTICULARS ARE:

I.   On May 27, 2005, I was terminated. On March 12, 2001, I was hired as a Utility Worker. At the time of the termination, I was earning $2,400 per month.

II.   Mr. Michael Settles, Human Resource Manager, told me, "I was terminated after I failed to complete a substance abuse rehabilitation program."

III.   I believe I was terminated on the basis of my disability (mental and substance addiction). My belief is based on the following:

A.   In or about December, 2004, I voluntarily participated in a supervised New Bridge Drug Rehabilitation program. The program was scheduled for approximately three (3) to four (4) months.

B.   In or about January, 2005, I was transferred to Kaiser Permanente rehabilitation program.

C.   On or about March 27, 2005, I sustained a temporary medical condition and received emergency medical services.

D.   On or about March 28, 2005, I notified my Rehabilitation Counselor Jeffrey Blair that I received medical treatment which required time off from the program for seven (7) days. Apparently, there was miscommunication between my rehabilitation counselor and my employer. However, I called Mr. Blair on a daily basis to report the status of my medical condition.

Exhibit 1

Page 1 of 2

* * * EMPLOYMEN᠊  * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH # _____

EEOC # _____

COMPLAINANT'S NAME(S) (indicate Mr. or Ms.)
MELKER, PAUL LAMONT

RESPONDENT'S NAME
B A R T

THE PARTICULARS ARE:

E.  In or about March, 2005, Drug and Alcohol Manager, Margaret Saget, notified me prior to
    the completion of my rehabilitation program that it was time to take the Return to Work te.
    and a return to work.

F.  On April 12, 2005, I successfully passed the Return to Work test.

G.  On May 27, 2005, I was terminated.

RECEIVED

FEB 1 0 2006

Department of Fair
Employment and Housing
Oakland District Office

Page 2 of 2

TYPED AND MAILED December 7, 2005
☐ I also want this charge filed with the Federal Equal Employment Opportunity Commission (EEOC).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own
knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated   2/10/06

At   OAKLAND

City

_____
COMPLAINANT'S SIGNATURE

DATE FILED:

STATE OF CALIFORNIA

EXHIBIT   2



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov



January 16, 2007


PAUL LAMONT MELKER
2105 Mckee Avenue
Berkeley, CA 94703

RE:    E200506M1158-00-p
       MELKER/SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT

Dear PAUL LAMONT MELKER:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed on the basis of: Complainant Elected Court Action.

Please be advised that this recommendation has been accepted and the case has been closed effective January 16, 2007.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.


Exhibit 2

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator


cc:    Case File


Sharon C. Moore
Principal Administrative Analyst
SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
300 Lakeside Dr POB 12688
Oakland, CA  94604-2688

DFEH-200-08 (06/08)
MLONGINS

# EXHIBIT  3

View Job Postings - Ext. App.                                                    Page 1 of 3



View Job Postings
## Job Description

| | |
|---|---|
| **Job Title:** | System Service Worker |
| **Location:** | Lakeside - 14th Floor |
| **Reference:** | 000027 |

**Marketing Statement**

BART, named the 2004 Outstanding Large Public Transportation System, by the American Public Transportation Association (APTA), is an outstanding career choice. A job at BART offers the satisfaction of providing an invaluable public service, while accomplishing your own career goals, earning highly competitive pay, and enjoying an unparalleled benefits program.

A wonderful opportunity.

**Pay and Benefits**

BART offers one of the most comprehensive compensation and benefits programs you will find anywhere. We pay at rates that are strongly competitive in the labor market, and complement our pay program with an outstanding benefits package. Benefits include the renowned CalPers pension; excellent medical, vision, and dental coverage, supplemental insurances, excellent paid holidays and vacation, as well as two investment programs, one of which is entirely funded by BART on your behalf. BART also saves you money in your paycheck because no deductions are made for Social Security.

