1    OFFICE OF THE GENERAL COUNSEL
     SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
2    THOMAS C. LEE (SBN 104624)
     VICTORIA R. NUETZEL (SBN 115124)
3    300 Lakeside Drive, 23rd Floor West
     Oakland, CA  94612-3534
4    Tel:  (510) 464-6023
     Fax:  (510) 464-6049
5    EMAIL:  VNUETZE@BART.GOV

6    Attorneys for Defendant
     San Francisco Bay Area Rapid Transit District
7

8

9                          IN THE UNITED STATES DISTRICT COURT

10                     NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

11

12   PAUL MELKER,                          Case No.:  C07-03762 MMC

13              Plaintiff,

14       vs.                               REPLY MEMORANDUM OF POINTS
                                           AND AUTHORITIES IN SUPPORT OF
15                                         MOTION FOR SUMMARY JUDGMENT
                                           (FRCP Rule 56)

16   SAN FRANCISCO BAY AREA RAPID          DATE:  June 27, 2008
17   TRANSIT DISTRICT,                     TIME:    9:00 a.m.
                                           COURTROOM: 7
18              Defendant.

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

STATEMENT OF RELIEF REQUESTED  …………………………………..   1

PRELIMINARY STATEMENT     …………………………………...   1

STATEMENT OF FACTS    …………………………………………...   2

ARGUMENT  ………………………………………………………   4

    A.    Melker has not met his burden of proof.   ……………………..   4

    B.    BART provided reasonable accommodation to Melker by
              allowing him to enter the Substance Abuse Program   …………   7

    C.    Plaintiff has no evidence of retaliation.   ………………………   9

    D.    Plaintiff has provided no evidence of pretext.   …………………..   10

    E.    Plaintiff has presented no evidence of disparate treatment.   …….   10

    F.    Plaintiff's pre-termination claims are barred.   ……………………   10

CONCLUSION     …………………………………………………………   11

55552v1

TABLE OF AUTHORITIES

Cases                                                                                               Page

*Brock v. Lucky Stores, Inc.* …………………………………………………… 2, 6, 9
2000 U.S. Dist. Lexis 3163 (N.D. Cal. 2000)
aff'd 2001 U.S. App. Lexis 24990 (9th Cir. 2001)

*Caldwell v. Paramount Unified School District* …………………………….. 5
41 Cal.App.4[th] 189 (1995)

*Chiaramonte v. Fashion Bed Group* …………………………………….. 5
129 F. 3d 391 (7th Cir. 1997)

*Hersant v. Department of Social Services* ………………………………… 2, 7
57 Cal.App.4[th] 997 (1997)

*Horn v. Cushman & Wakefield Western, Inc.* …………………………… 4
72 Cal.App.4[th] 798 (1999)

*King v. United Parcel Service* …………………………………… 5
152 Cal.App.4[th] 426 (2007)

*Loggins v. Kaiser Permanente International* ……………………………… 2
151 Cal.App.4[th] 1102 (2007).

*Martin v. Lockheed Missiles & Space Company* ……………………………… 5, 6
29 Cal.App.4[th] 1718 (1994)

*McKay v. Occidental Chemical Company* ………………………………... 6, 8
956 F.Supp. 1313 (S. D. Tex. 1997)

*Spitzer v. The Good Guys* …………………………………………… 5, 6
80 Cal. App.4[th] 1376 (2000)

*St. Mary's Honor Center v. Hicks* …………………………………… 4
509 U.S. 502 (1993)

*Vargas v. Gromko* …………………………………………………… 6, 9
977 F.Supp. 996 (N.D. Cal. 1997)

Statutes

Americans with Disabilities Act of 1990 ……………………………………… 7
(42 U.S. § 12101)

Cal. Gov. Code § 12940 …………………………………………… 4

Title VII of the Civil Rights Act of 1964 ………………………………… 4

55552v1

1       Defendant, SAN FRANCISCO BAY AREA RAPID TRAINSIT DISTRICT ("BART"), replies

2 to Plaintiff's Opposition to BART's Motion for Summary Judgment as follows:

