OFFICE OF THE GENERAL COUNSEL
SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT
THOMAS C. LEE (SBN 104624)
VICTORIA R. NUETZEL (SBN 115124)
300 Lakeside Drive, 23rd Floor West
Oakland, CA  94612-3534
(510) 464-6023
(510) 464-6049 (Fax)
vnuetze@BART.gov

Attorneys for Defendant
San Francisco Bay Area Rapid Transit District

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| PAUL MELKER,<br><br>               Plaintiff,<br><br>      vs.<br><br>SAN FRANCISCO BAY AREA RAPID<br>TRANSIT DISTRICT,<br><br>               Defendant. | Case No.:  C07-03762 MMC<br><br>DEFENDANT SAN FRANCISO BAY<br>AREA RAPID TRANSIT DISTRICT'S<br>OBJECTIONS TO AND REQUEST TO<br>STRIKE THE DECLARATION OF PAUL<br>MELKER SUBMITTED IN OPPOSITION<br>TO BART'S SUMMARY JUDGMENT<br>MOTION<br><br>DATE:   June 27, 2008<br>TIME:    10:30 a.m.<br>COURTROOM:  7 |

        Defendant, San Francisco Bay Area Rapid Transit District ("BART") objects to the Declaration

of Paul  Melker in Opposition to Summary Judgment Motion and requests that the declaration be

stricken, in whole or in part, for failure to comply with Northern District Local Rule 7-5, as follows:

<u>RELIEF REQUESTED</u>

        BART objects to the declaration of Paul Melker submitted in opposition to BART's motion for

summary judgment on the grounds that the declaration lacks foundation, is argumentative and

conclusory and contains hearsay.  BART requests that its objections be sustained and the declaration

stricken.

ARGUMENT

The declaration of Paul Melker submitted in opposition to BART's motion for summary judgment contains extensive argument, unsubstantiated conclusions of fact and law and otherwise fails to comply with the requirements of Local Rule 7-5 which specifically provides: "An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusion or arguments. Any statement made on information or belief must specify the basis therefore. An affidavit not in compliance with this rule may be stricken in whole or in part." FRCivP Rule 56(e) provides that when submitted to support or oppose a summary judgment motion an affidavit must be sworn, must be based on personal knowledge, must set forth facts that would be admissible at time of trial, and must establish the affiant's competence to testify.

A summary judgment declaration must contain specific facts which must be admissible in evidence in trial. See *Trevizo v. Adams* 455 F.3d 1155, 1160 (10th Cir. 2006). Self-serving affirmations must be more than conclusions or unsupported inferences. See *Velasquez-Garcia v. Horizon Lines of Puerto Rico, Inc.* 473 F.3d 11, 18 (1st Cir. 2007). Hearsay statements, conclusory averments, unfounded self-serving declarations, speculation or conjecture are generally improper. *Delancy v. Dutra Construction Co.* 183 F.3d 916 (9th Cir. 1999). "When non-moving party relies only on his own affidavit to oppose summary judgment, his affidavit may not be conclusory or unsupported by factual data." *Id.* at 921.

Melker's declaration is nothing more than argument, opinion and conclusory statements with no factual basis. The statements are without proper foundation and consist primarily of Melker's own beliefs and conclusions. The declaration contains virtually no admissible evidence and the evidence that is contained therein, which could arguably be admissible, is undisputed evidence relating to the dates of his employment or otherwise. The declaration should be stricken and not considered in opposition to BART's summary judgment motion.

BART'S SPECIFIC OBJECTIONS

Each objection and improper statement is individually addressed as follows:

1       1.      BART objects to and moves to strike paragraph 5 of Melker's declaration, pg. 2 lines 2-

2  4 (Melker's statement that he properly performed his job duties) on the grounds that the statement

3  lacks foundation and is conclusory.

4       2.      BART objects to and moves to strike paragraph 7 of Melker's declaration, pg. 2 lines 6-

5  7 (Melker's statement that he became a disabled employee) on the grounds that the statement lacks

6  foundation and is an improper legal conclusion.

