United States District Court

For the Northern District of California

1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7

                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

PAUL MELKER,                                            No. C-07-3762 MMC

10

             Plaintiff,                                 **ORDER GRANTING IN PART AND**

11                                                      **DENYING IN PART DEFENDANT'S**

    v.                                                  **MOTION FOR SUMMARY JUDGMENT;**

12                                                      **REMANDING STATE LAW CLAIM**

SAN FRANCISCO BAY AREA RAPID

13   TRANSIT DISTRICT,

14             Defendant

                                                 /

15

16        Before the Court is defendant San Francisco Bay Area Rapid Transit District's

17   motion for summary judgment, filed May 21, 2008.  Plaintiff Paul Melker has filed

18   opposition, to which defendant has replied.  Having read and considered the papers filed in

19   support of and in opposition to the motion,[1] the Court rules as follows.

20        1.   Defendant is entitled to summary judgment in its favor on plaintiff's Second

21   Cause of Action, by which plaintiff alleges a claim under Title VII of the Civil Rights Act:

22             a.   To the extent the Second Cause of Action is based on a claim that plaintiff

23   was subjected to disparate work assignments in 2003 and 2004 because of his race,

24   gender, and/or in retaliation for engaging in activity protected under Title VII, (see Nuetzel

25   Decl. Ex. C at 183:24-185:23; Wong Decl. ¶ 4), the claim is, for the reasons stated by

26   defendant, barred by the statute of limitations.  See 42 U.S.C. § 2000e-5(e)(1) (providing

27   "charge under [Title VII] shall be filed within one hundred and eighty days after the alleged

28

     _____

     [1]By order filed June 25, 2008, the matter was taken under submission.

1   unlawful employment practice occurred); see Compl. Ex. B (charge based on 2003/2004

2   work assignments filed January 26, 2007).[2]

3               b.   To the extent the Second Cause of Action is based on a claim that

4   defendant's May 2005 termination of plaintiff's employment was in violation of Title VII,

5   plaintiff's claim fails.  Defendant's stated reasons – that plaintiff, after having been given

6   the opportunity to participate in defendant's "Substance Abuse Program," failed to comply

7   with the provisions thereof and failed to return to work within the time provided thereafter,

8   (see Saget Decl. ¶¶ 7-12) – are non-discriminatory and non-retaliatory in nature, see Fuller

9   v. Frank, 916 F. 2d 558, 560-62 (9th Cir. 1990) (holding defendant's termination of plaintiff

10  for failure to comply with terms of agreement allowing him to take leave to obtain treatment

11  for alcoholism was legitimate and non-discriminatory), and plaintiff has not offered

12  sufficient evidence to support a finding that such reasons were pretextual.  Although an

13  arbitrator, after conducting a hearing in April 2006, found there was "confusion" about the

14  date plaintiff was required to return to work,[3] and, consequently, concluded plaintiff should

15  be afforded the "benefit of the doubt" and reinstated to his former position, (see Nuetzel

16  Decl. Ex. A at 17-18), such finding is insufficient to create a triable issue of fact as to the

17  issue of pretext, and plaintiff offers no evidence to support a finding that defendant's stated

18  reason was not the actual reason for the termination, other than his conclusory assertions

19  to that effect.  See Hernandez v. Spacelabs Medical Inc., 343 F. 3d 1107, 1115 (9th Cir.

20  2003) ("We are not concerned with the correctness or wisdom of the reason given for the

21  adverse employment decision, but only with whether the proffered reason was the real

22

23      [2]Although plaintiff has alleged, as part of his First Cause of Action, a state law claim
24  based on disability discrimination and an asserted failure to accommodate his disability,
    (see, e.g., Compl. ¶¶ 7, 36), plaintiff has not alleged a federal claim based on disability,
25  i.e., a claim under the Americans with Disabilities Act.

26      [3]During the arbitration proceeding, plaintiff testified he understood the leave to have
    been 120 days, while defendant stated it had advised plaintiff the leave was 90 days. (See
27  Nuetzel Decl. Ex. A at 7-8, 12.)  Before this Court, plaintiff admits that, during a February
    2005 telephone conversation, defendant advised plaintiff he could remain on leave for 90
28  days, (see Melker Decl. ¶ 25), and fails to offer any evidence to explain how he formed a
    belief that his leave was 120 days.