**Pay Rate**

$17.91/hour to $23.42/hour

**Posted Date**

August 14, 2006

**Closing Date**

September 1, 2006

**Reports To**

As Assigned

**Who May Apply**

All current BART employees and qualified individuals who are not yet BART employees. ( Note: BART employees please review the selection process for speical insturction on how to apply for this position.)

**Scope**

Under general supervision, performs a variety of janitorial duties in maintaining District stations and offices in a clean and orderly condition; performs related work as assigned.

**Current Assignment**

The incumbents for this position will be classified as a System Service Worker and be responsible for maintaining the sanitation of all District stations as well as perform heavy cleaning in yards and shops.

**Essential Job Functions**

1)  Assembles necessary cleaning equipment, materials, supplies, cleaning solutions and required protective gear

2)  Travels to assigned work site maintaining District stations in a clean and orderly condition by: sweeping, scrubbing, waxing and cleaning floors, cleaning and polishing elevators, escalators, ticket machines, gates and fixtures, washing windows and windbreakers and emptying trash containers;

3)  Responsible for clearing leaves, trash and debris by sweeping and cleaning walkways, patios and

sidewalks from the station to the street and all bus stops on District property

4)  Cleans District office areas by vacuuming floors, carpets and upholstery, shampooing carpets and upholstery, emptying ashtrays and trash cans, dusting and washing chairs, desks, files and other surfaces and washing walls and doors

5)  Cleans and disinfects restroom surfaces and fixtures using detergents and chemicals

6)  Restocks restrooms with services supplies such as soap and paper goods

7)  Performs heavy cleaning in shop areas, including service pits, truck bays and docks and floor areas, ensuring that debris and grease are removed; in employee lunchroom areas, cleans sink, stove, refrigerator and tables in addition to floor and wall areas

8)  Steam cleans tools or parts as may be required; documents work performed, notifying crew leader or supervisor of required maintenance

9)  Responds to urgent cleanup in parking lots, garages, trains, offices, and stations as required

**Minimum Qualifications**

Education:
Equivalent to completion of the twelfth grade

Experience:
One year of experience which will have provided a familiarity with industrial janitorial procedures, equipment and supplies.

Other Requirements:
Must possess a valid California driver's license and have a satisfactory driving record. Must have physical capability to perform strenuous physical labor, including  sufficient strength to lift trash containers and equipment weighing up to 50 pounds.  Must be willing to work weekends and off hours shifts

**Selection Process**

This is a SEIU Local 790 Bargaining unit position. However, all full-time District employees must follow the internal maintenance "Short Form Application for District Pools" process.  Failure to comply will invalidate employee's application.  As actual vacancies occur, District employees on the internal eligibility list will be considered before outside candidates.

The Employment Office will screen bids/applications/resumes against the minimum qualifications.  Those candidates who meet the minimum qualifications  will be referred to the hiring department for further consideration.  The selection process may involve a skills/performance test, written exam, and/or a panel interview.  Outside applicants will not be considered until all employees who have applied have been considered first.

All external applicants are asked to complete the application in full, indicating dates of employment, all positions held, hours worked, and a full description of duties.  On line applicants are invited to electronically attach a resume to the application form to provide supplemental information, but should not consider the resume a substitute for the application form itself.

This announcement will be used to establish a pool of eligible outside candidates for vacancies occurring within  a twelve (12) month duration.  Eligible candidates from this pool will be considered only after the evaluation of interested BART employees has been completed.

**Application Process**

External applicants may only apply on line, at www.bart.gov.  Applicants needing assistance with the on line application process may receive additional information by calling 510 464 6112.

All applicants are asked to complete the application in full, indicating dates of employment, all positions held, hours worked, and a full description of duties.  On line applicants are invited to electronically attach a resume to the application form to provide supplemental information, but should not consider the resume a substitute for the application form itself.

Applications must be complete by the closing date and time listed on the job announcement.

**Other Information**

The successful candidate must have an employment history demonstrating reliability and dependability;

View Job Postings - Ext. App.

provide copies of certificates, diplomas or other documents as required by law, including those establishing his/her right to work in the U. S.; pass a pre-employment medical examination which includes a drug and alcohol screen, and which is specific to the essential job functions and requirements. Pre-employment processing may also includes a background check.