3 STATEMENT OF RELIEF REQUESTED

4       Rather than address the issues presented by BART's Motion for Summary Judgment, plaintiff

5 opposition presents nothing more than plaintiff's self-serving declaration that he believes BART

6 discriminated against him.  BART, in its moving papers, established that, as a matter of law, it had a

7 legitimate business reason for its actions.  Plaintiff fails to address those legitimate business reason or

8 the cases cited in support thereof.  Plaintiff has presented <u>no</u> evidence that could potentially

9 demonstrate that BART's stated reasons were pretextual or that the real reasons for the actions were

10 discriminatory.  Plaintiff's opposition fails to respond to BART's motion and fails to present a triable

11 issue of fact.  Accordingly, BART's motion should be granted as requested.

12 PRELIMINARY STATEMENT

13       BART's Motion for Summary Judgment establishes that BART had a legitimate non-

14 discriminatory reason for plaintiff's termination, his failure to comply with the terms of the

15 rehabilitation agreement.  BART further established that Melker was returned to the correct position

16 and provided the non-discriminatory basis for that position and rate of pay.  In response, Melker

17 submitted  a lengthy declaration which does nothing more than restate the allegations of his complaint

18 and make unsupported legal conclusions.[1]  Melker's opposition does not challenge BART's

19 established facts and presents no admissible evidence that could arguably satisfy plaintiff's  burden of

20 proof .

21       Plaintiff contends first that BART has not met its evidentiary burden.  In making that assertion,

22 plaintiff does not address the admissible arbitration decision wherein the arbitrator determined that

23 Melker had failed to comply with the terms of the Rehabilitation Agreement. That finding establishes

24 BART's legitimate non-discriminatory bases for Melker's termination.  See *Vargas v Gromko* 977

25 F.Supp. 996 (N.D. Cal. 1997); see also *McKay v. Occidental Chemical Company* 956 F.Supp. 1313 (S.

26

27  

---

[1]  BART has filed a separate objection and request to strike the declaration of Paul Melker on the grounds that the declaration lacks foundation, is conclusory and argumentative.

28

55552v1

1    D. Tex. 1997); *Brock v. Lucky Stores, Inc.* 2000 U.S. Dist. Lexis 3163 (N.D. Cal. 2000) aff'd 2001

2    U.S. App. Lexis 24990 (9th Cir. 2001).

3         Plaintiff also contends that there are disputed issues of fact related to Melker's termination.

4    Plaintiff again fails to address BART's submission of evidence establishing that the termination was

5    for a legitimate non-discriminatory reason, the failure to comply with the terms of the Rehabilitation

6    Agreement.  That evidence is sufficient, as a matter of law, to shift the burden to plaintiff to establish

7    by substantial evidence that BART's reason is pretextual and the real reason was discriminatory.

8    Melker provides no such evidence.

9         Finally, Melker contends that there are disputed issues of fact regarding Melker's return to

10   work by refusing to allow him to "bump" into a different job classification.  That assertion again

11   disregards BART's evidence that this issue was presented to the arbitrator who determined the job

12   classification for Melker's reinstatement and further disregards the undisputed fact that Melker was

13   provided the opportunity to and did return to this desired job classification when that job became

14   available.

15        BART has established that it had legitimate business reason for its actions. See *Vargas v.*

16   *Gromko* 977 F. Supp. 996 (N. D. Cal., 1997); see also *Hersant v. Department of Social Services* 57

17   Cal.App.4[th] 997,1004-05 (1997); *Loggins v. Kaiser Permanente International* 151 Cal.App.4[th] 1102,

18   1113 (2007).   Melker's burden is to come forward with evidence that his discharge and the conditions

19   of his return to work following the arbitration were a pretext for discrimination.  Melker has failed to

20   present any admissible evidence in response and, for that reason, summary judgment should be

21   granted.