7       3.      BART objects to and moves to strike paragraph 8 of Melker's declaration, pg. 2 lines 8-

8  9 (Melker's statement that he performed his essential job duties) on the grounds that the statement

9  lacks foundation and is conclusory.

10      4.      BART objects to and moves to strike paragraph 13 of Melker's declaration, pg. 2 lines

11  22-24 (Melker's statement that he voluntarily participated in a supervised drug rehabilitation program

12  scheduled for 3-4 months) on the grounds that the statement lacks foundation and is conclusory.

13      5.      BART objects to and moves to strike paragraph 16 of Melker's declaration, pg. 3 lines

14  4- 9 (Melker's statement regarding the execution of the terms of the Rehabilitation Agreement) on the

15  grounds that the Rehabilitation Agreement terms are set forth in the document itself and that statement

16  otherwise lacks foundation.

17      6.      BART objects to and moves to strike paragraph 17 of Melker's declaration, pg. 3 lines

18  10-12 (Melker's statement that the union was not provided the opportunity to execute the

19  Rehabilitation Agreement) on the grounds that the statement lacks foundation and is speculative.

20      7.      BART objects to and moves to strike paragraph 18 of Melker's declaration, pg. 3 lines

21  13-14 (Melker's statement that he complied with the written agreement) on the grounds that it

22  constitutes an improper legal conclusion, lacks foundation and is argumentative.

23      8.      BART objects to and moves to strike paragraph 19 of Melker's declaration, pg. 3 lines

24  15-17 (Melker's statement that he completed the New Bridge Program) on the grounds that the

25  statement is conclusory and lacks foundation.

26      9.      BART objects to and moves to strike paragraph 21 of Melker's declaration, pg. 3 lines

27  20 -23 (Melker's statement regarding his attendance at Kaiser Chemical Dependency Program) on the

28  grounds that the statement lacks foundation.

10.   BART objects to and moves to strike paragraph 22 of Melker's declaration, pg. 3 lines 24-27 (Melker's statement regarding phase 2 of the day treatment program ) on the grounds that the statement is conclusory, lacks foundation and is irrelevant because it does not clearly specify any date.

11.   BART objects to and moves to strike paragraph 24 of Melker's declaration, pg. 4 lines 4-6 (Melker's statement that he terminated his treatment with Kaiser because of health care coverage) on the grounds that the statement is conclusory and irrelevant.

12.   BART objects to and moves to strike paragraph 25 of Melker's declaration, pg. 4 lines 7-12 (Melker's statement regarding  the February 16, 2005 telephone call with Margaret Saget and Roxanne Sanchez) on the grounds that it contains hearsay in that it purports to provide the statement made by Margaret Saget and otherwise lacks foundation.

13.   BART objects to and moves to strike paragraph 27 of Melker's declaration, pg. 4 lines 18-20 (Melker's statement regarding Ms. Saget's response to his alleged request for time off) on the grounds that it contains hearsay and is argumentative.

14.   BART objects to and moves to strike paragraph 29 of Melker's declaration, pg. 4 lines 24-26 (Melker's statement that he agreed to meet with Margaret Saget ) on the grounds that the statement (that returning to Oakland CDRP was not clinically indicated) lacks foundation.

15.   BART objects to and moves to strike paragraph 30 of Melker's declaration, pg. 4 line 27- pg. 5 line 1 (Melker's statement that due to a conflict with another client at Kaiser, the Kaiser staff advised him not to return to treatment ) on the grounds that the statement contains hearsay, is conclusory and lacks foundation.

16.   BART objects to and moves to strike paragraph 31 of Melker's declaration, pg. 5 lines 2-3 (Melker's statement that he asked Kaiser to allow him to restart the rehabilitation program) on the grounds that the statement lacks foundation.