2

1  reason for plaintiff's termination and not a pretext for retaliation.") (internal quotation,

2  alterations and citation omitted); see, e.g., Gill v. Reorganized School Dist. R-6, 32 F. 3d

3  376, 378-79 (8th Cir. 1994) (holding, where defendant stated it terminated plaintiff's

4  employment because it believed plaintiff used "offensive racial" language at work, and

5  plaintiff denied such act, plaintiff failed to create triable issue of fact as to pretext where

6  plaintiff offered no evidence showing defendant did not "honestly believe in the reason

7  given for [the] decision").[4]

8         c.  To the extent the Second Cause of Action is based on a claim that

9  defendant, after it reinstated plaintiff in August 2006, subjected plaintiff to discriminatory

10 and/or retaliatory treatment with respect to either the position to which he was assigned

11 after his reinstatement or his pay rate, plaintiff's claim fails.  Defendant's stated reasons –

12 that the arbitrator, not defendant, determined the particular position to which plaintiff was to

13 be reinstated, (see Nuetzel Decl. ¶ 5, Ex. B), and that plaintiff was compensated in

14 conformity with the relevant collective bargaining agreement, (see Wong Decl. ¶¶ 9, 10) –

15 are non-discriminatory and non-retaliatory in nature, and plaintiff has not offered sufficient

16 evidence to support a finding that defendant's stated reasons were pretextual.[5]

17

18    [4]To the extent plaintiff relies on his declaration, such reliance is unavailing, as the
19 only references therein arguably pertinent to plaintiff's termination claim are conclusions as
   to the ultimate issue, (see, e.g., Melker Decl. ¶ 100 (stating defendant "knew or should
20 have known that its employees were discriminating against me because of my race"); id.
   ¶ 104 (stating defendant "discriminated against me on the job because of my race"), or
21 factual assertions for which plaintiff fails to state an evidentiary foundation, whether from
   personal knowledge or otherwise, (see, e.g., id. ¶ 71 (stating defendant "treated me
22 differently than it had treated non African American employees, and/or female employees
   who were suffering from chemical dependency").  Defendant's objections to such portions
23 of plaintiff's declaration are SUSTAINED.

24    [5]Again, to the extent plaintiff relies on his declaration, such reliance is unavailing, as
   the only references therein arguably pertinent to the job assignment and pay claims are
25 conclusions as to the ultimate issue, (see, e.g., Melker Decl. ¶ 87 (stating defendant
   "denied my request to work as a System Service Worker in August 2006, in retaliation for
26 my prior employment discrimination [claim]"), or factual assertions for which plaintiff fails to
   state an evidentiary foundation, whether from personal knowledge or otherwise, (see, e.g.,
27 id. ¶ 90 (stating defendant "had a past practice and policy of allowing employees, who were
   non African American, to bump into jobs from Utility Worker to Systems Service Worker,
28 based on seniority").  Defendant's objections to such portions of plaintiff's declaration are
   SUSTAINED.

1    2. The instant action was removed from state court on the basis of a federal

2 question. The sole remaining claim, the First Cause of Action, alleges a claim under state

3 law.[6] Where a district court has granted summary judgment on the federal claims in an

4 action over which it has federal question jurisdiction, the district court may properly decline

5 to exercise supplemental jurisdiction over any remaining state law claims. See Bryant v.

6 Adventist Health System/West, 289 F. 3d 1162, 1169 (9th Cir. 2002); see 28 U.S.C. §

7 1367(c)(3) (providing district court may decline to exercise supplemental jurisdiction where

8 "district court has dismissed all claims over which it has original jurisdiction"). Here, the

9 Court will decline to exercise supplemental jurisdiction over the remaining claim.

10                                          **CONCLUSION**

11    For the reasons stated above:

12    1. Defendant's motion for summary judgment is hereby GRANTED in part;

13 specifically, defendant shall have judgment in its favor as against plaintiff on the Second

14 Cause of Action;

15    2. To the extent defendant's motion for summary judgment seeks judgment in its

16 favor on the First Cause of Action, the motion is DENIED without prejudice; and

17    3. The First Cause of Action is hereby REMANDED to the Superior Court of

18 California, in and for the County of Alameda.

19    **IT IS SO ORDERED.**

20

21 Dated: July 18, 2008

_____
22                                          MAXINE M. CHESNEY
                                             United States District Judge

23

24

25

26

27 _____

28    [6]Plaintiff's Third, Fourth, and Fifth Causes of Action, each of which is premised on
alleged violations of state law, were dismissed by order filed September 10, 2007.

4