**Equal Employment Opportunity**

BART is an equal opportunity employer. Women, minorities, and persons with disabilities are encouraged to apply.

The BART Human Resources Department will make reasonable efforts in the examination process to accommodate persons with disabilities or for religious reasons. Please advise the Human Resources Department of any special needs in advance of the examination by calling 510 464 6112.

**Please apply before:**     09/01/2006

| Add Job to Basket |

Job Basket

Return to Job Postings

# EXHIBIT   4

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION COMPLAINT AGAINST SAN
FRANCISCO BAY AREA RAPID TRANSIT DISTRICT

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING COMPLAINT AGAINST SAN
FRANCISCO BAY AREA RAPID TRANSIT DISTRICT

COMPLAINANT:
Paul Melker
2105 McGee Avenue
Berkeley, CA 94703
tele. No. 510-302-7836
SS# 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

CHARGING PARTY: Melker, Paul
EEOC CHARGE # 555-2007-00303
RESPONDENT: Paul Melker .v. Bay Area Rapid Transit District

RECEIVED

JAN 2 5 2007

EEOC-OLO

ADDRESS WHERE NOTICES ARE TO BE SENT:
Michael C. Cohen
Law Offices of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA 94612
tele. NO. 510-832-6436

SUBJECT: Employment discrimination, harassment based on disability, gender, retaliation, failure to
reasonably accommodate

EMPLOYER:
San Francisco Bay Area Rapid Transit District, aka BART.
300 Lakeside Drive
Oakland, CA 94604-2688

JOB TITLE: System Services

San Francisco Bay Area Rapid Transit District, (hereinafter referred to as "BART")
discriminated against me and harassed me on the job because of my race, and or gender and or my
disability. My disability is my chemical dependency to drugs and alcohol. I am one year into recovery
from my chemical dependency. BART has also been retaliating against me because of the prior disability
discrimination claim I filed against BART when BART terminated my employment because of my
disability on May 27, 2005.

After BART terminated my employment on May 27, 2005, I filed a grievance with my union and
a complaint with DFEH for discrimination. Following the union arbitration hearing, the arbitrator
ordered BART to reinstate me to my former position with BART, with unbroken seniority. Prior to
BART terminating my employment, from July 2003 until July 2004, I worked for BART, in a permanent
position in "System Service". In July 2004, because of a reduction in force at BART, I was reassigned to
work in "Utility", with recall rights. On or about August 15, 2006, when BART reinstated my
employment, BART reinstated me to work as a "Utility Worker". At that time there were positions open
in "System Service". I have been employed by BART for five years. However, BART reinstated me at a
fourth year pay rate instead of a fifth year pay rate. When I first requested BART to transfer me to
"System Service", because of my seniority, BART refused to do so. BART has placed me in job
assignments that have caused my work, home and recovery schedule to be unstable.

Exhibit 4

EEOC CHARGE # 555-2007-00303
CHARGING PARTY: MELKER, Paul
RESPONDENT: Bay Area Rapid Transit District

Paul Melker
Complaint against BART with EEOC & DFEH
Page 2

**Complaints Against BART For BART Conduct Occurring After The Date I Filed My Prior EEOC & DFEH Complaints Against BART:**

The following conduct was done BART to discriminate/harass me because of my disability, and or prior complaints and or gender, and or retaliation for prior complaints of discrimination:

1. BART has discriminated against me when in interpreting and applying its "return to work seniority policy". In the past, when other BART employees were laid off by BART because of a reduction in force and subsequently reinstated, BART did not change their seniority date to the date they were reinstated to the job. BART interpreted its policy to mean that their seniority continued unbroken as though the employee had never been laid off. When I was laid off by BART because of a reduction in force and subsequently reinstated to the job, BART changed my seniority date to start from the date of my reinstatement to the job. BART interpreted its policy to mean that my seniority was broken as of the date I was laid off, and then started as of the date I was reinstated to the job. BART's differential treatment is based on race, and or retaliation for filing prior complaints of discrimination, and or discrimination based on my disability and or gender;