22                                    STATEMENT OF FACTS

23        It is undisputed that Melker was employed by BART commencing in 2001 as utility worker.

24   As a result of various reductions in force, he was terminated, reinstated to a system service worker, and

25   thereafter bumped to a position as a utility worker.  Melker was a utility worker when he voluntarily

26   self-referred to BART's substance abuse program and was admitted to the New Bridge Treatment

27   Center in a residential rehabilitation program.

28

1       The terms of BART's substance abuse policy specifically provide that an employee may self-
2   refer to the program and will be placed on paid administrative leave during the duration of the program
3   for a period of up to ninety (90) days.  See Declaration of Margaret Saget in Support of BART's
4   Motion for Summary Judgment ("Saget Decl.") ¶ 3, Exh. A.  It is also undisputed that Melker executed
5   a "Rehabilitation Agreement" which outlined the terms and conditions related to BART's substance
6   abuse program. See Saget Decl. Exh. B.

7       Melker's declaration asserts that he complied with the terms of that Rehabilitation Agreement;
8   however, that is disputed.  (See Saget Decl. ¶5, 6, 7).  The question of Melker's compliance with the
9   terms of that Rehabilitation Agreement was addressed by the arbitrator following Melker's
10  termination.  Melker has presented no admissible evidence in support of the assertion that he complied
11  with the terms of the Rehabilitation Agreement and provides no evidence in support of his other factual
12  assertions regarding his participation in various treatment programs or his purported return to work
13  test.  See Declaration of Paul Melker in Opposition to Summary Judgment Motion ("Melker Decl.") ¶¶
14  35, 36, 40, 44, 45 and 46.  The arbitrator who heard direct testimony relating to the issue of Melker's
15  compliance found that Melker had failed to comply with the terms of his Rehabilitation Agreement.
16  See Declaration of Victoria R. Nuetzel in Support of BART's Motion for Summary Judgment
17  ("Nuetzel Decl.") Exh. A, pp. 17-18.

18      Melker further asserts that following the arbitrator's decision, which converted his termination
19  to a 15-month suspension without back pay or benefits, he was reinstated at the improper position and
20  at an improper pay rate.  He fails to provide any evidence to support the claim that either was
21  improper.  BART has established through admissible evidence that the position to which Melker was
22  to be reinstated was submitted to the arbitrator who determined Melker was to be reinstated to the
23  position of utility worker.  Nuetzel Decl. Exh. B.  With respect to Melker's contention that his pay rate
24  upon his reinstatement was improper, essentially, he claims that, notwithstanding the fact that he was
25  suspended for 15 months, he was entitled to receive a raise in salary for the time he was suspended.
26  BART has established that Melker was paid upon reinstatement at the same level he had been
27  receiving at the time of his termination.  He was advanced to the next pay level after he had actually
28  worked for one full year at that pay grade.  In determining the appropriate rate of pay, Melker's

- 3 -

1   suspension without pay was treated under the terms of the CBA in the same manner as an employee

2   who is laid off and reinstated.  See Declaration of Wilbur Wong in Support of BART's Motion for

3   Summary Judgment ("Wong Decl.") ¶ 9.  Melker has failed to present any evidence that  Mr. Wong's

4   interpretation of the CBA was improper or otherwise present any evidence that  Mr. Wong's stated

5   reasons were pretextual and were in reality discriminatory.

6         Melker has failed to provide any support for his factual assertions and has further failed to

7   present any legitimate factual dispute.  The essential facts cannot be disputed.  Melker's opposition is

8   nothing more that a recitation of the allegations of the complaint which is insufficient to meet his

9   burden of proof.

10   <u>ARGUMENT</u>

11         As noted, plaintiff's complaint asserts two causes of action, a violation of Cal. Gov. Code §

12   12940 et. seq. ("FEHA claim") and Violation of Title VII of the Civil Rights Act of 1964, as amended

13   ("Title VII claim").   As a matter of law, plaintiff cannot prevail on either claim.