17.   BART objects to and moves to strike paragraph 32 of Melker's declaration, pg. 5 lines 4-9 (Melker's statement regarding Kaiser's directives regarding treatment) on the grounds that the statement contains hearsay, is conclusory and lacks foundation.

- 4 -

55555v1

18.    BART objects to and moves to strike paragraph 33 of Melker's declaration, pg. 5 lines 10-13 (Melker's statement regarding attendance at Kaiser) on the grounds that the statement contains hearsay, is conclusory and lacks foundation.

19.    BART objects to and moves to strike paragraph 35 of Melker's declaration, pg. 5 lines 16-17 (Melker's statement that he took and passed a return to work test) on the grounds that the statement contains lacks foundation and is conclusory.

20.    BART objects to and moves to strike paragraph 36 of Melker's declaration, pg. 5 lines 18-22 (Melker's statement regarding his alleged attendance at Kaiser) on the grounds that the statement lacks foundation and is conclusory.

21.    BART objects to and moves to strike paragraph 37 of Melker's declaration, pg. 5 lines 23-27 (Melker's statement regarding the discussion between Saget and Dr. Binkoff) on the grounds that the statement contains hearsay, lacks foundation and is conclusory.

22.    BART objects to and Ms. Saget moves to strike paragraph 38 of Melker's declaration, pg. 6 lines 1-4 (Melker's statement regarding's alleged failure to refer him to a 6-month residential treatment program) on the grounds that the statement contains hearsay, is speculative, lacks foundation, is conclusory and argumentative.

23.    BART objects to and moves to strike paragraph 39 of Melker's declaration, pg. 6 lines 5-9 (Melker's statement regarding Ms. Saget's alleged order to report for a return to work fitness for duty exam) on the grounds that the statement contains hearsay, lacks foundation, is conclusory and argumentative.

24.    BART objects to and moves to strike paragraph 40 of Melker's declaration, pg. 6 lines 10-12 (Melker's statement regarding his alleged drug test) on the grounds that the statement lacks foundation and is conclusory.

25.    BART objects to and moves to strike paragraph 41 of Melker's declaration, pg. 6 lines 12-16 (Melker's statement regarding BART's alleged policies and procedures) on the grounds that the statement lacks foundation, is conclusory and argumentative.

55555v1

26.     BART objects to and moves to strike paragraph 42 of Melker's declaration, pg. 6 lines 17-20 (Melker's statement regarding BART's alleged policies and procedures) on the grounds that the statement lacks foundation, is conclusory and argumentative.

27.     BART objects to and moves to strike paragraph 43 of Melker's declaration, pg. 6 lines 21-23 (Melker's statement regarding BART's alleged knowledge of his purported disability) on the grounds that the statement lacks foundation, is conclusory and argumentative.

28.     BART objects to and moves to strike paragraph 44 of Melker's declaration, pg. 6 lines 24-26 (Melker's statement that he fully participated in BART's drug rehabilitation program) on the grounds that the statement lacks foundation, is conclusory and argumentative.

29.     BART objects to and moves to strike paragraph 45 of Melker's declaration, pg. 6, line 27- pg. 7 line 3 (Melker's statement that he voluntarily entered the program, participated in the program regularly called his Rehabilitation counselor and successfully passed the return to work test) on the grounds that the statement lacks foundation, is conclusory and argumentative.

30.     BART objects to and moves to strike paragraph 46 of Melker's declaration, pg. 7, lines 4-5 (Melker's statement that he substantially complied with all terms and conditions of BART's drug rehabilitation program) on the grounds that the statement lacks foundation, contains an improper legal conclusion and is argumentative.

31.     BART objects to and moves to strike paragraph 49 of Melker's declaration, pg. 7 lines 10-13  (Melker's statement that he performed competently as a system service worker) on the grounds that the statement lacks foundation, is conclusory and argumentative.

32.     BART objects to and moves to strike paragraph 50 of Melker's declaration, pg. 7 lines 14-22 (Melker's statement regarding BART's reduction in force and offer of differing employment) on the grounds that the statement contains hearsay, lacks foundation, is conclusory and argumentative.