2. BART's differential treatment regarding my "seniority" and the way BART is applying its policy about "seniority" when employee is laid off and recalled to work is discrimination based on race, and or retaliation for filing prior complaints of discrimination, and or discrimination based on his disability;

3. I recently discovered that back in 2002, I was laid off from work out of seniority order;

4. Steve Duff, M line supervisor, is discriminating/harassing me because of gender, and or retaliation for my prior complaints of discrimination and or my disability. He required me to do 90% of the work and assigned a female co-worker who was worked in my same classification and job designation, and job assignment to do only 10% of the work designated for both of us to do. He gave me an unfair "write up". He waited until the last week I was scheduled to work at the Powell street station and then gave me a "wright up". He did not complain about my work performance for 3 months prior;

5. Failure to reasonably accommodate and or retaliation : After the arbitrator issued a finding that I was fired from my job without just cause, the arbitrator required BART to reinstate me to my job, and required me to meet with Margaret Saget, BART's Employee Services Representative, and to participate in a substance abuse program. When I met with Ms. Saget after I was reinstated to the job, she gave me a consent to test form to sign. At that time she did not inform me that I needed to sign a written agreement to abide by all its terms and conditions in order to avail myself of its benefits, while I was continuing to participate in New Bridge after care program.
At the time BART unlawfully terminated my employment I had been participating in BART's substance abuse program and attending New Bridge after care program. Ms. Saget should have informed me that I

RECEIVED

JAN 2 6 2007

EEOC CHARGE # 555-2007-00303
CHARGING PARTY: MELKER, Paul
RESPONDENT: Bay Area Rapid Transit District

Paul Melker
Complaint against BART with EEOC and DFEH
Page 3

needed to sign a new agreement to abide by the terms and conditions in order to avail myself of its benefits given but she only gave him a consent to test form to sign. Ms Saget and or BART treated me differently than it treated other similarly situated BART employees, because of my disability, and in retaliation for my prior complaints of discrimination, and retaliation, and failed and refused to reasonably accommodate me for my disability. BART failed to reasonably participate in and or engage with me in an interactive process to reasonably accommodate me for my disability;

6.    BART has altered my seniority date and pay on several occasions to discriminate against me because of my disability and in retaliation for my prior complaints of discrimination;

7.    BART has been paying me less than I am entitled to be paid based on my seniority in relation to other employees reasonably similarly situated, and performing similar work.;

8.    As of October 2006, I have been working in System Services. However, I am still being paid approximately $21.00, per hr., which is what a "utility worker" earns and I should be paid approximately $26.00 per hr., which is MW1, (Maintenance Worker 1 pay)Utility ;

9.    BART has been under paying me since 2003;

10.   BART has been altering my classification seniority date & district hire date.

11.   BART laid me off work out of order.

       I declare under penalty of perjury, pursuant to the laws of the State of California and laws of the United States of America, that the statements herein are true and correct and that this declaration was executed in Oakland, California on January 25, 2007.

                                                    Patil Melker

RECEIVED

JAN 2 6 2007

EEOC - OLO

EXHIBIT   5

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION COMPLAINT AGAINST SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING COMPLAINT AGAINST SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT

COMPLAINANT:
Paul Melker
2105 McGee Avenue
Berkeley, CA 94703
tele. No. 510-302-7836
SS# 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

CHARGING PARTY: Melker, Paul
EEOC CHARGE # 555-2007-00303
RESPONDENT: Paul Melker v. Bay Area Rapid Transit District

RECEIVED

JAN 2 5 2007

EEOC-OLO

ADDRESS WHERE NOTICES ARE TO BE SENT:
Michael C. Cohen
Law Offices of Michael C. Cohen
1814 Franklin Street, Suite 900
Oakland, CA 94612
tele. NO. 510-832-6436