14        A.    <u>Melker has not met his burden of proof.</u>

15        BART, in its moving papers, established that it had a legitimate non-discriminatory reason for

16   the alleged adverse actions about which plaintiff complains.  Plaintiff's burden, in response, is to

17   provide <u>substantial evidence</u> that the stated non-discriminatory reason for the alleged adverse action

18   was untrue or pretextual, or evidence the employer acted with a discriminatory animus, or a

19   combination of the two.  *Horn v. Cushman & Wakefield Western, Inc.* 72 Cal.App.4[th] 798, 806-07

20   (1999) (affirming summary judgment in favor of employer where employee fails to establish that

21   termination was improperly motivated or given reasons were pretextual).  "The plaintiff must do more

22   than raise the inference that the employer's asserted reason is false.  '[A] reason cannot be proved to be

23   a pretext *for discrimination* unless it is shown *both* that the reason was false *and* that discrimination

24   was the real reason.'  *St. Mary's Honor Center v. Hicks* 509 U.S. 502, 515 (1993).  If plaintiff produces

25   *no* evidence from which a reasonable fact finder could infer that the employer's true reason was

26   discriminatory, the employer is entitled to summary judgment." *Caldwell v. Paramount Unified School*

27   *District*  41 Cal.App.4[th] 189, 203 (1995).

28

Plaintiff attempts to argue that he need produce nothing more than an inference of discrimination to overcome summary judgment; however, the cases he cites for this proposition demonstrate to the contrary.  See e.g. *Martin v. Lockheed Missiles & Space Company* 29 Cal.App.4[th] 1718, 1734 (1994) ("an employee responding to an employer's showing of a legitimate reason for discharge must produce substantial responsive evidence that the employer's showing was untrue or pretextual.  For this purpose, speculation cannot be regarded as substantial responsive evidence"); *Spitzer v. The Good Guys* 80 Cal. App.4[th] 1376, 1385 (2000) ("to defeat the motion for summary judgment, the plaintiff must show 'specific facts' and cannot rely on the allegations of the pleadings").

Once an employer satisfies its initial burden of proving the legitimacy of its reasons for termination, the discharged employee seeking to avert summary judgment must produce substantial responsive evidence that the employer's motive was pretextual and demonstrate: "that a discriminatory reason more likely motivated the employer or that the employer's explanation is unworthy of credence."  *Chiaramonte v. Fashion Bed Group,* 129 F. 3d 391, 398 (7th Cir. 1997) (upholding summary judgment for employer in action alleging age discrimination where employee failed to present evidence of improper motivation).

A plaintiff may not defeat a defendant's summary judgment merely by denying the credibility of the defendant's proffered reason for the challenged employment action.  Nor may a plaintiff create a genuine issue of material fact by relying solely on the plaintiff s subjective belief that the challenged employment action was unnecessary or unwarranted.  *Cornwell v Electra Central Credit Union 439* F.3d. 1018, 1029 n. 6 (9th Cir. 2006).  "Plaintiff's evidence must relate to the motivation of the decision-makers to prove by non-speculative evidence and actual causal link between prohibited motivation and termination."  *King v. United Parcel Service* 152 Cal.App.4[th]  426, 433-434 (2007) (upholding summary judgment on cause of action for disability discrimination based on employee's failure to present evidence of pretext.)

Melker has failed to meet his burden.  Plaintiff submitted a lengthy declaration which contains nothing more than plaintiff's recitation of his subjective beliefs and allegations.  Plaintiff's declaration lacks foundation and is otherwise conclusory and objectionable.  See BART's objections to Melker's Declaration filed concurrently herewith.  Melker has submitted nothing more than his self-serving

- 5 -

1    statement of his subjective belief that he was treated unfairly.  Such subjective belief cannot overcome

2    defendant's motion for summary judgment.  See *Martin v. Lockheed Missiles & Space Company,*

3    *supra,* 29 Cal.App.4th  at 1718;  see also *Spitzer v. The Good Guys*, supra, 80 Cal.App.4th at 1385.