33.     BART objects to and moves to strike paragraph 51 of Melker's declaration, pg. 7 lines 23-26 (Melker's statement that he was terminated without just cause) on the grounds that the statement lacks foundation, is speculative, constitutes an impermissible legal conclusion and is argumentative.

34.    BART objects to and moves to strike paragraph 52 of Melker's declaration, pg. 7, line 27 – pg. 8 line 1 (Melker's statement that he was terminated without just cause) on the grounds that the statement lacks foundation, is speculative, contains an improper legal conclusion and is argumentative.

35.    BART objects to and moves to strike paragraph 53 of Melker's declaration, pg. 8 lines 2-4 (Melker's statement that when he was terminated he was able to perform the essential duties of his job) on the grounds that the statement lacks foundation is speculative, contains an improper legal conclusion and is argumentative.

36.    BART objects to and moves to strike paragraph 54 of Melker's declaration, pg. 8 lines 5- 7 (Melker's statement that when he was terminated he requested to be allowed to remain in rehabilitation) on the grounds that the statement lacks foundation, is conclusory and argumentative.

37.    BART objects to and moves to strike paragraph 55 of Melker's declaration, pg. 8 lines 8-10  (Melker's statement that when he was terminated he asked to be allowed to take time off work) on the grounds that the statement lacks foundation, is conclusory and argumentative.

38.    BART objects to and moves to strike paragraph 56 of Melker's declaration, pg. 8 lines 11- 13  (Melker's statement that when he was terminated his doctor had not released him to return to work) on the grounds that the statement lacks foundation, is conclusory and argumentative.

39.    BART objects to and moves to strike paragraph 57 of Melker's declaration, pg. 8 lines 14-19   (Melker's statement regarding BART's practice and procedures) on the grounds that the statement lacks foundation, is speculative, conclusory and argumentative.

40.    BART objects to and moves to strike paragraph 58 of Melker's declaration, pg. 8 lines 20-22  (Melker's statement regarding his conversation with Micheal Settles) on the grounds that the statement contains hearsay.

41.    BART objects to and moves to strike paragraph 60 of Melker's declaration, pg. 8, line 26 – pg. 9 line 1 (Melker's statement regarding the nature of chemical dependency) on the grounds that the statement lacks foundation, is speculative, conclusory and argumentative.

42.    BART objects to and moves to strike paragraph 61 of Melker's declaration, pg. 9 lines 2-6  (Melker's statement regarding BART's reasonable anticipation regarding relapse) on the grounds that the statement lacks foundation, is speculative, conclusory and argumentative.

43.    BART objects to and moves to strike paragraph 62 of Melker's declaration, pg. 9 lines 7-10  (Melker's statement regarding BART's practice and procedure regarding a "second chance") on the grounds that the statement lacks foundation, is speculative, conclusory and argumentative.

44.    BART objects to and moves to strike paragraph 63 of Melker's declaration, pg. 9 lines 11-13  (Melker's statement regarding his request for a "second chance") on the grounds that the statement lacks foundation.

45.    BART objects to and moves to strike paragraph 64 of Melker's declaration, pg. 9 lines 14-15  (Melker's statement that BART violated its policies and practice) on the grounds that the statement lacks foundation, contains an improper legal conclusion and is speculative, argumentative and conclusory.

46.    BART objects to and moves to strike paragraph 65 of Melker's declaration, pg. 9 lines 16-17  (Melker's statement that BART violated its policies and procedures) on the grounds that the statement lacks foundation, contains an improper legal conclusion and is speculative, argumentative and conclusory.

47.    BART objects to and moves to strike paragraph 66 of Melker's declaration, pg. 9 lines 18-19  (Melker's statement that BART denied him accommodation of his disability) on the grounds that the statement lacks foundation, contains an improper legal conclusion and is speculative, argumentative and conclusory.