SUBJECT: Employment discrimination, harassment based on disability, gender, retaliation, failure to reasonably accommodate

EMPLOYER:
San Francisco Bay Area Rapid Transit District, aka BART.
300 Lakeside Drive
Oakland, CA 94604-2688

JOB TITLE: System Services

San Francisco Bay Area Rapid Transit District, (hereinafter referred to as "BART") discriminated against me and harassed me on the job because of my race, and or gender and or my disability. My disability is my chemical dependency to drugs and alcohol. I am one year into recovery from my chemical dependency. BART has also been retaliating against me because of the prior disability discrimination claim I filed against BART when BART terminated my employment because of my disability on May 27, 2005.

After BART terminated my employment on May 27, 2005, I filed a grievance with my union and a complaint with DFEH for discrimination. Following the union arbitration hearing, the arbitrator ordered BART to reinstate me to my former position with BART, with unbroken seniority. Prior to BART terminating my employment, from July 2003 until July 2004, I worked for BART, in a permanent position in "System Service". In July 2004, because of a reduction in force at BART, I was reassigned to work in "Utility", with recall rights. On or about August 15, 2006, when BART reinstated my employment, BART reinstated me to work as a "Utility Worker". At that time there were positions open in "System Service". I have been employed by BART for five years. However, BART reinstated me at a fourth year pay rate instead of a fifth year pay rate. When I first requested BART to transfer me to "System Service", because of my seniority, BART refused to do so. BART has placed me in job assignments that have caused my work, home and recovery schedule to be unstable.

Exhibit 5

EEOC CHARGE # 555-2007-00303
CHARGING PARTY: MELKER, Paul
RESPONDENT: Bay Area Rapid Transist District

Paul Melker
Complaint against BART with EEOC & DFEH
Page 2

**Complaints Against BART For BART Conduct Occurring After The Date I Filed My Prior EEOC & DFEH Complaints Against BART:**

The following conduct was done BART to discriminate/harass me because of my disability, and or prior complaints and or gender, and or retaliation for prior complaints of discrimination:

1.   BART has discriminated against me when in interpreting and applying its "return to work seniority policy".  In the past, when other BART employees were laid off by BART because of a reduction in force and subsequently reinstated, BART did not change their seniority date to the date they were reinstated to the job.  BART interpreted its policy to mean that their seniority continued unbroken as though the employee had never been laid off.  When I was laid off by BART because of a reduction in force and subsequently reinstated to the job, BART changed my seniority date to start from the date of my reinstatement to the job.  BART interpreted its policy to mean that my seniority was broken as of the date I was laid off, and then started as of the date I was reinstated to the job.   BART's differential treatment is based on race, and or retaliation for filing prior complaints of discrimination, and or discrimination based on my disability and or gender;

2.   BART's differential treatment regarding my "seniority" and the way BART is applying its policy about "seniority" when employee is laid off and recalled to work is discrimination based on race, and or retaliation for filing prior complaints of discrimination, and or discrimination based on his disability;

3.    I recently discovered that back in 2002, I was laid off from work out of seniority order;

4.    Steve Duff, M line supervisor, is discriminating/harassing me because of gender, and or retaliation for my prior complaints of discrimination and or my disability.  He required me to do 90% of the work and assigned a female co-worker who was worked in my same classification and job designation, and job assignment to do only 10% of the work designated for both of us to do.  He gave me an unfair "write up".  He waited until the last week I was scheduled to work at the Powell street station and then gave me a "wright up".  He did not complain about my work performance for 3 months prior;

5.    Failure to reasonably accommodate and or retaliation : After the arbitrator issued a finding that I was fired from my job without just cause, the arbitrator required BART to reinstate me to my job, and required me to meet with Margaret Saget, BART's Employee Services Representative, and to participate in a substance abuse program.  When I met with Ms. Saget after I was reinstated to the job, she gave me a consent to test form to sign.  At that time she did not inform me that I needed to sign a written agreement to abide by all its terms and conditions in order to avail myself of its benefits, while I was continuing to participate in New Bridge after care program.
At the time BART unlawfully terminated my employment I had been participating in BART's substance abuse program and attending New Bridge after care program. Ms. Saget should have informed me that I