4    　　The only other "evidence" submitted by plaintiff are the complaint, the arbitration decision and

5    portions of the deposition of Wilbur Wong.  See Declaration of Michael C. Cohen in Opposition to

6    Motion for Summary Judgment ("Cohen Decl.") Exhs. 7, 8, 9.  The arbitrator's decision was submitted

7    by BART and constitutes admissible evidence of BART's legitimate non-discriminatory reason for

8    Melker's termination.  See *Vargas v. Gromko* 977 F. Supp. 996 (N.D. Cal. 1997); see also *McKay v.*

9    *Occidental Chemical Company* 956 F. Supp. 1313 (S. D. Tex. 1997); *Brock v. Lucky Stores, Inc.* 2000

10   U.S. Dist. Lexis 3163 (N.D. Cal. 2000) aff'd 2001 U.S. App. Lexis 24990 (9th Cir. 2001).

11   　　The deposition of Wilbur Wong does not, as alleged by plaintiff, establish that there was an

12   available job in System Service at the time of Melker's reinstatement.  Mr. Wong does nothing more

13   than identify a job posting which he identifies as creating a pool of applicants.  See Cohen Decl. Exh.

14   7,  p. 15 lines 7-12.  This evidence does not provide substantial evidence that BART improperly denied

15   Melker the right to be reinstated to a System Service Worker position or even that there was a position

16   available.

17   　　As noted, Melker's declaration is only a restatement of the allegations of his complaint.  Such

18   evidence is, as a matter of law, insufficient to meet even plaintiff's burden and initial certainty doesn't

19   rise to the level of substantial evidence.  Melker provides no evidence of BART's alleged

20   discriminatory intent and no evidence that BART's stated reasons are pretextual. Absent substantial

21   additional evidence from which a trier of fact could infer the articulated reasons for adverse

22   employment action were untrue or pretextual, BART is entitled to summary judgment as a matter of

23   law.  See, e.g. *Hersant v. Department of Social Services* 57 Cal.App.4th 997, 1004-1005 (1997).

24   　　　　B.　　BART provided reasonable accommodation to Melker by allowing him to enter the

25   　　　　　　　Substance Abuse Program

26   　　In an effort to avoid summary judgment, plaintiff asserts to allege that BART failed to

27   accommodate his disability (drug addiction).  Essentially, Melker contends that requiring him to

28   adhere to the terms of the Rehabilitation Agreement constitutes a failure to accommodate his

- 6 -

1    disability.[2]  Melker's contention is predicated upon his allegation that a reasonable accommodation

2    would have been to allow him to continue participation in the drug rehabilitation program after the

3    completion of the 90 days permitted under the terms of the program and to allow him to take

4    (unlimited) time off work to recover from his drug addiction.  He further contends that it is the nature

5    of drug addiction that relapses should be anticipated and would affect his ability to participate in and

6    comply with the terms of his rehabilitation.  See Melker Decl. ¶¶ 51, 52, 53, 54, 55, 59, 60, and 61.[3]

7         Melker was terminated for his failure to comply with the terms of the Rehabilitation

8    Agreement, not because he was addicted to drugs or because he suffered a relapse.  BART provided a

9    reasonable accommodation allowing him participate in its substance abuse program.[4]   Melker was not

10   terminated for taking drugs or because he could not perform his work because of his addiction; he was

11   terminated because once he was provided with an accommodation, he failed to comply with the terms

12   of the program.

13        BART's Substance Abuse Program provided Melker with 90 working days leave during which

14   he received full pay and all benefits and continued to accrue sick leave and vacation.  He was referred

15   to a residential care faculty and all costs of the program were fully paid by BART.  The program

16   required only that while on paid leave that individual remain in treatment and advise his counselor

17   about the treatment.  See Saget Decl. ¶2, Exh. A.  Melker took the maximum, 90 working days, of paid

18   administrative leave permitted under the Substance Abuse Program.  He failed to continue in an

19   approved treatment program, failed to keep BART informed of his status, and failed to take the return

20   to work test on the date specified by BART.  It was based on these factors that he was terminated.