48.    BART objects to and moves to strike paragraph 67 of Melker's declaration, pg. 9 lines 20-24  (Melker's statement regarding an alleged photo in BART stations) on the grounds that the statement lacks foundation, is speculative, conclusory, and argumentative.

49.    BART objects to and moves to strike paragraph 68 of Melker's declaration, pg. 9 lines 25-28  (Melker's statement that BART's conduct was unreasonable and improperly motivated) on the grounds that the statement lacks foundation, contains an improper legal conclusion and is speculative, argumentative and conclusory.

50.    BART objects to and moves to strike paragraph 69 of Melker's declaration, pg. 10 lines 1-2  (Melker's statement that BART terminated his employment because of his disability) on the

1    grounds that the statement lacks foundation, contains an improper legal conclusion and is speculative,

2    argumentative and conclusory.

3      51. BART objects to and moves to strike paragraph 70 of Melker's declaration, pg. 10 lines

4    3-6  (Melker's statement that BART treated him differently than non-African American and/or female

5    employees) on the grounds that the statement lacks foundation, contains an improper legal conclusion

6    and is speculative, argumentative and conclusory.

7      52. BART objects to and moves to strike paragraph 71 of Melker's declaration, pg.10 lines

8    7-10   (Melker's statement that BART violated its second chance policy) on the grounds that the

9    statement lacks foundation contains an improper legal conclusion and is speculative, argumentative

10   and conclusory.

11     53. BART objects to and moves to strike paragraph 75 of Melker's declaration, pg. 11 lines

12   1-5  (Melker's statement characterizing the arbitrator's ruling) on the grounds that the decision speaks

13   for itself and the statement is conclusory and argumentative.

14     54. BART objects to and moves to strike paragraph 77 of Melker's declaration, pg. 11 lines

15   8-10  (Melker's statement there a system service worker job opening when he was reinstated) on the

16   grounds that the statement lacks foundation and is speculative and conclusory.

17     55. BART objects to and moves to strike paragraph 78 of Melker's declaration, pg. 11 lines

18   11-15  (Melker's statement regarding Exhibit 3) on the grounds that the statement misrepresents the

19   document, which speaks for itself and provides that the posting is to establish a pool of applicants and

20   doesn't specify an actual vacant position.

21     56. BART objects to and moves to strike paragraph 80 of Melker's declaration, pg. 11, lines

22   17-20   (Melker's statement that BART employees with less seniority than him held positions as

23   system service workers) on the grounds that the statement lacks foundation, is speculative, conclusory

24   and argumentative.

25     57. BART objects to and moves to strike paragraph 81of Melker's declaration, pg. 11 lines

26   21-22  (Melker's statement that he requested to be allowed to work in the "advertised " system service

27   position) on the grounds that the statement lacks foundation.

28

55555v1

1    58.    BART objects to and moves to strike paragraph 82 of Melker's declaration, pg. 11 lines

2    21-25  (Melker's statement BART refused to allow him to work in the advertised system service

3    position) on the grounds that the statement lacks foundation and is conclusory and argumentative.

4    59.    BART objects to and moves to strike paragraph 83 of Melker's declaration, pg. 11, line

5    26- pg 12 line 2  (Melker's statement that he requested the right to bump employees with less

6    seniority) on the grounds that the statement lacks foundation and is argumentative.

7    60.    BART objects to and moves to strike paragraph 84 of Melker's declaration, pg. 12, lines

8    3-6 (Melker's statement that BART denied his request to exercise his seniority rights) on the grounds

9    that the statement lacks foundation and is conclusory and argumentative.

10    61.    BART objects to and moves to strike paragraph 85 of Melker's declaration, pg. 12, lines

11    7-11 (Melker's statement that BART he was entitled to "bump" into a System Service position) on the

12    grounds that the statement lacks foundation and is conclusory and argumentative.