RECEIVED

JAN 2 6 2007

EEOC CHARGE # 555-2007-00303
CHARGING PARTY: MELKER, Paul
RESPONDENT: Bay Area Rapid Transit District

Paul Melker
Complaint against BART with EEOC and DFEH
Page 3

needed to sign a new agreement to abide by the terms and conditions in order to avail myself of its benefits given but she only gave him a consent to test form to sign. Ms Saget and or BART treated me differently than it treated other similarly situated BART employees, because of my disability, and in retaliation for my prior complaints of discrimination, and retaliation, and failed and refused to reasonably accommodate me for my disability. BART failed to reasonably participate in and or engage with me in an interactive process to reasonably accommodate me for my disability;

6.    BART has altered my seniority date and pay on several occasions to discriminate against me because of my disability and in retaliation for my prior complaints of discrimination;

7.    BART has been paying me less than I am entitled to be paid based on my seniority in relation to other employees reasonably similarly situated, and performing similar work.;

8.    As of October 2006, I have been working in System Services. However, I am still being paid approximately $21.00, per hr., which is what a "utility worker" earns and I should be paid approximately $26.00 per hr., which is MW1, (Maintenance Worker 1 pay)Utility ;

9.    BART has been under paying me since 2003;

10.    BART has been altering my classification seniority date & district hire date.

11.    BART laid me off work out of order.

I declare under penalty of perjury, pursuant to the laws of the State of California and laws of the United States of America, that the statements herein are true and correct and that this declaration was executed in Oakland, California on January 25, 2007.

Paul Melker

RECEIVED

JAN 2 6 2007

EEOC - OLO

EXHIBIT   6



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
5068 2200

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4239*
*Washington, DC 20530*

March 7, 2007

Mr. Paul Melker
c/o Michael C. Cohen, Esquire
Law Offices of Michael C. Cohen
Attorney at Law
1814 Franklin St., Ste. 900
Oakland, CA 94612

Re: EEOC Charge Against San Francisco Bay Area Rapid Transit District
    No. 555200700303

Dear Mr. Melker:

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Wan J. Kim
Assistant Attorney General
Civil Rights Division

by  *Karen L. Ferguson*

Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Oakland Local Office, EEOC
    San Francisco Bay Area Rapid Transit District

Exhibit 6

EXHIBIT   7

STATE OF CALIFORNIA - State and Consumer Services Agency                                     ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)



TTY # (800) 700-2320

| | |
|---|---|
| ☐ **H** 1001 Tower Way, Suite 250<br>Bakersfield, CA 93309<br>(661) 395-2729 | |
| ☐ **C** 1320 E. Shaw Avenue, Suite 150<br>Fresno, CA 93710<br>(559) 244-4760 | |
| ☐ **S/T** 611 West Sixth Street, Suite 1500<br>Los Angeles, CA 90017<br>(213) 439-6799 | |
| ☒ **M** 1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2941 | |
| ☐ **E** 2000 "O" Street, Suite 120<br>Sacramento, CA 95814<br>(916) 445-5523 | |
| ☐ **D** 1350 Front Street, Suite 3005<br>San Diego, CA 92101<br>(619) 645-2681 | |
| ☐ **A** San Francisco District Office<br>1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2973 | |
| ☐ **G** 111 North Market Street, Suite 810<br>San Jose, CA 95113<br>(408) 277-1277 | |
| ☐ **K** 2101 East Fourth Street, Suite 255-B<br>Santa Ana, CA 92705<br>(714) 558-4266 | |

EEOC Number:        555-2007-00303
Case Name:          **Paul Melker v. Bay Area Rapid Transit**
                    **District**
Date:               **January 26, 2007**

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

<u>No response to the DFEH is required by the respondent.</u>

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

<u>Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.</u>

Sincerely,

WANDA J. KIRBY
Chief Deputy Director