21   Saget Decl. ¶12.  The arbitrator confirmed that Melker did not comply with the terms of the

22   Rehabilitation Agreement, verifying BART's stated non-discriminatory reason for the termination.

23

---

24   [2]    Melker has not alleged a claim predicated upon a violation of the  Americans with Disabilities
     Act of 1990 (42 U.S. § 12101) and therefore this alleged failure to accommodate has no relation to his
     federal claims.  He has , however, alleged  State Court disability discrimination claims.

25

26   [3]    BART has objected to and moved to strike each of these paragraphs and they are referenced
     herein solely to provide reference for plaintiff's alleged contentions

27   [4]    BART does not concede that Melker was a disabled person entitled to reasonable
     accommodation under state law.  This issue need not be addressed because under any circumstance
28   BART provided a reasonable accommodation.

1    "The fact that Defendants terminated the Plaintiff for failing to honor the terms and conditions

2    of his return to work agreement is a legitimate reason for their decision to terminate his employment."

3    *McKay v. Occidental Chemical Company* 956 F.Supp. 1313, 1319 (S. D. Tex. 1997).

4    The plaintiff was terminated because he breached the agreement not because he is an

5    alcoholic. To attribute the termination to Plaintiff's alcoholism ignores an important

6    element of this case. <u>The return to work agreement itself was a reasonable attempt to</u>

7    <u>accommodate the Plaintiff's alleged disability</u>. Refusing to recognize that would render all

8    return to work agreements meaningless as every breach simply would be attributed to the

9    problems related to the alleged disability." *Id*. at 1319. (emphasis added).

10

11    Similar to the plaintiff in *McKay*, Melker contends that terminating him for failure to adhere to

12    the Rehabilitation Agreement constitutes a failure to accommodate his disability. As in *McKay*,

13    allowing Melker to enter into the Rehabilitation Agreement was itself an accommodation of his alleged

14    disability. To require BART to provide further accommodation by, in effect, granting an additional

15    leave when that employee relapses would render the Rehabilitation Agreement meaningless and could

16    potentially require BART to continue to pay and provide benefits to employees predicated upon their

17    alleged disability *ad infinitum* as that employee continues to relapse. Such a result is clearly absurd.

18    Melker asserts that there is a triable issue of fact as to whether BART made reasonable efforts

19    to accommodate him. BART has established that it accommodated Melker by providing the Substance

20    Abuse Program and providing him with all benefits available under that program. That participation

21    constitutes a reasonable accommodation and Melker had submitted no evidence that would suggest

22    otherwise.

23    C.    <u>Plaintiff has no evidence of retaliation</u>.

24    In opposition to BART's motion, plaintiff contends BART retaliated against him in August

25    2006, and continuing through mid-October 2006 by "failing and refusing to allow plaintiff to exercise

26    his seniority rights to ump[sic] employees working in ystem [sic] Services who had less seniority than

27    plaintiff." Plaintiff's Memorandum of Points and Authorities in Opposition to BART's Motion for

28    Summary Judgment ("Opposition") p. 18 lines 13-16.

- 8 -

1    The question of the position to which Melker was reinstated was directly addressed by the

2    arbitrator who indicated that Melker was to be returned to a position as a Utility Clerk.  Nuetzel Decl. ¶

3    5, Exh. B.  That decision by the arbitrator establishes a legitimate, non-discriminatory, reason for this

4    action.  *Vargas*, *supra,* 977 F.Supp. 997 n. 3; *Brock v. Lucky Stores, Inc*., *supra,* 2000 U.S. Dist. Lexis

5    3163.