13    62.    BART objects to and moves to strike paragraph 86 of Melker's declaration, pg. 12, lines

14    12-15 (Melker's statement that when he was reinstated there were BART employees with less seniority

15    working in System Service positions) on the grounds that the statement lacks foundation and is

16    conclusory and argumentative.

17    63.    BART objects to and moves to strike paragraph 87 of Melker's declaration, pg. 12, lines

18    16-19 (Melker's statement that BART denied his request in retaliation for his complaints ) on the

19    grounds that the statement lacks foundation, contains an improper legal conclusion, is speculative and

20    argumentative.

21    64.    BART objects to and moves to strike paragraph 88 of Melker's declaration, pg. 12, lines

22    20-22 (Melker's statement regarding BART's past practice and policy) on the grounds that the

23    statement lacks foundation, is speculative, conclusory and argumentative.

24    65.    BART objects to and moves to strike paragraph 89 of Melker's declaration, pg. 12, lines

25    23- 26 (Melker's statement regarding BART's past practice and policy) on the grounds that the

26    statement lacks foundation, is speculative, conclusory and argumentative.

27

28

- 10 -

55555v1

1     66.     BART objects to and moves to strike paragraph 90 of Melker's declaration, pg. 12, line

2  27- pg. 13 line 3(Melker's statement regarding BART's past practice and policy) on the grounds that

3  the statement lacks foundation, is speculative, conclusory and argumentative.

4     67.     BART objects to and moves to strike paragraph 91 of Melker's declaration, pg. 13, lines

5  4-5 (Melker's statement regarding his employment) on the grounds that the statement lacks foundation.

6     68.     BART objects to and moves to strike paragraph 92 of Melker's declaration, pg. 13, lines

7  6-9 (Melker's statement regarding his reinstatements pay) on the grounds that the statement lacks

8  foundation and is conclusory and argumentative.

9     69.     BART objects to and moves to strike paragraph 93 of Melker's declaration, pg. 13, lines

10  10-12 (Melker's statement his request to be transferred to "System Service" ) on the grounds that the

11  statement lacks foundation, is conclusory and argumentative.

12     70.     BART objects to and moves to strike paragraph 94 of Melker's declaration, pg. 13, lines

13  13-16 (Melker's statement that BART placed him in job assignments that caused his recovery to be

14  unstable) on the grounds that the statement lacks foundation, is speculative, conclusory and

15  argumentative.

16     71.     BART objects to and moves to strike paragraph 95 of Melker's declaration, pg. 13, lines

17  17-22 (Melker's statement regarding the filing of his EEOC complaint) on the grounds that the

18  statement lacks foundation and contains an improper legal conclusion, that it was filed within 90 days

19  of BART's unlawful conduct.

20     72.     BART objects to and moves to strike paragraph 96 of Melker's declaration, pg. 13, lines

21  23-27 (Melker's statement regarding the filing of his DFEH complaint) on the grounds that the

22  statement lacks foundation and contains an improper legal conclusion, that it was filed within 6 months

23  of BART's unlawful conduct.

24     73.     BART objects to and moves to strike paragraph 99 of Melker's declaration, pg. 14, lines

25  7-9 (Melker's statement that BART's unlawful conduct was carried out by managerial employees

26  acting within the course and scope of their agency and/or employment) on the grounds that the

27  statement lacks foundation, contains an improper legal conclusion, is speculative and argumentative.

28

55555v1

74.    BART objects to and moves to strike paragraph 100 of Melker's declaration, pg. 14, lines 10-14 (Melker's statement that BART's knew or should have known that its managerial employees were discriminating against him because of prior complaints of discrimination or harassment) on the grounds that the statement lacks foundation, contains an improper legal conclusion, is speculative and argumentative.

75.    BART objects to and moves to strike paragraph 101 of Melker's declaration, pg. 14, lines 15-17 (Melker's statement that the actions and failures of BART were severe and pervasive such that it created a hostile work environment) on the grounds that the statement lacks foundation, contains an improper legal conclusion, is speculative and argumentative.