6    Melker apparently contends he had a contractual right to remove employees with less seniority

7    from their System Service Position so that he could have that position.  He provides no evidence in

8    support of this assertion.  Plaintiff's employment and seniority rights are strictly controlled by the

9    terms of the collective bargaining agreement ("CBA") between BART and Melker's union (SEIU

10   Local 1020).  Wong Decl. ¶2.  If Melker had the right to his claims, those rights would be set forth in

11   the CBA.  Melker has provided no reference to the CBA because that agreement does not provide that

12   right.  Melker has alleged his own subjective belief regarding his  employment rights.  His beliefs fall

13   far below the level necessary to overcome summary judgment and far below the level necessary to

14   support a claim of retaliation.  Melker was reinstated to the position he had when he was terminated,

15   retained his seniority in that position and when a position was open in System Service was invited to

16   and did exercise his recall rights.  Wong Decl. ¶¶ 6, 7, 8.  Melker has not and cannot demonstrate these

17   actions were improper or retaliatory and BART's summary judgment should be granted.

18       D.    Plaintiff has provided no evidence of pretext.

19   Plaintiff contends that he has demonstrated pretext; however the only reference he makes is to

20   (unsupported) assertions that (1) Michal Settles told him he was terminated after he failed to complete

21   a substance abuse program; (2) the arbitrator found that plaintiff's drug test on April 12 was negative.

22   Opposition p. 19 lines 4-12.  These alleged facts, even if there were admissible, provide  no evidence

23   of pretext.  Even if the alleged statement were made by Ms. Settles,  Melker provides no evidence that

24   this individual was involved in the decision to terminate him or that her true motive was

25   discriminatory.  Melker was terminated for his failure to comply with the substance abuse program.

26   Thus, this statement is not probative of any issue in dispute.  Moreover, Melker's drug test <u>after</u> the

27   date he was required to take the return to work test is irrelevant and not probative of the alleged

28   motivation.  See Saget Decl. ¶¶ 11,12, 13.

- 9 -

E.    Plaintiff has presented no evidence of disparate treatment.

Plaintiff also contends that summary judgment should be denied because of alleged evidence of disparate treatment.  See Opposition p. 21.  No evidence is cited in support of this assertion.  Melker, in his declaration, states he was treated differently; however, there is no evidence cited in support of this claim.  Melker's statement is insufficient to support a finding that plaintiff was treated differently.

F.    Plaintiff's pre-termination claims are barred.

In its summary judgment motion, BART addressed plaintiff's vague allegations regarding certain actions taken with respect to his initial lay off in 2002 and 2003 return to work were, in some manner, discriminatory.[5]

Plaintiff has failed to address these allegations in his Opposition.  It is undisputed that the actions complained of by Melker occurred in 2002 and 2003 since they relate to the manner in which he was laid off and returned to work.  As a result, these claims are clearly time barred and no evidence has been presented to the contrary.

CONCLUSION

BART has met it burden of establishing a legitimate non-discriminatory reason for its employment actions related to plaintiff and, therefore, met its burden of proof.  The burden then shifts to plaintiff to present substantial evidence that the stated reasons were pretextual and that the true reasons were  discriminatory.  Plaintiff has failed to meet his burden.  He has submitted no admissible evidence that BART acted improperly.  As a result, it is respectfully requested that summary judgment be entered in BART's favor.

Dated: June 19, 2008                              Respectfully submitted,

                                          OFFICE OF THE GENERAL COUNSEL
                                          SAN FRANCISCO BAY AREA RAPID TRANSIT
                                          DISTRICT

                                          By _____ /s/ Victoria R. Nuetzel _____
                                              Victoria R. Nuetzel, Attorneys for Defendant
                                              San Francisco Bay Area Rapid Transit District

---

[5]    These allegations are presented only in Melker's EEOC charge dated January 25, 2007 and not as part of the DFEH complaint of discrimination and, therefore, are only at issue in the federal law cause of action.

- 10 -

55552v1