76.    BART objects to and moves to strike paragraph 102 of Melker's declaration, pg. 14, lines 18 -22 (Melker's statement that BART's despite knowledge of the discrimination of its agents and employees adopted and ratified their acts) on the grounds that the statement lacks foundation, contains improper legal conclusions, is speculative and argumentative.

77.    BART objects to and moves to strike paragraph 103 of Melker's declaration, pg. 14, lines 7-9 (Melker's statement that he sustained damages as result of BART's unlawful conduct) on the grounds that the statement lacks foundation, contains an improper legal conclusion, is speculative and argumentative.

78.    BART objects to and moves to strike paragraph 104 of Melker's declaration, pg. 14, line 25- pg. 15 line 19 (Melker's statement regarding BART's alleged acts of discrimination) on the grounds that the statement lacks foundation, contains improper legal conclusions, is speculative, conclusory and argumentative.  This paragraph is nothing more than a restatement of the allegations of plaintiff's complaint and contains no evidence or facts to support the allegations.

79.    BART objects to and moves to strike paragraph 105 of Melker's declaration, pg. 15, line 20 – pg. 16-line 1 (Melker's statement that BART and its employees acted intentionally and without justification) on the grounds that the statement lacks foundation, contains improper legal conclusions, is speculative, conclusory and argumentative. This paragraph is a restatement of the allegation made in plaintiff's complaint and contains no evidence or facts to support the allegation.

80.     BART objects to and moves to strike paragraph 106 of Melker's declaration, pg. 16, lines 2-4 (Melker's statement that he exhausted his administrative remedies) on the grounds that the statement lacks foundation and contains an improper legal conclusion.

81.     BART objects to and moves to strike paragraph 107 of Melker's declaration, pg. 16, lines 4-8 (Melker's statement that BART's conduct caused him to retain an attorney) on the grounds that the statement lacks foundation and contains an improper legal conclusion.

82.     BART objects to and moves to strike paragraph 108 of Melker's declaration, pg. 16, lines 9-11 (Melker's statement that BART's action caused him to suffer emotional distress) on the grounds that the statement lacks foundation and contains an improper legal conclusion.

83.     BART objects to and moves to strike paragraph 109 of Melker's declaration, pg. 16, lines 12-16 (Melker's statement that he will sustain damages in the future as result of BART unlawful conduct) on the grounds that the statement lacks foundation and contains an improper legal conclusion.

84.     BART objects to and moves to strike paragraph 110 of Melker's declaration, pg. 16, lines 17-24 (Melker's statement regarding BART's actions and his alleged entitlement to punitive damages) on the grounds that the statement lacks foundation and contains an improper legal conclusion.  BART further objects that it is irrelevant.  Melker states he is entitled to punitive damages whereas, as a matter of law, Melker is not entitled to recover punitive damages from BART.  Cal. Gov. § 818.

CONCLUSION

Melker's declaration as a whole contains no relevant admissible evidence that responds to BART's motion for summary judgment or which rebuts the admissible evidence submitted by BART in support of its motion.  The declaration is a series of unrelated statements of unsupported conclusions of law, opinion and argument.  Melker's statements are made without any attempt to lay a foundation and are nothing more than plaintiff's conclusory statements about his beliefs.

1    Melker's declaration is improper in form and substance.  Accordingly, BART requests that its

2  objections be sustained and that the declaration be stricken and not be considered in opposition to

3  BART's motion for summary judgment.

4  DATED:  June 19, 2008

5                                                        OFFICE OF THE GENERAL COUNSEL
                                                        SAN FRANCISCO BAY AREA RAPID TRANSIT
6                                                        DISTRICT

7

8                                                        By _____/s/_Victoria R. Nuetzel_____
                                                              Victoria R. Nuetzel, Attorneys for Defendant
9                                                              San Francisco Bay Area Rapid Transit District

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C07-03762 MMC, OBJECTIONS TO AND REQUEST TO STRIKE MELKER DECLARATION

55555v1